| | |
|---|---|
| Keegan G. Low, Esq. (Resident Counsel)<br>Nevada State Bar #307<br>Barry L. Breslow, Esq. (Resident Counsel)<br>Nevada State Bar #3023<br>Robison, Belaustegui, Sharp & Low<br>A Professional Corporation<br>71 Washington Street<br>Reno, Nevada 89503<br>Telephone: (775) 329-3151<br>Emails: klow@rbsllaw.com;<br>bbreslow@rbsllaw.com<br><br>Steve W. Berman (*pro hac vice*)<br>Nicholas S. Boebel (*pro hac vice*)<br>Hagens Berman Sobol Shapiro LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 268-9320<br>Emails: steve@hbsslaw.com;<br>nickb@hbsslaw.com<br><br>Christopher D. Banys (*pro hac vice*)<br>Richard C. Lin (*pro hac vice*)<br>Banys, P.C.<br>1032 Elwell Court, Suite 100<br>Palo Alto, CA 94303<br>Telephone: (650) 308-8505<br>Emails: cdb@banyspc.com;<br>rcl@banyspc.com<br><br>*Attorneys for Plaintiff Applications in Internet Time LLC* | JOHN FRANKOVICH, NV Bar #667<br>LEIGH GODDARD, NV Bar #6315<br>McDonald Carano Wilson LLP<br>100 West Liberty Street, 10th Floor<br>P.O. Box 2670<br>Reno, NV 89505-2670<br>Telephone: (775) 788-2000<br>Facsimile: (775) 788-2020<br>Email: jfrankovich@mcdonaldcarano.com<br>lgoddard@mcdonaldcarano.com<br><br>KEVIN JOHNSON (*pro hac vice*)<br>RAY ZADO (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br>Email: kevinjohnson@quinnemanuel.com<br>rayzado@quinnemanuel.com<br><br>*Attorneys for Defendant salesforce.com, inc.* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>            Defendant. | Civil Action No.: 3:13-CV-00628-RCJ-VPC<br><br>**JOINT STATUS REPORT** |

The parties, through their attorneys of record, hereby submit the following Joint Status Report.

1. **Current Status of the Case.**

On August 1st and August 4th, 2014, Salesforce petitioned for review of the claims of the asserted '482 and '111 patents as covered business methods by the Patent Trial and Appeal Board ("PTAB"). On November 3rd and November 4th, 2014, AIT filed Patent Owner Preliminary Responses to the Salesforce petitions. On February 2, 2015, a three judge panel of the Patent Trial and Appeal Board issued decisions declining to institute review of the claims of the '482 and '111 patents on the ground that the challenged claims are not directed to covered business methods and would therefore not be subject to review; the Board did not address the merits of Salesforce's arguments as to whether the art identified in those petitions anticipates or renders obvious the claims of the '482 and '111 patents.

However, the parties dispute whether the February 2, 2015 decisions constitute "final resolution" in accordance with the Court's August 25, 2014 Order staying this action.

**AIT's position:** The Court entered a stay pending final resolution of the Covered Business Method Reviews requested by Salesforce. PTAB reached a final resolution when it denied both of Salseforce's petitions to review claims of the '482 and '111 patents on jurisdictional grounds, finding that the challenged claims are not directed to covered business methods and therefore not subject to its review. PTAB's decisions are final resolutions under the Court's Stay Order because 37 C.F.R. 42.71(c) is unambiguous: " A decision by the Board on whether to institute a trial is *final and nonappealable*."[1] Salesforce seeks to graft onto 37 C.F.R. 42.71(c) the qualifier, "unless the party seeks a rehearing." Although 37 CFR § 42.71(d) permits motions for rehearing, this provision is not analogous to federal appeals because such "[a] request for rehearing does not toll times for taking action," reinforcing the conclusion that a petition for

---

[1] 37 C.F.R. 42.71(c) (emphasis added).[2] 37 C.F.R. 42.71(d). *See also Grobler v. Apple Inc.*, 2013 U.S. Dist. LEXIS 172832 (N.D. Cal. Dec. 8, 2013) (refusing to continue a stay to await a party's pursuit of a petition for rehearing before the PTAB).

-2-

rehearing is not intended to result in the stay of any action.[2] Had the federal government intended that a request for rehearing postpone the finality of the PTAB's decision, it would have said so as it has done in other contexts.[3]

Motions for rehearing at the PTAB are disfavored and subject to a heightened abuse of discretion standard.[4] It is estimated that PTAB grants less than 4% of all motions for rehearing of its decisions on petitions for review.[5] Salesforce's suggestion that this Court should wait until it determines whether it will file a motion for rehearing before lifting the stay in this case is unreasonable and highly prejudicial to AIT. Under 37 CFR § 42.71(d), the party moving for rehearing must "identify all matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed in a motion, an opposition, or a reply." The low number of motions for rehearing granted by PTAB demonstrates the high hurdle established by this standard, and provides further support that PTAB itself views a decision not to institute trial as final. In addition, because there is no time limit for PTAB to decide a petition for rehearing, Salesforce's interpretation could potentially lead to an *indefinite extension* of the stay.[6] AIT therefore requests that the stay be lifted now.

**Salesforce's Position:** Salesforce contends that the PTAB's decisions denying institution of the CBM are not "final resolutions" within the meaning of the Court's August 25, 2014 Order.

---

[2] 37 C.F.R. 42.71(d). *See also Grobler v. Apple Inc.*, 2013 U.S. Dist. LEXIS 172832 (N.D. Cal. Dec. 8, 2013) (refusing to continue a stay to await a party's pursuit of a petition for rehearing before the PTAB).

[3] *See, e.g.*, 29 C.F.R. § 1614.405(b) (providing in the context of EEOC regulations that "[a] decision is final . . . unless a timely request for reconsideration is filed by a party to the case.,"); 38 U.S.C. § 7103(a)( providing in the context of Veterans' Appeals that "the decision of the Board . . . is final unless the Chairman orders reconsideration of the decision").

[4] 37 C.F.R. 42.71(c).

[5] Jones Day Publications, *Requesting a Motion for Reconsideration/Rehearing at the PTAB? What You Need to Know*, November 2014, available at: http://www.jonesday.com/requesting-a-motion-for-reconsiderationrehearing-at-the-ptab-what-you-need-to-know-11-23-2014/#_ednref7. AIT has uncovered no case in which a motion for rehearing resulted in PTAB reversing a decision not to institute trial in a Covered Business Method Review.

[6] 37 C.F.R. 42.71(c).

-3-

More particularly, as AIT does not dispute, Salesforce has not yet exhausted the administrative procedures available before the PTAB: Salesforce has until March 4, 2015 to file a petition for rehearing with respect to the PTAB's February 2, 2015 decisions. *See* 37 C.F.R. § 42.71(d)(2). Thus, there is no "final resolution" at this time under any reasonable interpretation of the term. Salesforce is entitled to file a petition at the PTAB for rehearing which, if granted, could result (as AIT does not dispute) in a resolution on the merits of Salesforce's CBM petitions that will simplify the issues before this Court.[7]

AIT's reliance on 37 CFR § 42.71(c) for the proposition that a "final resolution" has been reached is inapposite. This provision merely states that a decision by the PTAB on whether or not to institute a petition is not appealable to, *e.g.*, an Article III court (*see* 35 U.S.C. § 324(e) ("***No Appeal.***—The determination by the Director whether to institute a post-grant review under this section shall be ***final and nonappealable***.")); it does not state that an initial decision on this issue is a "final ***resolution***," as set forth in the Court's Stay Order. Indeed, AIT's interpretation of 37 CFR § 42.71(c) would either obviate the statutorily provided right to seek a rehearing set forth in Section 37 CFR § 42.71(d), or otherwise result in two separate "final resolutions."[8] AIT also appears to assume that, based on the standard of review under Section 42.71(c), such requests for rehearing are "disfavored." AIT is incorrect: Salesforce possesses a *statutory right*

---

[7] AIT cites to an article published by Jones Day to argue that the success rate on requests for rehearing is less than 4%. The numbers provided in that article do not distinguish between requests for rehearing in IPR and in CBM contexts—an important fact since the number of IPR petitions filed has consistently outnumbered filed CBM petitions by 8 times, and because CBM petitions are substantively different from IPRs and are animated by different policy goals.

[8] AIT's citations to regulations governing the EEOC and Board of Veterans Affairs as somehow informing the interpretation of 37 CFR § 42.71(c) are misplaced, as neither regulation governs whether an agency decision is a "final resolution" for purposes of lifting a stay in a district court action. Instead, 29 CFR § 1614.405(c) discusses finality only within the context of § 1614.407, which governs whether a party before the EEOC may institute a civil action. Likewise, 38 U.S.C. § 7103 discusses finality only with regard to whether a party before the Board of Veterans' Affairs may appeal a decision by the Board to the United States Court of Appeals for Veterans Claims. *See* 38 U.S. Code § 726.

to seek rehearing[9]; AIT cites no statutory authority or case law stating that such petitions for rehearing are "disfavored."

AIT's reliance on language from 37 CFR § 42.71(d) regarding tolling of deadlines also misses the mark. The language cited by AIT merely provides that the time to take action in response to a non-final PTAB decision or to appeal a PTAB decision is not tolled by a request for rehearing. It does not, as AIT claims, determine in any respect whether Salesforce's CBM petitions (or any other AIA petition) have reached a "final resolution" for purposes of a stay order in an Article III court.[10]

AIT's argument that Salesforce's request for an "indefinite" stay is "unreasonable and highly prejudicial" belies the facts: AIT is a non-practicing patent owner whose sole business is to conduct patent litigation. Requests for rehearing are typically resolved quickly. According to Salesforce's research, of the five most recent decisions granting requests for rehearing, the average time from request to decision was 53.4 days; in one case the PTAB took only 10 days to grant a request for rehearing.[11] Of the five most recent denials of requests for rehearing, the

---

[9] Salesforce further notes that an "erroneous application of law" meets the standard of review set forth in 37 CFR § 42.71(c). See *Lacavera v. Dudas*, 441 F.3d 1380, 1383 (Fed. Cir. 2006). Applying AIT's logic, an appeal from a district court order arguing an erroneous interpretation of law would be "disfavored." See *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1137 (9th Cir. 2011).

[10] AIT's reliance on *Grobler v. Apple Inc.*, No. 12-CV-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013) is inapposite: the stay order in *Grobler* did not premise the parties' submission of a status update upon a "final resolution" of pending PTAB proceedings—as is true here—but instead required a status update to the court upon a "decision by the USPTO." Order, *Grobler v. Apple Inc.*, Case No. 12-cv-01534-JST (N.D. Cal. June 6, 2013). Moreover, in *Grobler*, unlike here, the party that was the beneficiary of the stay (1) did not even file the IPR petition at issue, (2) deliberately chose to *not* join the IPR proceedings until after they had been terminated by the PTAB, and (3) had already filed a failed motion for reconsideration at the PTAB. Moreover, it is common practice in this circuit for courts to stay litigation for the entire duration of AIA proceedings, inclusive of requests for rehearing. See *PersonalWeb Technologies, LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *6 (N.D. Cal. Jan. 13, 2014) (granting stay until "final exhaustion of all relevant review proceedings, including appeals").

[11] See Paper No. 17, *Handi Quilter, Inc. and Tacony Corporation v. Bernina International AG*, IPR2014-00270 (December 30, 2014) (167 days to rehearing decision); Paper No. 21, *TRW Automotive US LLC v. Magna Electronics, Inc.*, IPR2014-00266 (August 11, 2014) (32 days to decision); Paper No. 13, *FourSquare Labs, Inc. v. Silver State Intellectual Technologies, Inc.*, IPR2014-00159 (August 1, 2014) (51 days to rehearing decision); Paper No. 14, *Facebook, Inc. v.*

average time from request to decision was only 36.8 days, and in one case the PTAB took only 12 days to deny the request.[12]  As a result, maintaining the current stay in accordance with the Court's August 24 Order would not result in any tangible prejudice to AIT.[13]

In view of the continuing nature of the pending CBM petitions, Salesforce submits that the setting of further scheduling in this action is premature.  Salesforce therefore submits that the parties file a Status Report and joint proposed schedule within 10 days of a final resolution of the merits of Salesforce's CBM petition, i.e., once Salesforce has exhausted the administrative procedures available before the PTAB ("Final Resolution"), in accordance with the Court's prior Order staying the action.

2. **Proposed schedule.**

As set forth above, the parties dispute whether proposing additional dates for scheduling in this action is appropriate at this time.

While Salesforce provides proposed dates herein premised upon the date of a Final Resolution in the pending CBM petitions in order to not prejudice any rights it may have in connection with this joint submission, Salesforce respectfully submits that the setting of any such additional dates should take place once a Final Resolution has been reached.

a. **A deadline for the completion of discovery.**

---

*Rembrandt Social Media, L.P.*, IPR2014-00415 (July 31, 2014) (10 days to rehearing decision); Paper No. 36, *K-40 Electronics, LLC v. Escort, Inc.*, IPR2013-00203 (May 30, 2014) (7 days to decision).

[12] *See* Paper No. 23, *Synopsys, Inc. v. Mentor Graphics Corporation*, IPR2014-00920 (January 22, 2015) (23 days to rehearing decision); Paper No. 28, Spe*ctra Logic Corporation v. Overland Storage, Inc.*, IPR2013-00357 (January 8, 2015) (12 days to decision); Paper No. 10, *HTC Corporation and HTC America, Inc. v. E-Watch, Inc. and E-Watch Corporation*, IPR2014-00987 (January 7, 2015) (15 days to decision); Paper No. 10, *Torrent Pharmaceutical LTD. v. Merck Frosst Canada & Co.*, IPR2014-00559 (January 7, 2015) (70 days to decision); Paper No. 17, *The Jewelry Channel, Inc. USA d/b/a Liquidation Channel v. America's Collectibles Network, Inc.*, CBM2014-00119 (January 6, 2015) (64 days to decision).

[13] To the extent AIT asserts that "Salesforce has not identified any purported omission by PTAB," Salesforce submits that it is highly premature to require it to identify the bases for a motion not due for another three weeks.  In any event, should the Court believe that Salesforce's provision of such information would be of benefit to the Court, Salesforce is prepared to provide such at the Court's request.

As set forth in the parties' Discovery Plan and Scheduling Order (Dkt. No. 36) filed on March 13, 2014, special scheduling review was requested and adopted by the Court (Dkt. No. 42). Pursuant to that Order, all discovery shall be completed sixty (60) days after rebuttal expert disclosures are served.

### b. A deadline for amending the pleadings and adding parties

AIT proposes that all motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before May 29, 2015, provided that motions for leave to amend the pleadings to plead defenses such as inequitable conduct based on discovery shall be filed on or before July 10, 2015.

Salesforce proposes that all motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before 120 days following the Final Resolution, provided that motions for leave to amend the pleadings to plead defenses such as inequitable conduct based on discovery shall be filed on or before 160 days following the Final Resolution.

### 3. Disclosures and Briefing Required by the Patent Local Rules:

Except for the dates otherwise revised below, the Parties do not seek to alter the Discovery Plan and Scheduling Order entered by the Court (Dkt. No. 42):

| Event | AIT Proposal | Salesforce Proposal |
|---|---|---|
| Plaintiff to serve initial disclosure of asserted claims and infringement contentions pursuant to Local Rule 16.1-6. | Served | Served |
| Plaintiff to produce documents accompanying initial disclosure of asserted claims and infringement contentions pursuant to Local Rule 16.1-7. | Served | Served |
| Defendant to serve initial | Served | Served |

| | | |
|---|---|---|
| disclosure of noninfringement, invalidity and unenforceability contentions pursuant to Local Rule 16.1-8 | | |
| Defendant to produce documents accompanying initial disclosure of invalidity contentions pursuant to Local Rule 16.1-9. | Served | Served |
| Plaintiff to serve response to initial noninfringement, invalidity and unenforceability contentions pursuant to Local Rule 16.1-10. | March 6, 2015 | 45 Days following Final Resolution on CBM Petitions |
| Pre-Claim Construction Settlement Conference pursuant to Local Rule 16.1-19(a) | TBD by Court | TBD by Court |
| Exchange of proposed terms for claim construction pursuant to Local Rule 16.1-13. | March 20, 2015 | 14 days following Rule 16.1-10 Disclosures. |
| Parties to meet and confer regarding claim terms pursuant to Local Rule 16.1-13. | April 3, 2015 | 14 days following exchange of proposed terms for claim construction |
| Exchange of preliminary claim constructions and extrinsic evidence pursuant to Local Rule 16.1-14. | April 20, 2015 | 28 days following exchange of claim term for construction |
| Joint Claim Construction and Prehearing Statement to be submitted pursuant to Local Rule 16.1-15. | May 15, 2015 | 14 days following Rule 16.1-14 exchange. |
| Plaintiff to submit opening claim construction brief pursuant to Local Rule 16.1-16. | June 19, 2015 | 28 days following Rule 16.1-15 submission. |
| Defendant to submit responsive claim construction brief pursuant | July 17, 2015 | 28 days following submission of Plaintiff's opening claim construction brief |

| | | |
|---|---|---|
| to Local Rule 16.1-16. | | |
| Plaintiff to submit reply claim construction brief pursuant to Local Rule 16.1-16. | July 31, 2015 | 14 days following submission of Defendant's responsive claim construction brief |
| *Markman* Hearing | TBD by Court | TBD by Court |
| Post-Claim Construction Order Settlement Conference pursuant to Local Rule 16.1-19(b) | TBD by Court | TBD by Court |
| Expert disclosures under Fed. R. Civ. P. 26(a) due | Expert disclosures on issues for which a party bears the burden of proof are due within forty-five (45) days after the Court's *Markman* claim construction decision; rebuttal expert disclosures are due forty-five (45) days thereafter | Expert disclosures on issues for which a party bears the burden of proof are due within forty-five (45) days after the Court's *Markman* claim construction decision; rebuttal expert disclosures are due forty-five (45) days thereafter |
| Completion of expert depositions | Sixty (60) days after rebuttal expert disclosures are served | Sixty (60) days after rebuttal expert disclosures are served |
| Dispositive motions due | Sixty (60) days after the close of discovery. | Sixty (60) days after the close of discovery. |
| Joint Pretrial Order due | Thirty (30) days after the close of discovery or thirty (30) days after decision on the dispositive motions, whichever is later | Thirty (30) days after the close of discovery or thirty (30) days after decision on the dispositive motions, whichever is later |
| Pretrial Settlement Conference pursuant to Local Rule LR 16.1-19(c) | TBD by Court | TBD by Court |

DATED: 2/17/15

Robison, Belaustegui, Sharp & Low

_____
Keegan G. Low
Barry L. Breslow

Steve W. Berman
Nicholas S. Boebel
Hagens Berman Sobol Shapiro LLP

Quinn Emanuel Urquhart & Sullivan, LLP

*/s/ Ray Zado*
Ray Zado
Kevin Johnson

McDonald Carano Wilson LLP
John Frankovich
Leigh Goddard

ORDER

IT IS HEREBY ORDERED that the stay is LIFTED and the parties shall proceed in this case pursuant to the Local Rules.

IT IS SO ORDERED this 27th day of April, 2015.

_____
ROBERT C. JONES