# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SALESFORCE.COM, INC.,<br><br>　　　　Defendant. | 3:13-cv-00628-RCJ-VPC<br><br>**ORDER** |

Defendant Salesforce.com, Inc. moves the Court to stay this case until the conclusion of the United States Patent and Trademark Office's Patent Trial and Appeal Board's ("PTAB") inter partes review of the two patents at issue in this case: U.S. Patent No. 7,356,482 ("the '482 Patent") and U.S. Patent No. 8,484,111 ("the '111 Patent") (ECF No. 66). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

On November 8, 2013, Plaintiff Applications in Internet Time, LLC ("AIT") sued Defendant Salesforce.com, Inc. ("Salesforce") alleging infringement of the '482 Patent and the '111 Patent. On August 1, 2014, Defendant filed two petitions with the PTAB seeking covered business method ("CBM") review of the patents in suit. On August 25, 2014, the Court granted

the parties' joint stipulation to stay the case pending CBM review. The Court lifted the stay on April 27, 2015 after the PTAB chose not to institute Defendant's petitions.

Defendant's right to file a petition with the PTAB seeking inter partes review ("IPR") of the patents in suit expired in November 2014. However, on August 17, 2015, RPX Corporation ("RPX") filed IPR petitions for the patents in suit. RPX is challenging claims 13–18 of the '111 patent and claims 1–59 of the '482 patent. The PTAB assigned proceeding number IPR2015-01750 to the '111 petition, and the numbers IPR2015-01751 and IPR2015-01752 to the '482 petitions. On October 20, 2015, the PTAB granted AIT's motion for additional discovery in determining whether RPX should have identified Salesforce as a real party in interest. Federal law requires the PTAB to issue a decision on whether to institute the petitions by February 17, 2016.

Defendant has filed a motion to stay this case pending inter partes review. To date, the parties have engaged in limited discovery: they have exchanged initial disclosures, infringement and invalidity contentions, and some documents. No depositions or expert discovery have taken place. Discovery must be completed within sixty days after rebuttal expert disclosures are filed. The parties have completed briefing for claim construction in this case, but the Court has not scheduled a *Markman* hearing or trial date.

## II. LEGAL STANDARDS

The Leahy–Smith America Invents Act ("AIA") implemented the inter partes post-grant review proceeding as an additional means of challenging the validity of a patent. Although no statute explicitly governs motions for stay pending inter partes review, Local Rule 16.1–20 provides a four-part test for determining whether a stay of patent infringement suits is appropriate pending reexamination proceedings:

> The Court may order a stay of litigation pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation. Whether the Court stays litigation upon the request of a party will depend on the circumstances of each particular case, including without limitation: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set.

While district courts have discretion in determining whether to grant a stay before the PTAB decides whether to institute post-grant review, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014), "no doubt the case for a stay is stronger after post-grant review has been instituted." *Id.* at 1316; *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (finding a majority of courts have postponed or denied stay requests when the PTAB has not acted on a petition for review).

### III. ANALYSIS

The Court will consider each of the four factors identified above in turn.

**1.   Undue Prejudice and Tactical Disadvantage**

Plaintiff argues a stay would impose upon it a tactical disadvantage by drawing out the litigation well beyond Defendant's deadline for filing an IPR petition, especially considering the PTAB is allowing additional discovery to determine whether RPX should have identified Defendant as a real party in interest in its IPR petitions. In rebuttal, Defendant argues the PTAB's granting of Plaintiff's motion for additional discovery as part of RPX's petitions offers no indication of the PTAB's inclination as to its forthcoming decisions on institution. Further, Defendant argues a stay is not prejudicial and creates no tactical disadvantage for Plaintiff because Plaintiff does not compete with Defendant, is not seeking a preliminary injunction, and, if it wins, would eventually receive full compensation through an award of damages. Defendant

also points out that Plaintiff delayed filing this suit for years after issuance of the patents in suit, and the PTAB must issue its institution decisions in the RPX proceedings by February 17, 2016, and then a final decision within one year.

While some of Defendant's arguments might have merit, the key factors here are the timing of events in the case and the PTAB's decision to allow additional discovery in the RPX proceedings. First, the Court already granted a stay while the PTAB was deciding whether to institute Defendant's petitions for CBM review, which delayed the case for nine months. As of November 2014, Defendant's right to file a petition for IPR was time-barred. *See* 35 U.S.C. § 315(b) (barring institution of an IPR petition filed more than one year after the petitioner is served with a complaint alleging infringement of the patent). Now, one year later, and two years after the case was filed, Defendant asks the Court to delay this case for up to fifteen more months. Any additional delays, unless highly warranted, would prejudice Plaintiff by preventing it from obtaining a timely resolution of its case.

Second, the PTAB found the facts sufficiently persuasive to grant Plaintiff's motion for additional discovery in the RPX proceeding to determine whether RPX should have identified Defendant as a real party in interest. *RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015-01750, IPR2015-01751, IPR2015-01725, Paper No. 11 (P.T.A.B. Oct. 20, 2015). As the PTAB stated, it must identify proper real parties in interest "to protect patent owners from harassment via successive petitions by the same or related parties, and to prevent parties from having a 'second bite at the apple.'" *Id.* (internal quotations omitted). If the PTAB were to find that Defendant is improperly attempting to use RPX as a proxy for filing IPR petitions when Defendant's right to file such petitions is time-barred, then any further delay resulting from

RPX's petitions would unduly prejudice Plaintiff and allow Defendant to use its ploy, as Plaintiff alleges, to gain a tactical advantage. This factor favors denying the motion to stay.

### 2. Simplification of the Issues

The PTAB has not yet determined whether to institute RPX's IPR petitions. Its decision is due by February 17, 2016. While all stay motions are not necessarily premature before the PTAB determines whether to grant a petition for IPR proceedings, the simplification factor is indeterminable before the PTAB makes its decision because the Court would find it very difficult to assess whether a stay would end up simplifying the issues. *See Unwired Planet, LLC v. Square, Inc.*, No. 3:13-cv-00579, 2014 WL 4966033, at *5–6 (D. Nev. Oct. 3, 2014). Thus, the Court will treat this factor as indeterminable and deny the motion to stay unless the other three factors strongly support a stay. *See id.* at *5.

### 3. Discovery

Discovery in this case is not complete. The parties agreed to wait until after the Court's *Markman* decision to complete discovery. (Disc. Plan and Scheduling Order, 2, ECF No. 42). The Court has not yet scheduled a *Markman* hearing. Following the Court's *Markman* order, expert disclosures are due within forty-five days and rebuttals to those disclosures are due within forty-five days thereafter. (*Id.* at 4–5). Discovery must be completed sixty days after rebuttal expert disclosures are served. (*Id.*). In other words, discovery will be completed as late as 150 days, or about five months, after a *Markman* order.

To date, the parties have exchanged initial disclosures, infringement and invalidity contentions, and some document productions. (Resp., 5, ECF No. 69). They have also completed briefing on claim construction. However, no depositions or expert discovery have taken place. (Reply, 6, ECF No. 74). In *Unwired Planet*, 2014 WL 4966033 at *3–6, the Court denied a stay

when "much of the critical discovery had already taken place" but discovery would not be completed until six months following a *Markman* order, and the Court issued its *Markman* order simultaneously with its order on the motion to stay. Here, in contrast, the amount of discovery completed is limited; the Court has not yet scheduled a *Markman* hearing; and discovery will not be completed until months after a *Markman* order. This factor favors granting the motion to stay.

### 4. Trial Date

A trial date has not been set. This factor favors granting the motion to stay.

Although factors three and four favor a stay, factor one tips the balance against a stay. Only limited discovery has taken place, and the Court has not set a *Markman* hearing or trial date; however, this case is already two years told, partially because of a nine-month stay the Court granted pending Defendant's petition for CBM review—a petition the PTAB chose not to institute. Further, the PTAB is currently determining whether Defendant is a real party in interest in the RPX proceeding, having recognized that Defendant's right to petition for IPR has expired. As explained above, granting Defendant's motion to stay at this time would unduly prejudice Plaintiff and impose upon it a tactical disadvantage. The PTAB is required to decide whether to institute RPX's IPR petitions by February 17, 2016. If the PTAB chooses to institute the petitions, then Defendant may submit another motion to stay the case, which the Court will consider based on the facts at that time. Causing further delay by staying the case now, however, and discovering later that RPX should have identified Defendant as a real party in interest in the IPR proceedings would unduly prejudice Plaintiff and impose upon it a tactical disadvantage.

///

///

## CONCLUSION

1   IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 66) is DENIED.

2   IT IS SO ORDERED.

3   Dated: This 4th day of December, 2015.

_____
ROBERT C. JONES
United States District Judge