# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>SALESFORCE.COM, INC.,<br><br>       Defendant. | 3:13-cv-00628-RCJ-VPC<br><br>**ORDER** |

Defendant Salesforce.com, Inc. moves the Court to stay this case until the conclusion of the United States Patent and Trademark Office's Patent Trial and Appeal Board's ("PTAB") inter partes review of the two patents at issue in this case: U.S. Patent No. 7,356,482 ("the '482 Patent") and U.S. Patent No. 8,484,111 ("the '111 Patent") (ECF No. 77). For the reasons given herein, the Court grants the motion.

**I.       FACTS AND PROCEDURAL HISTORY**

On November 8, 2013, Plaintiff Applications in Internet Time, LLC ("AIT") sued Defendant Salesforce.com, Inc. ("Salesforce") alleging infringement of the '482 Patent and the '111 Patent. On August 1, 2014, Defendant filed two petitions with the PTAB seeking covered business method ("CBM") review of the patents in suit. On August 25, 2014, the Court granted

the parties' joint stipulation to stay the case pending CBM review. The Court lifted the stay on April 27, 2015 after the PTAB chose not to institute Defendant's petitions.

Defendant's right to file a petition with the PTAB seeking inter partes review ("IPR") of the patents in suit expired in November 2014. However, on August 17, 2015, RPX Corporation ("RPX") filed IPR petitions for the patents in suit. RPX is challenging claims 13–18 of the '111 patent and claims 1–59 of the '482 patent. The PTAB assigned proceeding number IPR2015-01750 to the '111 petition, and the numbers IPR2015-01751 and IPR2015-01752 to the '482 petitions. On October 20, 2015, the PTAB granted AIT's motion for additional discovery in determining whether RPX should have identified Salesforce as a real party in interest.

Defendant filed a motion to stay the case pending inter partes review, which the Court denied on December 4, 2015. The Court informed Defendant that it could submit another motion to stay the case if the PTAB chose to institute RPX's IPR petitions. On February 25, 2016, the PTAB issued decisions instituting RPX's petitions, finding a reasonable likelihood that RPX would prevail on all the claims of the patents in suit asserted in this case. It also determined that Salesforce was not a real party in interest. *RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015-01750, IPR2015-01751, IPR2015-01752, Paper No. 51 (P.T.A.B. Feb. 25, 2016). On March 30, Defendant renewed its motion to stay the case pending inter partes review.

To date, the parties have engaged in limited discovery: they have exchanged initial disclosures, infringement and invalidity contentions, and some documents. No depositions or expert discovery have taken place. Discovery must be completed within sixty days after rebuttal expert disclosures are filed. The parties have completed briefing for claim construction in the case, but the Court has not scheduled a *Markman* hearing or trial date.

///

## II. LEGAL STANDARDS

The Leahy–Smith America Invents Act ("AIA") implemented the inter partes post-grant review proceeding as an additional means of challenging the validity of a patent. Although no statute explicitly governs motions for stay pending inter partes review, Local Rule 16.1–20 provides a four-part test for determining whether a stay of patent infringement suits is appropriate pending reexamination proceedings:

> The Court may order a stay of litigation pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation. Whether the Court stays litigation upon the request of a party will depend on the circumstances of each particular case, including without limitation: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set.

While district courts have discretion in determining whether to grant a stay before the PTAB decides whether to institute post-grant review, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014), "no doubt the case for a stay is stronger after post-grant review has been instituted." *Id.* at 1316. Since the decision in *VirtualAgility*, nearly every court has chosen to grant motions to stay trial court proceedings once the PTAB has instituted inter partes review proceedings. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *6 & n.1 (E.D. Tex. Mar. 11, 2015) (collecting twenty-six cases in which proceedings were stayed and mentioning four cases involving unusual facts in which proceedings were not stayed).

///

///

///

## III.  ANALYSIS

The Court will consider each of the four factors identified above in turn.

### 1.  Undue Prejudice and Tactical Disadvantage

In its prior order, the Court found that this factor favored denying the stay request for two reasons: (1) the Court had granted a prior motion to stay the case pending CBM review, which delayed the case for nine months; and (2) it would unduly prejudice Plaintiff to stay the case if the PTAB were to find that Defendant is improperly attempting to use RPX as a proxy for filing IPR petitions when Defendant's right to file such petitions is time-barred. The second reason is no longer at issue because the PTAB determined that Defendant is not a real party in interest. The first reason is still a concern, but, as Defendant argues, Plaintiff waited nearly six years to file suit after the earliest patent in suit issued, which "weigh[s] against [its] claims that it will be unduly prejudiced by a stay." *VirtualAgility Inc.*, 759 F.3d at 1319 (finding that a one year delay following the patent's issuance weighed against a claim of undue prejudice). Moreover, "competition between parties can weigh in favor of finding undue prejudice," *id.* at 1318, and no evidence here shows that the parties are competitors. In addition, because Plaintiff seeks only monetary damages, not injunctive relief, any delay will not diminish the value of the award and, thus, will not prejudice Plaintiff. *See id.*

Plaintiff argues that "Salesforce is using PTAB procedures to derail the orderly progress of this case," (Resp., 5, ECF No. 78), by taking advantage of the parties' agreement "to structure substantial discovery in the most efficient manner, *i.e.* after the *Markman* order," (*id.* at 7). Plaintiff also argues that it is unfair and prejudicial to Plaintiff that Defendant is relying on the RPX petitions to stay the case. Although granting a stay would further delay the case's progress, Plaintiff's concerns are simply objections to delay caused by operating within the rules and

applicable case law. Moreover, nothing about Defendant's alleged reliance on the RPX petitions is unfair because the PTAB has determined that Defendant is not a real party in interest. Plaintiff has not shown that granting a stay would be unduly prejudicial. This factor favors granting the motion to stay.

### 2. Simplification of the Issues

The PTAB determined to institute all the claims of the patents in suit asserted in this case after finding a reasonable likelihood that RPX will prevail on them. *See RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015-01750, IPR2015-01751, IPR2015-01752, Paper No. 51 (P.T.A.B. Feb. 25, 2016). The resolution of RPX's IPR petitions will more than likely simplify the issues in this case; indeed, if the PTAB cancels all of the asserted claims, then this case would be rendered moot. And even if the PTAB cancels only some of the asserted claims, the issues would be narrowed. AIT argues that whether Salesforce is a real party in interest remains a live issue because the PTAB based its decision on only evidence currently available and, thus, discovery in this case might be helpful. However, the PTAB authorized additional discovery for the purpose of making its determination, and based on a thorough analysis of the evidence adduced, the PTAB decided that Salesforce is not a real party in interest. (*See id.* at IPR2015-01750, 8–16). These circumstances do not justify denying a stay based on an unsubstantiated hope that discovery will reveal additional facts concerning Defendant's relationship with RPX. This factor favors granting a motion to stay.

### 3. Discovery

Discovery in this case is not complete. The parties agreed to wait until after the Court's *Markman* decision to complete discovery. (Disc. Plan and Scheduling Order, 2, ECF No. 42). The Court has not yet scheduled a *Markman* hearing. Following the Court's *Markman* order,

expert disclosures are due within forty-five days and rebuttals to those disclosures are due within forty-five days thereafter. (*Id.* at 4–5). Discovery must be completed sixty days after rebuttal expert disclosures are served. (*Id.*). In other words, discovery will be completed as late as 150 days, or about five months, after a *Markman* order.

When the Court considered the previous motion to stay, the parties had exchanged initial disclosures, infringement and invalidity contentions, and some document productions. (Resp., 5, ECF No. 69). They had also completed briefing on claim construction. However, no depositions or expert discovery had taken place. (Reply, 6, ECF No. 74). Since the Court's order denying the stay, "[t]here has been no movement at all in the litigation." (Mot., 13, ECF No. 77). In *Unwired Planet, LLC v. Square, Inc.*, No. 3:13-cv-00579, 2014 WL 4966033, at *3–6 (D. Nev. Oct. 3, 2014), the Court denied a stay when "much of the critical discovery had already taken place" but discovery would not be completed until six months following a *Markman* order, and the Court issued its *Markman* order simultaneously with its order on the motion to stay. Here, in contrast, the amount of discovery completed is limited, the Court has not yet scheduled a *Markman* hearing, and discovery will not be completed until months after a *Markman* order. This factor favors granting the motion to stay.

**4.     Trial Date**

A trial date has not been set. This factor favors granting the motion to stay.

All four factors favor granting the motion to stay the case. Although the case is progressing slowly, the PTAB's decision on the RPX petitions could significantly narrow the issues in the case, or even moot it entirely. No unusual facts are present that would cause the Court to depart from the nearly uniform pattern of staying a case once the PTAB has instituted inter partes review proceedings. The Court grants the motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 77) is GRANTED.

IT IS SO ORDERED.

Dated: June 7, 2016.

_____
ROBERT C. JONES
United States District Judge