1

```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
       BEFORE THE HONORABLE ROBERT C. JONES, SENIOR DISTRICT JUDGE
                              ---o0o---


  Applications In Internet    :
  Time, LLC,                   :  No. 3:13-cv-0628-RCJ-CBC
                               :
              Plaintiff,       :  September 17, 2018
                               :
         -vs-                  :
                               :  United States District Court
  Salesforce.com, Inc.,        :  400 S. Virginia Street
                               :  Reno, Nevada  89501
              Defendant.       :
  _____ :
```

**TRANSCRIPT OF STATUS CONFERENCE**

A P P E A R A N C E S:

FOR THE PLAINTIFF:        Philip Graves
                          Steven Sereboff
                          Attorneys at Law


FOR THE DEFENDANT:        Sam Stake
                          Leigh Goddard
                          Attorney at Law


Proceedings recorded by mechanical stenography produced by computer-aided transcript

Reported by:              KATHRYN M. FRENCH, RPR, CCR
                          NEVADA LICENSE NO. 392
                          CALIFORNIA LICENSE NO. 8536

2

|  |  |  |
|---|---|---|
|  | 1 | Reno, Nevada,  Monday, September 17, 2018, 10:15 a.m. |
|  | 2 | ---OoO--- |
| 10:13:04 | 3 |  |
| 10:13:16 | 4 | THE COURT:  The next case is Salesforce |
| 10:13:18 | 5 | 3:13-civil-628, Application In Internet Time, LLC v. |
| 10:13:26 | 6 | Salesforce.com, please. |
| 10:13:45 | 7 | THE COURT:  Thank you.  Good morning. |
| 10:13:47 | 8 | MR. GRAVES:  Good morning, Philip Graves, |
| 10:13:49 | 9 | Hagens, Berman, Sobol, Shapiro, on behalf of plaintiff, |
| 10:13:50 | 10 | Applications In Internet Time. |
| 10:13:52 | 11 | The Court may note, uh, my Pro Hac Vice application |
| 10:13:58 | 12 | is pending.  It was filed on Friday. |
| 10:13:59 | 13 | THE COURT:  I'll certainly grant that. |
| 10:14:01 | 14 | MR. SEREBOFF:  Good morning, Your Honor. |
| 10:14:02 | 15 | Steven Sereboff for Applications in Internet Time.  Also, my |
| 10:14:07 | 16 | PHV is pending. |
| 10:14:08 | 17 | THE COURT:  Very good. |
| 10:14:10 | 18 | MR. SEREBOFF:  Good morning. |
| 10:14:11 | 19 | MR. BURKE:  Good morning, Your Honor. |
| 10:14:12 | 20 | Michael Burke, Robison, Sharp, Sullivan and Brust on |
| 10:14:14 | 21 | behalf of Application In Internet Time. |
| 10:14:16 | 22 | THE COURT:  Very good.  Thank you. |
| 10:14:17 | 23 | MR. STAKE:  Sam Stake from Quinn, Emanuel, |
| 10:14:21 | 24 | Urquhart and Sullivan on behalf of Salesforce. |
| 10:14:23 | 25 | THE COURT:  Okay. |

3

10:14:24  1          MR. GODDARD:  Leigh Goddard, also on behalf of
10:14:28  2  Salesforce.
10:14:28  3          THE COURT:  No one on the phone, right?
10:14:30  4       (No response.)
10:14:30  5          THE COURT:  All right.  This is pending in PT
10:14:34  6  proceedings.  I need your status update where that stands and
10:14:39  7  if we should further delay this case or proceed.
10:14:49  8          MR. SEREBOFF:  Sure.  I'm Steve Sereboff.
10:14:52  9          THE COURT:  Thank you, sir.  Please.
10:14:53 10          MR. SEREBOFF:  Your Honor, this case has been
10:14:55 11  stayed for nearly two-and-a-half years.  In fact, if you
10:14:59 12  include the first stay from Salesforce's petition for CBM,
10:15:05 13  the total time in this case it has been stayed is about three
10:15:08 14  years.  AIT would very much like to have this case moved
10:15:17 15  forward.  In the ensuing time, the decisions of the patent
10:15:22 16  office, the PTAB were appealed to the Court of Appeals for the
10:15:26 17  Federal Circuit.
10:15:27 18          Your Honor, have you had a chance to review the
10:15:29 19  Federal Circuit's opinion?
10:15:30 20          THE COURT:  No, I haven't.
10:15:32 21          MR. SEREBOFF:  Okay.
10:15:32 22          THE COURT:  Tell me, first, what did the PT do
10:15:35 23  initially?
10:15:35 24          MR. SEREBOFF:  So, Your Honor, there were two
10:15:38 25  initial -- two issues that were hotly contested in the IPRs at

```
10:15:43   1   the PTAB.  There was --
10:15:44   2                 THE COURT:  There was only by Salesforce.com.
10:15:48   3                 MR. SEREBOFF:  No, no.  Okay.
10:15:49   4                 THE COURT:  Were there other joining parties?
10:15:51   5                 MR. SEREBOFF:  So, actually, Salesforce was
10:15:54   6   not directly a party in those IPRs.  If you recall, when you
10:15:58   7   granted the stay, uh, let's call it two-and-a-half years ago,
10:16:03   8   uh, part of the reason that you granted the stay was that
10:16:07   9   Salesforce, itself, was not a party to those IPRs and the
10:16:12  10   rationale was that under the American Events Act, there is a
10:16:16  11   one year statute of limitations for petitioning for IPR, and
10:16:20  12   Salesforce time for petition had already been -- so they were
10:16:25  13   time-barred.
10:16:25  14                 THE COURT:  Okay.  So what did PT do?
10:16:27  15                 MR. SEREBOFF:  Well, we argued to the PTAB that
10:16:32  16   petitioner was acting as proxy for Salesforce and, therefore,
10:16:35  17   because they were being -- they were actually acting as a
10:16:39  18   proxy, they were time-barred as well as Salesforce.  The PTAB
10:16:43  19   would hear none of that.  We were given very limited discovery
10:16:47  20   and, ultimately, PTAB held that Salesforce, that RPX was not
10:16:54  21   acting as proxy for Salesforce.
10:16:56  22             Along similar lines, we also hotly contested the
10:17:01  23   validity issues.  And, ultimately, the PTAB held that both
10:17:05  24   patents are invalid.  Subsequently, we appealed to the Federal
10:17:09  25   Circuit, arguing both the proxy issue and validity issue.  The
```

| | | |
|---|---|---|
| 10:17:14 | 1 | Federal Circuit did not reach a validity issue in a 50-page |
| 10:17:19 | 2 | opinion.  Uh, the primary opinion signed by Judge O'Malley was |
| 10:17:24 | 3 | about 30 pages, addressing, solely, the proxy issues. |
| 10:17:31 | 4 | THE COURT:  But you raise the validity issue in |
| 10:17:33 | 5 | your appeal? |
| 10:17:33 | 6 | MR. SEREBOFF:  We did.  We did. |
| 10:17:35 | 7 | THE COURT:  Huh-uh. |
| 10:17:35 | 8 | MR. SEREBOFF:  So, ultimately, I will tell you |
| 10:17:36 | 9 | that the Federal Circuit vacated and remanded back to the |
| 10:17:41 | 10 | PTAB.  The remand has not issued mandate yet. |
| 10:17:48 | 11 | THE COURT:  For what purpose and on what basis? |
| 10:17:50 | 12 | MR. SEREBOFF:  The remand to the PTAB? |
| 10:17:52 | 13 | Well, the Federal Circuit held that, that, uh, the |
| 10:17:59 | 14 | PTAB did not give us sufficient discovery.  The PTAB had |
| 10:18:02 | 15 | failed to properly consider all of the evidence.  The PTAB |
| 10:18:06 | 16 | applied the wrong legal standards.  And, the PTAB had |
| 10:18:10 | 17 | improperly shifted the burden of proof to AIT. |
| 10:18:12 | 18 | THE COURT:  It affirmed the statutory time limit |
| 10:18:16 | 19 | however. |
| 10:18:19 | 20 | MR. SEREBOFF:  Well, the statutory time |
| 10:18:21 | 21 | limit is, clearly, there.  But, the Federal Circuit did not |
| 10:18:24 | 22 | address the ultimate question of whether RPX was acting as |
| 10:18:29 | 23 | Salesforce's proxy.  And it seemed that the -- this was the |
| 10:18:31 | 24 | issue -- |
| 10:18:31 | 25 | THE COURT:  Okay.  Did it reverse that ruling? |

```
10:18:34   1                    MR. SEREBOFF:  I'm sorry?
10:18:35   2                    THE COURT:  Did it reverse that ruling?
10:18:36   3                    MR. SEREBOFF:  No.  They vacated.
10:18:38   4                    THE COURT:  They didn't even address it?
10:18:39   5                    MR. SEREBOFF:  Right.  They vacated -- and I
10:18:41   6    think, Your Honor, it's because this truly was an issue of
10:18:46   7    first impression for the Federal Circuit.  And it seemed to us
10:18:49   8    that they wanted to give the PTAB a chance to --
10:18:51   9                    THE COURT:  So it is sent set back, now, for
10:18:53  10    further discovery?
10:18:54  11                    MR. SEREBOFF:  Correct -- sort of.
10:18:56  12                    THE COURT:  Okay.
10:18:57  13                    MR. SEREBOFF:  So -- I'm sorry, Your Honor.  So
10:18:59  14    after the Federal Circuit issued their opinion, RPX has,
10:19:05  15    subsequently, petitioned for rehearing en banc; and, so the
10:19:09  16    en banc petition is now before the Federal Circuit.
10:19:12  17                    THE COURT:  Okay.  Thank you.
10:19:15  18                    MR. STAKE:  Your Honor, Sam Stake for
10:19:19  19    Salesforce.
10:19:22  20           Salesforce's position here is that the stay should
10:19:24  21    remain in place in the interest of judicial efficiency, and
10:19:29  22    under Your Honor's analysis for which Your Honor put in place
10:19:33  23    the stay in the first place.  The basic analysis, which Your
10:19:37  24    Honor is familiar with, is whether, in the course of the stay,
10:19:40  25    there will be simplification of issues in this action.  And as
```

```
10:19:48   1   opposing counsel stated, all the -- the PTAB found all
10:19:54   2   asserted claims against Salesforce invalid.  Now --
10:19:59   3                THE COURT:  Did the appellate court address
10:20:01   4   invalidity at all?
10:20:03   5                MR. STAKE:  No.  It --
10:20:04   6                THE COURT:  They vacated on other grounds.
10:20:06   7                MR. STAKE:  That's right.  The appellate court
10:20:08   8   stated that they would not visit -- they, they would not visit
10:20:11   9   the issue of invalidity in that opinion.  Instead --
10:20:13  10                THE COURT:  Did they also say they wouldn't
10:20:15  11   visit the issue of, you know, Salesforce standing as a proxy?
10:20:24  12                MR. STAKE:  So, the -- they remanded to the
10:20:27  13   PTAB to conduct further proceedings on whether Salesforce
10:20:33  14   was a real party in interest or a proxy in these PTAB
10:20:37  15   proceeding.  Of course --
10:20:38  16                THE COURT:  And the further discovery pertains
10:20:41  17   to that issue as well?
10:20:42  18                MR. STAKE:  That's right.
10:20:42  19                THE COURT:  I see.
10:20:43  20                MR. STAKE:  There was some discovery.  The
10:20:45  21   discovery that's alluded to in the opinion which I read again
10:20:49  22   last night, was, potentially, a further deposition of RPX
10:20:54  23   executive, I believe.  And Salesforce -- without being privy,
10:21:00  24   without having a part of those proceedings, my own, and
10:21:03  25   our own read is that these will limited proceedings just
```

```
10:21:06   1   addressing this one issue of the real party in interest.  We
10:21:08   2   expect that the Court -- that the PTAB will not re-examine
10:21:13   3   invalidity.  And so if the PTAB --
10:21:15   4              THE COURT:  Did the appellate court order more
10:21:18   5   discovery on the question of invalidity?
10:21:21   6              MR. STAKE:  No.
10:21:21   7              THE COURT:  It's just the question of proxy?
10:21:24   8              MR. STAKE:  That's right; just the question of
10:21:26   9   proxy.  And so, logically, we expect that the PTAB, if it
10:21:32  10   agrees with RPX on the real party in interest issue, that it
10:21:38  11   will, again, issue a final written decision finding all
10:21:42  12   claims invalid, including all claims that are asserted against
10:21:46  13   Salesforce, in which case this action would be moot and there
10:21:49  14   would be no need for any further proceedings.
10:21:51  15              THE COURT:  All right.  My intent is to grant
10:21:53  16   the stay further and require you to make status hearings every
10:21:56  17   six months.  But, I ought to ask do you have anything further?
10:21:56  18         (No response.)
10:22:00  19              THE COURT: Thank you, sir.
10:22:04  20              MR. SEREBOFF:  Uh, Your Honor, if we may, could
10:22:08  21   we file a motion to lift the stay to lay the issues more
10:22:11  22   firmly in front of the Court?
10:22:13  23              THE COURT:  Sure.  But, I'm ruling now I'm going
10:22:15  24   to continue the stay --
10:22:16  25              MR. SEREBOFF:  I understand.
```

```
10:22:17   1              THE COURT:  And order six-month status reports
10:22:20   2   and hearings.  But, I see no reason not to grant the stay.  It
10:22:24   3   clearly would moot this case.  And since the proceedings are
10:22:29   4   up in the air, it makes sense to let that court, PTAB, make
10:22:34   5   a final ruling.
10:22:36   6          So, I'm going to continue the stay.  You're welcome
10:22:38   7   to file motions as anytime, of course.
10:22:40   8              MR. SEREBOFF:  Thank you, Your Honor.
10:22:41   9              THE COURT:  Okay.
10:22:41  10          Thank you so much.
10:22:44  11          Will you prepare an order to that effect, please?
10:22:47  12              MR. STAKE:  Yes, Your Honor.
10:22:47  13              THE COURT:  And submit it to the Court.
10:22:49  14              MR. STAKE:  Will do.
10:22:50  15              THE COURT:  Thank you so much.
10:22:52  16              MR. SEREBOFF:  Thank you, Your Honor.
10:22:53  17              MR. GRAVES:  Thank you, Your Honor.
10:22:54  18
          19             (Court Adjourned.)
          20
          21
          22
          23
          24
          25
```

```
 1                              -o0o-

 2

 3           I certify that the foregoing is a correct
             transcript from the record of proceedings
 4           in the above-entitled matter.

 5           \s\ Kathryn M. French                September 26, 2018
             _____   _____
 6
             KATHRYN M. FRENCH, RPR, CCR                  DATE
 7           Official Reporter

 8
```

10:22:56
10:22:56