JOHN FRANKOVICH, NV Bar #667
LEIGH GODDARD, NV Bar #6315
McDonald Carano LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: jfrankovich@mcdonaldcarano.com
lgoddard@mcdonaldcarano.com

KEVIN JOHNSON (*pro hac vice*)
RAY ZADO (*pro hac vice*)
SAM STAKE (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendant salesforce.com, inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>Defendant. | No. 3:13-CV-00628-RCJ-CBC<br><br><br>**DEFENDANT SALESFORCE.COM,<br>INC'S OPPOSITION TO AIT'S<br>MOTION TO LIFT STAY** |

I.   **INTRODUCTION**

Plaintiff Applications in Internet Time, LLC's ("AIT") request to lift the stay while a request for rehearing is still pending before the Patent Trial and Appeal Board ("PTAB") should be denied.  There is no basis for lifting the stay now when waiting for less than three months (the average time in which the PTAB acts on rehearing requests) could entirely moot AIT's claims against salesforce.com, inc. ("Salesforce").   Before the termination of the *inter partes* review ("IPR") proceedings, the presiding PTAB panel concluded AIT's patents are invalid and that Salesforce is not a real party-in-interest ("RPI") such that there were no time bar concerns.  On September 9, 2020, a substitute panel—impaneled only one week earlier—terminated the IPRs without hearing any oral argument or receiving supplemental briefing.  Given this unusual posture, RPX filed a request for rehearing on October 9, 2020.  A decision on rehearing is expected soon and, if granted, will likely moot AIT's claims.

The relevant factors support maintaining the stay.  First, maintaining the stay will simplify the issues because, if the rehearing request is granted, the PTAB is likely to reinstate its decisions invalidating both of AIT's patents.  The PTAB deserves a full opportunity to reach this result.  Second, maintaining the stay will not prejudice AIT, which itself delayed in bringing this suit for six years, can be made whole by past damages, and failed to identify any risk of evidence deteriorating if the stay is maintained.  Finally, discovery remains at an early stage and no trial date has been set.   No depositions have taken place, written discovery is in very early stages, and the Court has not set a *Markman* hearing date.  Lifting the stay now, rather than waiting less than three months for the PTAB's decision, would not materially impact the case or the timing of its likely resolution.  Salesforce thus respectfully requests that the Court maintain the stay.

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

A.    **The Court Previously Found a Stay Was Warranted**

On February 25, 2016, the PTAB instituted *inter partes* review of AIT's '111 and '482 patents in response to a petition by non-party RPX, and Salesforce moved to stay

proceedings before this Court.  ECF No. 77.  In granting the motion, the Court made detailed findings that all four factors supported a stay.  The Court found persuasive that "Plaintiff waited nearly six years to file suit after the earliest patent in suit issued," that "no evidence here shows that the parties are competitors," and that "Plaintiff seeks only monetary damages, not injunctive relief," such that Plaintiff could be made whole with past damages.  ECF No. 82.  The Court also found that the IPR proceedings "will more than likely simplify the issues in this case" and that "this case would be rendered moot" if the PTAB were to cancel all of the asserted claims.  *Id.* at 5.  The Court further noted that "the amount of discovery completed is limited, the Court has not yet scheduled a *Markman* hearing, [ ] discovery will not be completed until months after a *Markman* order," and no trial date has been set.  *Id.* at 6.

### B. The PTAB Found AIT's Patents Invalid, and AIT Prevailed Only on RPI Findings

On December 28, 2016, the PTAB issued Final Written Decisions that all challenged claims of the '482 and '111 patents, including all claims asserted against Salesforce in this case, are invalid.  *RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015–01751, IPR2015–01752, 2016 WL 7985456, at *19 (P.T.A.B. Dec. 28, 2016); *RPX Corp. v. Applications in Internet Time, LLC*, No. IPR2015–01750, 2016 WL 7991300, at *15 (P.T.A.B. Dec. 28, 2016).  The PTAB further concluded that RPX is the only RPI.  On July 9, 2018, the Federal Circuit vacated the PTAB's RPI findings on the ground they were based on an improper legal standard and remanded for further proceedings.  *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1358 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1366 (2019).

### C. The PTAB Replaced the Presiding Panel and the New Panel Ruled Within One Week Without Any Briefing or Argument

After the remand, the PTAB allowed AIT to conduct additional fact discovery and held an evidentiary hearing on the sole remaining issue.  *RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015–01750 Paper 113, IPR2015–01751 Paper 113, IPR2015–01752 Paper 111 (P.T.A.B. June 4, 2019).  On August 3, 2020, AIT petitioned

1   the Federal Circuit for a writ of mandamus seeking an expanded panel and compelling a

2   final decision from the PTAB within 30 days.   On September 4, 2020, the USPTO

3   substituted a new panel for the presiding panel.   *RPX Corp. v. Applications in Internet*

4   *Time, LLC*, Nos. IPR2015–01750 Paper 124, IPR2015–01751 Paper 124, IPR2015–

5   01752 Paper 112 (P.T.A.B. September 4, 2020).   Just one week later, the new panel

6   issued a sealed decision finding Salesforce was an RPI and terminating the IPRs on that

7   ground.   The new panel did not hear any oral argument on this issue or receive

8   supplemental briefing.  Ex. C, Request for Rehearing at 56, ECF No. 127.  On October 9,

9   2020, RPX requested a rehearing of the PTAB's RPI determination, arguing the PTAB

10  repaneling violated due process, the replacement panel overlooked and misapprehended

11  the evidence, and erred in finding RPX was representing Salesforce's interests.  *Id.* at 54.

12  On November 2, 2020, three days after the parties completed briefing on this rehearing

13  request, AIT filed its motion to lift the stay.

14  **III.    <u>LIFTING THE STAY IS NOT WARRANTED</u>**

15          The four-factor analysis governing stay under Local Patent Rule 1-20[1] supports

16  maintaining the stay because the rehearing would likely moot this case, given that the

17  patents were found invalid, and there is no risk of prejudice to AIT.  ECF No. 99 ("[The

18  Court:] I see no reason not to grant the stay.  *It clearly would moot this case.* And since

19  the proceedings are up in the air, it makes sense to let that court, PTAB, make a final

20  ruling.") (emphasis added)).   AIT's renewed request to lift the stay thus remains

21  premature and should be denied.

22

23

24          [1]  Pursuant to L.P.R. 1-20, "[t]he court may order a stay of litigation pending the outcome of a

25  reexamination proceeding before the United States Patent and Trademark Office that concerns a
    patent at issue in the federal court litigation. Whether the court stays litigation upon the request of

26  a party will depend on the circumstances of each particular case, including without limitation: (1)
    whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving

27  party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether
    discovery is complete, and (4) whether a trial date has been set."

28

**A.     A Stay Will Simplify the Issues Because Rehearing Could Result in Reentry of the Decision Finding AIT's Asserted Claims Invalid**

Maintaining the stay until final resolution of RPX's rehearing request will simplify the issues because any rehearing will likely moot AIT's case in its entirety.  Before the remand proceedings, the presiding PTAB panel found all asserted claims of the patents in suit invalid.  *See supra* Section II.B.  *VirtualAgility Inc.*, 759 F.3d at 1314; *New Vision Gaming & Dev., Inc. v. Bally Gaming, Inc.*, No. 2:17-cv-01559-APG-PAL, 2018 WL 6171778, at *2 (D. Nev. Nov. 26, 2018) (holding this factor weighs in favor of a stay where the PTAB issued a preliminary finding all asserted claims were invalid and noting that if it became final, "the invalidity question is resolved in its entirety, relieving [the Court] and the parties from having to address Bally's other invalidity contentions").  RPX's rehearing request now addresses only a single central issue—whether RPX is the only RPI.  If the PTAB grants rehearing and finds in favor of RPX on this issue, the PTAB's invalidity findings will invalidate the asserted patent claims and extinguish AIT's entire case.  Considerations of judicial economy thus continue to support maintaining the stay, especially when it is a matter of waiting only a short time longer.

AIT's primary response is to mistakenly claim that the chances of a PTAB rehearing are "remote."  ECF No. 130.  AIT cites general PTAB statistics but ignores the fact that RPX's rehearing request is no ordinary rehash of the PTAB's patentability analysis, where the likelihood of success is low.  The presiding PTAB panel concluded RPX was the only RPI and found unpatentable all asserted claims over RPX's prior art grounds.  After the Federal Circuit reversed, the panel received supplemental briefing and held an additional evidentiary hearing.  *RPX Corp. v. Applications in Internet Time, LLC*, Nos. IPR2015–01750 Paper 113, IPR2015–01751 Paper 113, IPR2015–01752 Paper 111 (P.T.A.B. June 4, 2019).  After taking this evidence, the PTAB appointed a new panel.  Just one week after panel substitution, a new panel terminated the IPR proceedings without any further hearing or briefing.  In this unique context, the PTAB is

1   likely to give careful consideration to the rehearing request, and the prospects for

2   reversal are far from remote.

3         AIT's second response, that the PTAB terminated the IPRs on two "independent"

4   bases, is equally mistaken.  ECF No. 130.  By the decision's plain terms, both bases for

5   termination hinged on the same purported real party-in-interest "relationship" between

6   Salesforce and RPX.  *See* Ex. at 35 ("[I]t is the **relationship** between Salesforce as a

7   member of RPX and the business model of RPX that primarily lead us to the [RPI] result

8   here. "); *Id.* at 39 ("Under the *General Plastic* analysis, we consider whether there is a

9   **significant relationship** between the petitioners, as this factor weighs in favor of

10   exercising discretion to deny institution of inter partes review.").  AIT therefore cannot

11   reasonably dispute that a reversal of the RPI findings would result in overturning the

12   termination decision.

13         AIT's remaining arguments are also unpersuasive.  First, AIT's argument that the

14   PTAB's determination is "final" and non-appealable is inapposite.  ECF No. 130.  AIT

15   argues about whether issues can be appealed to the Federal Circuit; not whether the

16   PTAB can review its own decisions, which is undisputed.  Neither Section 314(d) nor

17   *Thryv* impact the PTAB's discretion to manage **its own** proceedings, including by

18   granting rehearing of termination decisions.  *See* 37 C.F.R. § 42.71 ("A party dissatisfied

19   with a decision **may file a single request for rehearing** without prior authorization from

20   the Board.").  Second, AIT's request to "adjust the pretrial schedule" if RPX is successful

21   overlooks the fact that the Court and the parties would invest resources in the interim

22   addressing patents that the PTAB has found invalid and unenforceable.     These

23   needless expenditures could include a claim construction hearing and order, discovery

24   motions, dispositive motions, and pre-trial motions.  Finally, the denial of Salesforce's

25   earlier request for stay pending rehearing of its Covered Business Method ("CBM")

26   petitions has no bearing on the current stay.  ECF No. 130.  In the case of that earlier

27   request, the PTAB denied the CBM petitions on the threshold question of whether the

28   jurisdictional requirements for a CBM petition had been met, and did not reach the

substantive question of whether the art cited therein anticipated or rendered obvious the claims of the AIT patents.  Here, in contrast, the PTAB in the pending IPR petitions made final invalidity findings (that the claims of the AIT patents were obvious in view of the prior art) which would moot this action entirely, with the only remaining question being whether Salesforce was an RPI.

**B.    AIT Failed To Identify Any Prejudice from a Narrow Continuation of the Stay**

AIT fails to identify any specific risks of harm or tactical disadvantage that would call into question the Court's stay analysis.  ECF No. 130.  AIT does not make any products that compete with Salesforce or any products at all.  AIT also has not sought the type of relief a plaintiff seeks when a case is time sensitive and requires immediate action—like an injunction.  And, AIT failed to identify any evidence or discovery that will not be available due to the stay.  Given these facts, there is no real harm to AIT.  Instead of identifying a valid harm or disadvantage, AIT points to past stays in this case which this Court already found warranted, have already occurred, and are not impacted here, where the issue is simply continuing the stay for a short amount of additional time.  As the Court previously found, AIT delayed filing this suit until nearly six years after the earliest patent in suit issued, has not sought injunctive relief, and seeks only monetary damages that would not be diminished by a stay.  *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (holding that a patentee waiting for "nearly a year" after its patent issued to file suit weighed against the patentee's "claims that it will be unduly prejudiced by a stay"); *Tierravision, Inc. v. Google, Inc.*, No. 11CV2170 DMS(BGS), 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012) ("[D]elay inherent in the reexamination process does not constitute undue prejudice. . . .  Especially where Plaintiff does not practice the patented invention, and is not a competitor of Defendant . . . .") (internal quotation marks and citation omitted).  Moreover, the PTAB's earlier invalidity findings on all asserted claims raise serious doubts that AIT's claims would survive this Court's review, further eliminating risk of

undue prejudice. *VirtualAgility*, 759 F.3d at 1314 ("In this case, the PTAB expressly determined that *all* of the claims are more likely than not unpatentable. This CBM review could dispose of the entire litigation: the ultimate simplification of issues.") This factor thus still weighs heavily in favor of denying AIT's motion.

AIT's primary argument, that stays in patent cases are prejudicial because patents "have a limited life," is inapplicable here because it seeks only monetary relief and will receive the same damages for the life of the patents, stay or no stay. ECF No. 130. Even presuming AIT's patents are valid (contrary to the PTAB's detailed findings), AIT would suffer no prejudice because damages would be available for any infringement during the life of the patents. *See ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1071 (D. Nev. 2016) (noting that "even if the patent did expire in 2011, it is within the scope of the patent right to sue for past damages during the statutorily prescribed limitations period"). As before, AIT makes no effort to address the sufficiency of past damages in its motion, and fails to articulate any prejudice or tactical disadvantage from maintaining the stay while the PTAB resolves the RPI issue. ECF No. 130; *See Rembrandt Gaming Techs., LP v. Boyd Gaming Corp.*, No. 2:12-CV-00775-MMD, 2012 WL 6021339, at *2 (D. Nev. Dec. 3, 2012) (noting "delay alone is insufficient to prevent a stay").

AIT is also mistaken that maintaining the stay would create a potential "indefinite" and prejudicial delay. ECF No. 130. Requests for rehearing are typically resolved quickly. Of the five most recent decisions granting requests for rehearing, the average time from request to decision was 88.6 days, less than three months, with three of those cases taking the PTAB only 22, 36, and 23 days. *See Satco Products, Inc. v. Seoul Semiconductor Co., LTD.*, IPR2020-00151 Paper 9 (November 9, 2020) (158 days to decision); *Neenah, Inc. and Avery Products Corporation v. Jodi A. Schwendimann, f/k/a Jodi A. Dalvey, and Nucoat, Inc.*, IPR2020-00636 Paper 12 (November 6, 2020) (22 days to decision); *Energysource Minerals, LLC v. Terralithium LLC*, IPR2019-01601 Paper 20 (November 6, 2020) (204 days to decision); *Google LLC v. Personalized Media*

1   *Communications, LLC*, IPR2020-00723 Paper 25 (November 5, 2020) (36 days to

2   decision); *Apple Inc. v. Corephotonics, LTD.*, IPR2020-00487 Paper 13 (November 5,

3   2020) (23 day to decision).   Any further delay pending RPX's rehearing request is

4   therefore likely to be brief.   This factor thus continues to weigh strongly in Salesforce's

5   favor.

6         **C.**    **The Early Status of the Case Warrants Continuing the Stay**

7         The final two factors also weigh in favor of maintaining the stay, as the relevant

8   facts have not changed since the stay was granted.   Discovery is not complete and has

9   not progressed since the Court stayed the case.   The parties have agreed to a discovery

10  plan and schedule.   ECF No. 42.   Much of the critical discovery under this schedule

11  depends on the *Markman* order, which has not been briefed, let alone argued or issued.

12  Finally, the Court has not yet set a trial date.   These factors, which AIT does not address,

13  also weigh in favor of maintaining the stay.   *See Unwired Planet, LLC v. Google Inc.*, No.

14  3:12-CV-00504-MMD-VPC, 2014 WL 301002, at *6 (D. Nev. Jan. 27, 2014) (holding

15  these factors favor stay where fact discovery had just begun, the *Markman* hearing had

16  not occurred, and no trial date had been set); *Rembrandt Gaming*, 2012 WL 6021339, at

17  *4 (finding these factors weigh in favor of stay where no trial date had been set, no

18  *Markman* hearing had been scheduled, and discovery had begun).

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Salesforce respectfully requests that this Court deny AIT's motion to lift the stay.

DATED: November 16, 2020.

Respectfully submitted,

MCDONALD CARANO LLP

/s/ Leigh Goddard
LEIGH GODDARD

Kevin Johnson (*pro hac vice*)
Ray Zado (*pro hac vice*)
Sam Stake (*pro hac vice*)
QUIN EMANUEL URQUHART & SULLIVAN, LLP

*Attorneys for Defendant salesforce.com, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano LLP and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the DEFENDANT SALESFORCE.COM, INC.'S OPPOSITION TO AIT'S MOTION TO LIFT STAY with the Clerk of the Court using the CM/ECF system which will automatically e-serve the same on the attorneys set forth below:


Michael A. Burke
Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
mburke@rssblaw.com

Andrea Pacelli
Elizabeth Long
Eric Berger
KING AND WOOD MALLESONS LLP
500 Fifth Avenue, 50th Floor
New York, NY 10110
Andrea.pacelli@us.kwm.com
elizabeth.long@us.kwm.com
eric.berger@us.kwm.com

Steven C. Sereboff
SoCal IP Law Group LLP
1332 Anacapa Street, Suite 201
Santa Barbara, CA 93101
ssereboff@socalip.com


DATED:  November 16, 2020.


        /s/ *Andrea Black*
        Andrea Black

4812-6684-3346, v. 1