Michael A. Burke, Esq. (NSB #11527)
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington St.
Reno, NV 89503
Telephone: (775) 329-3151
Email: mburke@rssblaw.com

Andrea Pacelli, Esq. (*pro hac vice*)
Mark S. Raskin, Esq. (*pro hac vice*)
Michael DeVincenzo, Esq. (*pro hac vice*)
Elizabeth Long, Esq. (*pro hac vice*)
Charles Wizenfeld, Esq. (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: andrea.pacelli@us.kwm.com
mark.raskin@us.kwm.com
michael.devincenzo@us.kwm.com
elizabeth.long@us.kwm.com
charles.wizenfeld@us.kwm.com

Steven C. Sereboff, Esq. (*pro hac vice*)
SoCAL IP LAW GROUP LLP
1332 Anacapa, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 230-1356
Email: ssereboff@socalip.com

*Attorneys for Plaintiff*
*Applications in Internet Time LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>Defendant. | Civil Action No.: 3:13-CV-00628-RCJ-CLB<br><br>**PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF SALESFORCE.COM'S AMENDED INVALIDITY CONTENTIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

1

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ................................................................................................2

    A.   Salesforce's Operative 2014 Contentions ................................................2

    B.   The Parties Conduct Discovery and Claim Construction Based on Salesforce's 2014 Contentions................................................................................................3

    C.   Salesforce Negotiates Extensive Extension, Violates Parties' Agreement, and Amends Contentions with 21 New Prior Art Refences and New Theories of Invalidity..........4

III.  LEGAL STANDARD ........................................................................................7

IV.   ARGUMENT ....................................................................................................9

    A.   Salesforce's New Anticipation and Obviousness Theories Based on 21 New Prior Art References Should Be Stricken ................................................................9

        1.   Salesforce's Amendments Are Not Supported by Good Cause and Are Prejudicial................................................................................................9

        2.   Local Patent Rule 1-18a Does Not Excuse Salesforce's Dilatory and Prejudicial Conduct ................................................................................12

    B.   Salesforce's New Invalidity Theories Based on 35 U.S.C. § 112 Should Be Stricken14

V.    CONCLUSION ................................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
   84 F. Supp. 3d 538 (E.D. Tex. 2015) ..................................................................... 11

*ASUS Comput. Int'l v. Round Rock Research*, LLC,
   No. 12-cv-02099-JST, 2014 U.S. Dist. LEXIS 50728 (N.D. Cal. Apr. 11, 2014) ................... 8

*Bravo Co. USA, Inc. v. Badger Ordnance LLC*,
   No. 2:14-cv-00387-RCJ-GWF, 2016 WL 6518436 (D. Nev. Nov. 2, 2016) ........................... 7

*Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*,
   112 F. Supp. 3d 330 (D. Md. 2015) ....................................................................... 8

*CommScope Techs. LLC v. Dali Wireless, Inc.*,
   No. 3:16-cv-0477-M, 2018 WL 4566130 (N.D. Tex. Sept. 21, 2018) ............................... 13

*Contour IP Holding, LLC v. GoPro, Inc.*,
   No. 3:17-cv-04738-WHO, 2020 WL 109063 (N.D. Cal. Jan. 9, 2020) ............................... 10

*Digital Ally, Inc. v. Taser Int'l, Inc.*,
   16-2032-CM-TJJ, 2018 WL 5620654 (D. Kan. Oct. 30, 2018) ...................................... 10

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co. Ltd.*,
   No. 4:14-CV-371, 2016 WL 3854700 (E.D. Tex. Mar. 28, 2016) .................................... 11

*INAG, Inc. v. Richar, LLC*,
   No. 2:16-cv-00722-RFB-EJY, 2021 WL 1582766 (D. Nev. Apr. 22, 2021) ........................... 9

*Linksmart Wireless Tech., LLC v. Caesars Entm't Corp.*,
   No. 2:18-cv-00862-MMD-NJK, 2021 WL 201775 (D. Nev. Jan. 20, 2021) ........................... 12

*MASS Engineered Design, Inc. v. Ergotron, Inc.*,
   250 F.R.D. 284 (E.D. Tex. 2008) .......................................................................... 11

*MorphoTrust USA, LLC v. United States*,
   132 Fed. Cl. 419 (2017)..................................................................................... 11

*Nike, Inc. v. Adidas Am. Inc.*,
   479 F. Supp. 2d 664 (E.D. Tex. 2007) .................................................................... 13

*No Spill, LLC v. Scepter Candada, Inc.*,
   No. 2:18-CV-2681-HLT-KGG, 2021 WL 5232312 (D. Kan. Nov. 10, 2021) ......................... 13

*Patent Harbor, LLC v. Audiovox Corp.*,
   No. 6:10-CV-361, 2012 WL 12840341 (E.D. Tex. Mar. 30, 2012)................................... 13

*Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*,
    32 F. Supp. 3d 1155 (D. Nev. 2014) ............................................................................ 8, 9, 14

*U.S. Well Services, LLC v. TOPS Well Services*,
    No. 3:19-CV-00237, 2020 WL 5554022 (S.D. Tex. Sept. 16, 2020) ........................................ 10

*Uniloc 2017 LLC v. Google LLC*,
    No. 2:18-cv-00503-JRG-RSP, 2020 WL 709557 (E.D. Tex. Feb. 10, 2020) ......................... 10

*Willis Elec. Co., Ltd. v. Polygroup Macau Ltd.*,
    No. 15-cv-3443-WMW-KMM, 2019 WL 5541407 (D. Minn. Oct. 28, 2019) ........... 10, 13–14

**Statutes**

35 U.S.C. § 101 ......................................................................................................................... 3, 6

35 U.S.C. § 102 ............................................................................................................................. 5

35 U.S.C. § 103 ............................................................................................................................. 5

35 U.S.C. § 112 ...................................................................................................................*passim*

**Rules**

LPR 1-8 ..................................................................................................................................... 2, 8

LPR 1-18a ........................................................................................................................ 1, 4, 6, 12, 14

I.     **INTRODUCTION**

Plaintiff Applications in Internet Time, LLC ("AIT") hereby moves to strike certain portions of Defendant salesforce.com, inc.'s ("Salesforce") Amended Non-Infringement, Invalidity, and Unenforceability Contentions (Ex. 1,[1] "2022 Amended Contentions").

On November 8, 2013, AIT filed this action alleging patent infringement by Salesforce. (Dkt. #1.)  On July 18, 2014, Salesforce served its Non-Infringement, Invalidity, and Unenforceability Contentions (Ex. 2, "2014 Contentions").  Over the following eight years the parties engaged in claim construction and discovery under the framework defined by those contentions.  Yet, Salesforce's recently served 2022 Amended Contentions seek to overturn that framework by injecting 21 new alleged prior art references, 12 new theories of invalidity based on anticipation, hundreds of new theories of obviousness based on combinations of such new references, as well as numerous new theories of invalidity based on 35 U.S.C. § 112.

It is simply too late for Salesforce to press the reset button with respect to the invalidity theories that it has chosen to pursue in this action.  The local rules expressly and unequivocally require early disclosure of each party's contentions, and they require the parties to work together to identify issues for claim construction so that the Court can resolve those claim construction disputes. The rules do not permit a party to present entirely new prior art references and entirely new theories of invalidity after claim construction has concluded in the absence of good cause.

Under these circumstances, Salesforce's new contentions fly in the face of the Court's Local Rules of Practice for Patent Cases, which prohibit amendments to a party's disclosures absent a showing of good cause.  Here, Salesforce is not arguing either good cause or diligence.  Salesforce has conceded as much, representing that it will not urge that the disputed portions of the 2022 Amended Contentions are supported by either good cause or diligence.  Instead, Salesforce contends that its identification of 21 new prior art references and new theories of anticipation, obviousness, and invalidity under § 112 were all permissible as post claim construction amendments under Local Patent Rule 1-18a.  Yet, Local Patent Rule 1-18a is not a vehicle to inject entirely new theories of

---

[1] All exhibits refer to Exhibits to the Declaration of Michael S. DeVincenzo submitted herewith.

invalidity based on entirely new references.  Indeed, nothing in the claim construction order remotely justified a new search for prior art and the addition of new theories of invalidity.

This litigation has taken many unexpected turns in the last decade.  However, at all times the parties' respective contentions, including Salesforce's theories of invalidity and alleged prior art references, have remained the same.  Salesforce cannot simply flip the game board over and declare a restart this late in the game.

## II.     BACKGROUND

### A.     Salesforce's Operative 2014 Contentions

This action was filed in November 2013.  Pursuant to the scheduling order, invalidity contentions under Local Patent Rule 1-8[2] were due on July 11, 2014.  (Dkt. 42 at 4.)  On July 18, 2014, Salesforce served the 2014 Contentions on AIT.  (Ex. 2.)  The 2014 Contentions have been the operative contentions in this case for the last eight years.

The 2014 Contentions contained a detailed cover pleading identifying and explaining Salesforce's theories of invalidity.  (*Id.* at 1–60.)  As required by Local Patent Rule 1-8, the 2014 Contentions identified 24 prior art references Salesforce intended to rely on for anticipation and/or obviousness.  (*Id.* at 25–28.)  The 2014 Contentions further included Exhibits A and B which provided additional contentions regarding AIT's anticipation and obviousness defenses.[3]  Exhibit A contained 15 claim charts alleging anticipation by 15 of the 24 prior art references.  (*Id.* at A-1 through A-15.)  As part of each claim chart provided as Exhibit A, Salesforce indicated that it may rely on obviousness for certain limitations.  Exhibit B provided Salesforce's allegations regarding obviousness for those limitations.  Until January 2022, as reflected in Exhibit A, Salesforce had 15 theories of invalidity based on anticipation and corresponding theories of invalidity based on obviousness combinations.

---

[2] At the time the parties served their initial disclosures the Local Patent Rules were numbered differently, e.g., current LPR 1-8 was labeled LR 16.1-8.  To avoid confusion, the current numbering of the Local Patent Rules will be used herein.

[3] As AIT pointed out in its responsive contentions, Salesforce's 2014 Contentions were highly generalized and failed to provide "an identification of … where in the prior art each element of each asserted claim is found" and "an explanation of why the prior art renders the asserted claim obvious" as required by LPR 1-8.

Salesforce's 2014 Contentions further included additional invalidity theories based on 35 U.S.C. §§ 101 and 112.  With respect to 35 U.S.C. § 112, Salesforce presented theories of invalidity based on five claim terms: "a second layer associated with the server computer …"; "changes determined to have occurred"; "dynamically"; "first layer"; and "unique aspects."  (*Id.* at 44.)

## B.  The Parties Conduct Discovery and Claim Construction Based on Salesforce's 2014 Contentions

In the eight years following service of Salesforce's 2014 Contentions, the parties conducted extensive discovery and prepared for trial based on the theories espoused in each parties' respective contentions, *i.e.*, the only theories in the case.  With respect to invalidity, separate from the invalidity theories set forth in its 2014 Contentions, Salesforce elected to pursue certain invalidity theories before the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB").  On August 25, 2014, the Court granted a stay of this suit in light of Salesforce's petitions for Covered Business Method review ("CBMs") challenging the validity of the patents-in-suit here.  (Dkt. #56.)  That stay was in place for about eight months ending on April 27, 2015.  (Dkt. #58.)

Thereafter, the parties engaged in claim construction based on Salesforce's 2014 Contentions.  As required by the then operative scheduling order, on June 13, 2015, the parties identified claim terms for construction under Local Patent Rule 1-13 addressing terms relevant to the parties' disputes with respect to their respective contentions.  (Dkt. #60 at 3.)  The parties further exchanged proposed claim constructions based on the parties' respective contentions, met and conferred and reached agreement with respect to certain constructions, and fully briefed each remaining claim construction in dispute between August and October 2015.  (Dkt. #63, 65, 67, 73.)  As the parties were conducting discovery and awaiting a claim construction hearing, Salesforce sought to stay the action a second time based on additional PTAB proceedings.  (Dkt. #77.)

On June 7, 2016, the Court stayed this case for a second time (the "Second Stay").  (Dkt. #82.)  The Second Stay was entered during the pendency of certain inter partes review proceedings ("IPRs").  The Second Stay was lifted on March 2, 2021.  (Dkt. #145.)  Following the lifting of the Second Stay, Salesforce did not seek to amend its contentions.  Instead, the parties continued to proceed with discovery and claim construction based on Salesforce's 2014 Contentions.  Between

April and May 2021, the parties briefed their claim construction disputes for a second time, still based on the parties' then existing contentions.  (Dkt. #153, 154, 158, 159.)  On August 23, 2021, the Court held a claim construction hearing.  (Dkt. #167.)  Following the claim construction hearing, as the parties were working toward the completion of fact discovery, this Court issued its claim construction order on November 8, 2021.  (Dkt. #172.)

**C.    Salesforce Negotiates Extensive Extension, Violates Parties' Agreement, and Amends Contentions with 21 New Prior Art Refences and New Theories of Invalidity**

As required by Local Patent Rule 1-18a, following the claim construction order, the parties met and conferred on November 16, 2021 regarding reducing the number of claims and prior art asserted for the purposes of further narrowing and crystallizing issues as the case proceeds toward trial.  Pursuant to Local Patent Rule 1-18a, amendments based on the parties' discussions were originally due 30 days after the claim construction order, or on December 9, 2021.  With the deadline approaching, Salesforce requested a six-week extension for amendments under Local Patent Rule 1-18a, *i.e.*, amendments that were supposed to narrow and crystallize the issues in dispute.  (Ex. 3, Nov. 29, 2021 E-mail chain at 4 (Judah Nov. 23, 2021 E-mail).)  AIT responded that it was surprised that such a long extension was needed, because the parties' claim construction positions were known for "many months" and the Court's construction did not materially depart from the positions put forth by the parties.  (*Id.* at 3–4 (DeVincenzo Nov. 24, 2021 E-mail).)  In particular, AIT expressed concern that Salesforce was seeking "a re-do of the invalidity contentions that the parties have been operating under for years."  (*Id.* at 4.)  On November 29, 2021, the parties conferred.  Salesforce represented that it was not seeking to use the extensive extension to redo its contentions.  Instead, Salesforce explained that the extension was simply necessary due the holiday season and planned vacations.  In response, AIT agreed to an extension with the proviso that such amendments must be limited to those permissible under Local Patent Rule 1-18a, amendments to theories set forth in AIT's 2014 Contentions "based on the claim construction order," not entirely new invalidity theories.  (*Id.* at 2 (DeVincenzo Nov. 29, 2021 E-mail).)

On January 10, 2022, Salesforce served the 2022 Amended Contentions (Ex. 1).  Instead of narrowing and focusing the parties' disputes following claim construction, the 2022 Amended

Contentions identified 21 new prior art references. (*Compare* Ex. 1 at 21–25 *with* Ex. 2 at 25–28.)

The 21 new prior art references are:[4]

1. U.S. Patent No. 5,933,816 to Zeanah et al.
2. U.S. Patent No. 5,983,268 to Freivald et al.
3. U.S. Patent No. 6,249,291 to Popp et al.
4. U.S. Patent No. 6,490,574 to Bennett et al.
5. U.S. Patent No. 5,806,071 to Balderrama et al.
6. Kovacevic, "Flexible, Dynamic User Interfaces for Web-Delivered Training," Proceedings of the International Workshop on Advanced Visual Interfaces
7. El-Refai, "JAVA-Based Heterogeneous Database Interface"
8. Pizano et al., "Automatic Generation of Graphical User Interfaces for Interactive Database Applications"
9. Douglis et al., "The AT&T Internet Difference Engine: Tracking and Viewing Changes on the Web"
10. "Webwatch: Visualizing Web Page Histories and Social Monitoring Habits"
11. Glance et al., "Collaborative Document Monitoring"
12. Seydim, "Intelligent Agents: A Data Mining Perspective"
13. U.S. Patent No. 6,108,616 to Borchers et al.
14. IBM Corp., "Lotus Notes Release 4.5: A Developer's Handbook"
15. Amati et al., "A Framework for Filtering News and Managing Distributed Data"
16. Gudiva et al., "Information Retrieval on the World Wide Web"
17. Kandzia et al., "Cooperative Information Agents"
18. Menczer et al., "Scalable Web Search by Adaptive Online Agents: An InfoSpiders Case Study"
19. DATAMATION, "Java Complete!"
20. IBM Corp., Lotus Notes Release 4.5
21. ITA Software, Inc. airfare search engine

(Ex. 1 at 22–25; collectively, the "21 New Prior Art References.")  With respect to the first 12 of the 21 New Prior Art References, the 2022 Amended Contentions added 12 new claim charts articulating 12 new theories of anticipation, one for each reference, nearly doubling the number of allegedly anticipatory references.  (*Id.* at Ex. A, Charts A-16 through A-25.)  In addition to its new anticipatory theories, Salesforce's 2022 Amended Contentions further identified nine new secondary references concerning obviousness (references 13–21 above), and for the first time asserted hundreds of new

---

[4] AIT does not concede or imply that any of the 21 New Prior Art References are in fact prior art to the patents-in-suit under 35 U.S.C. §§ 102 or 103.

theories of obviousness based on each of these seven references in combination with its 25 allegedly anticipatory references.

In addition to its new theories regarding anticipation and obviousness, Salesforce added theories of invalidity under § 112, regarding four new limitations.  In particular, Salesforce added theories of indefiniteness, lack of written description, and/or enablement with respect to the new claim terms "the third portion …"; "the fourth portion …"; "a change management layer …"; and "automatically detecting changes that affect …."  Salesforce also added a new theory of indefiniteness for the claim term "first layer." (*Compare* Ex. 1 at 55 *with* Ex. 2 at 44.)[5]

On January 12, 2022, two days after receiving Salesforce's contentions, AIT requested a meet and confer to discuss Salesforce's attempt to expand the scope of invalidity issues based on new theories and the near doubling of its prior art references.  (Ex. 4, Feb. 28, 2022 E-mail chain at 15 (Pacelli Jan. 12, 2022 E-mail).)  On Tuesday, January 18, 2022, the parties conferred.  On that meet and confer, Salesforce represented that at least some of the proposed amendments resulted from a prior art search that it elected to run after receiving the Court's claim construction order.  (*Id.* at 11 (Pacelli Jan. 18, 2022 E-mail).)  Following the call, Salesforce indicated that it would respond with a proposal as a compromise and that the parties agreed to meet and confer the following week. (*Id.*)

On January 20, 2022, AIT again requested a meet and confer.  Based on Salesforce's representation that it only recently learned of certain prior art through its eleventh-hour prior art search, AIT requested information concerning when and how Salesforce learned of each of the 21 New Prior Art References, to better understand whether Salesforce's amendments were supported by good cause or diligence.  (*Id.* at 8–10 (Jan. 20, 2022 DeVincenzo E-mail).)  In response, on January 22, 2022, Salesforce contended that its amendments were proper under Local Patent Rule 18a. (*Id.* at

---

[5] Salesforce made several other amendments adding further detail to the 15 theories of anticipation based on prior art in Salesforce's 2014 Contentions, the hundreds of theories of obviousness contained in the 2014 Contentions, as well as the theories of invalidity based on §§ 101 and 112 contained its 2014 Contentions.  AIT does not challenge Salesforce's amendments to the extent they further articulate the invalidity theories disclosed in Salesforce's 2014 Contentions.  Instead, AIT only seeks to strike the portions of AIT's amendments addressing new invalidity theories of obviousness and anticipation based on new references and new invalidity theories under § 112.

1    7–8 (Jan. 21, 2022 Stake E-mail).)  However, Salesforce's response provided none of the requested

2    information concerning good cause or diligence.  (*Id.*)

3         On January 24, 2022, AIT requested that Salesforce meet and confer.  Once again, AIT

4    requested Salesforce to provide its position with respect to whether any of its extensive amendments

5    were supported by either good cause or diligence.  (*Id.* at 6–7 (Jan. 24, 2022 DeVincenzo E-mail).)

6    Having received no response, on January 31, 2022 and on February 8, 2022, AIT requested for a

7    fourth and fifth time Salesforce's availability to confer.  (*Id.* at 5–6.)  On February 8, 2022,

8    Salesforce responded.  (*Id.* at 5.)  Salesforce's belated response, however, once more failed to

9    mention good cause or diligence, and further did not provide a time Salesforce could confer.  In

10    response to a further request from AIT, on February 9, 2022, Salesforce agreed to confer and

11    indicated that its amendments "[did] not require a showing of good cause" and therefore it did not

12    need to explain its position on good cause or diligence.  (*Id.* at 3–4 (Feb. 9, 2022 Stake E-mail).).

13         On February 14, 2022, the parties conferred a second time.  Salesforce confirmed that it

14    would not be relying on good cause or diligence in support of its claimed amendments.  (*Id.* at 2–3

15    (Feb. 15, 2022 DeVincenzo E-mail).).  Despite this, Salesforce again discussed providing a proposal

16    that would resolve the parties' dispute.  Salesforce committed to providing that proposal the week of

17    February 21, 2022.  (*Id.*)  Salesforce, however, made no such proposal.  Instead, on February 23,

18    2022, Salesforce made a different proposal regarding a schedule for the parties to narrow their

19    contentions months in the future.  (*Id.* at 1–2 (Feb. 23, 2022 Stake E-mail).)  On February 28, 2022,

20    AIT informed Salesforce that it would move to strike Salesforce's new theories of invalidity based

21    on anticipation, obviousness and/or § 112.  (*Id.* at 1 (Feb. 28, 2022 DeVincenzo E-mail).).

22    **III.    LEGAL STANDARD**

23         The proper procedure to challenge material added through amended contentions is through a

24    motion to strike.  *Bravo Co. USA, Inc. v. Badger Ordnance LLC*, No. 2:14-cv-00387-RCJ-GWF,

25    2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016).

26         In addition to the Federal Rules of Civil Procedure, discovery in patent cases in the District of

27    Nevada is governed by the Local Rules of Practice for Patent Cases.  *See* LPR 1-1 to 1-22 (effective

28    April 17, 2020); LR 16.1-1 to 16.1-21 (effective prior to May 1, 2016).

PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE

What is required under the Local Patent Rules for invalidity contentions is not in dispute.  As relevant, invalidity contentions are required to include:

> (b) A detailed description of the factual and legal grounds for contentions of invalidity, if any, including an identification of the prior art relied upon and where in the prior art each element of each asserted claim is found. …
> (c) Whether each item of prior art anticipates each asserted claim or renders it obvious. …
> (d) A chart identifying specifically where in each alleged item of prior art each limitation of each asserted claim is found ….

LPR 1-8.  Plainly, "[t]he District of Nevada's Local Patent Rules, like the local patent rules for the Northern District of California, are designed to require the parties to provide 'early notice of their . . . invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'"  *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1161–62 (D. Nev. 2014) (citation omitted).  The mandatory disclosure rules effectively "replac[e] the series of interrogatories that parties would likely have propounded without [them]."  *ASUS Comput. Int'l v. Round Rock Research*, *LLC*, No. 12-cv-02099-JST, 2014 U.S. Dist. LEXIS 50728, at *5 (N.D. Cal. Apr. 11, 2014) (internal quotation marks, citation, and modifications omitted).  Local patent rules are in place to ensure that the parties "crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to legal argument."  *Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 112 F. Supp. 3d 330, 332 (D. Md. 2015) (internal quotation marks and citation omitted).

The early disclosure required by the Local Patent Rules ensures that discovery and claim construction are performed with full knowledge of a party's contentions.  Following contentions, the Local Patent Rules require the parties to identify terms for construction based on each party's contentions, propose construction(s) for terms in dispute, and, eventually, brief any claim constructions in dispute.  *See* LPR 1-13 through 1-17.

## IV.   ARGUMENT

## A.   Salesforce's New Anticipation and Obviousness Theories Based on 21 New Prior Art References Should Be Stricken

### 1.   Salesforce's Amendments Are Not Supported by Good Cause and Are Prejudicial

The first group of previously undisclosed contentions that AIT seeks to strike concerns Salesforce's new theories of anticipation and obviousness based on the 21 New Prior Art References. This includes the 12 new theories of anticipation based on corresponding 12 new references, as well as the new theories of obviousness based on each of the 21 New Prior Art References. Salesforce's 2014 Contentions identified a total of 24 prior art references.  (Ex. 2 at 25–28.)  For eight years Salesforce held fast to those 24 prior art references.  The parties recently completed the claim construction process based on the invalidity theories contained in Salesforce's 2014 Contentions.

"In contrast to the liberal policy for amending pleadings under Rule 15, the philosophy behind amending claim charts under the Local Patent Rules is decidedly conservative." *Silver State Intellectual Techs.*, 32 F. Supp. 3d at 1162 (citation, internal quotation marks, and modifications omitted).  "The District of Nevada's Local Patent Rules . . . are designed to require the parties to provide 'early notice of their . . . invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Id.* at 1161 (internal quotation marks and citation omitted).  The question of whether Salesforce has good cause to add new prior art references, and new theories of invalidity based on such prior art references, is judged by Salesforce's diligence. *INAG, Inc. v. Richar, LLC*, No. 2:16-cv-00722-RFB-EJY, 2021 WL 1582766, at *4 (D. Nev. Apr. 22, 2021) (explaining that the "good cause standard requires the party seeking amendment to establish it acted diligently").  With respect to each of the 21 New Prior Art References Salesforce seeks to add, Salesforce must demonstrate that it acted diligently both with respect to discovering each of the references and with respect to amending its contentions after learning of such references. *Id.*

The requirement for diligence and good cause to add a new prior art reference and a new theory of invalidity based on such reference is not unique to this District.  Instead, courts with local

1    patent rules uniformly require that a party seeking to add a new reference and/or a new invalidity

2    theory post-claim construction demonstrate basic diligence and a lack of prejudice to the other side.

3    *See U.S. Well Services, LLC v. TOPS Well Services*, No. 3:19-CV-00237, 2020 WL 5554022, at *2–

4    *4 (S.D. Tex. Sept. 16, 2020) (denying leave to amend invalidity contentions to add one new prior

5    art reference since the accused infringer failed to show that it exercised reasonable diligence in

6    searching for the reference); *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00503-JRG-RSP, 2020

7    WL 709557, at *2 (E.D. Tex. Feb. 10, 2020) (citation omitted) ("'In the context of untimely

8    amendments to invalidity contentions, the first factor—explanation—requires the amending party to

9    show it was diligent both in discovering and in disclosing the prior art references.'"); *Contour IP

10   Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 109063, at *4–*5 (N.D. Cal. Jan.

11   9, 2020) (denying accused infringer leave to amend invalidity contentions to add newly discovered

12   prior art products, the court finding that the accused infringer failed to show diligence when the new

13   prior art); *Willis Elec. Co., Ltd. v. Polygroup Macau Ltd.*, No. 15-cv-3443-WMW-KMM, 2019 WL

14   5541407, at *2–*6 (D. Minn. Oct. 28, 2019) (where case had been stayed for IPR proceedings, which

15   the patent survived, instructing that to amend a "prior art statement" an accused infringer "must

16   demonstrate that it did not and could not have located the references it seeks to add"); *Digital Ally,

17   Inc. v. Taser Int'l, Inc.*, 16-2032-CM-TJJ, 2018 WL 5620654, at *2 (D. Kan. Oct. 30, 2018) (denying

18   accused infringer's attempt to add one prior art reference near the end of discovery due to a lack of

19   diligence and prejudice).

20          Here, there is no dispute that Salesforce was not diligent in seeking to amend its anticipation

21   and obviousness theories.  As detailed above, as part of the meet and confer process, Salesforce

22   refused to provide information regarding when it became aware of each of the 21 New Prior Art

23   References.  (Ex. 4, at 4, 8.)  Ultimately, Salesforce conceded that it would not attempt to argue that

24   any of the amendments addressed herein are supported by either good cause or diligence.  (Ex. 4, at

25   2.)

26          Not only was Salesforce not diligent; the prejudice that would result from such a complete

27   overhaul of Salesforce's invalidity theories is substantial.  The parties have spent years litigating one

28   set of invalidity contentions, they each filed two sets of claim construction briefs with expert

1    declarations based on those contentions, and this Court has construed the claims in light of the

2    parties' disputes based on the theories in the case.  Indeed, courts routinely find prejudice where a

3    party seeks a post-claim construction amendment to add a *single* reference or a *single* theory of

4    invalidity.  *MorphoTrust USA, LLC v. United States*, 132 Fed. Cl. 419, 421 (2017) (finding prejudice

5    when plaintiff had "staked out comprehensive positions with respect to claim construction without

6    the understanding that defendants would challenge several additional terms as indefinite"); *Imperium*

7    *IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co. Ltd.*, No. 4:14-CV-371, 2016 WL 3854700, at *2

8    (E.D. Tex. Mar. 28, 2016) ("It is clear that amendments to invalidity contentions after parties have

9    disclosed and argued for their claim constructions positions is prejudicial."); *Allure Energy, Inc. v.*

10   *Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) (finding prejudice where movant sought to

11   amend after "all crucial pre-Markman deadlines had passed" and the parties had exchanged proposed

12   claim constructions and filed opening claim construction briefs).  Salesforce's 2022 Amendments do

13   not merely seek to inject one new invalidity theory or one or two related prior art references.

14   Instead, Salesforce's 2022 Amendments seek to inject 21 new prior art references and numerous new

15   theories based on such references.  Here, the proposed amendments would be "highly prejudicial"

16   because the extent and scope of Salesforce's new theories would almost certainly require a new

17   claim construction hearing and yet a third round of briefing.  *MASS Engineered Design, Inc. v.*

18   *Ergotron, Inc.*, 250 F.R.D. 284, 287 (E.D. Tex. 2008) (finding amendments to invalidity contentions

19   would be "highly prejudicial" where "the additional prior art references may give rise to new claim

20   construction issues").

21          The prejudice associated with a re-do of claim construction and discovery with respect to

22   previously undisclosed invalidity theories would be particularly acute in this case.  This case has

23   already been delayed for many years while Salesforce elected to pursue certain invalidity theories

24   before the PTAB.  Salesforce's invalidity claims were ultimately unsuccessful before the PTAB.  It

25   is time for the parties to move forward based on the claims, products, and prior art that were at issue

26   during claim construction and have been at issue for years.  Indeed, there are a scant few weeks left

27   in discovery and due to Salesforce's need for a six-week extension to provide amended contentions,

28   purportedly due to holidays and vacations (*see supra* at 4), and its refusal for weeks to confer despite

AIT's repeated requests (*see* supra at 6–7), there is simply no time left for additional claim construction briefing and a new hearing.

**2.    Local Patent Rule 1-18a Does Not Excuse Salesforce's Dilatory and Prejudicial Conduct**

Salesforce contends that this Court's local rules are expansive enough that all amendments are permissible following claim construction, even if those amendments are not accompanied by good cause or diligence, as long as those amendments somehow address the ultimate constructions provided in the claim construction order.  According to that reading of the local rules, LPR 1-18a permits Salesforce to add a theory of invalidity based on a new reference without good cause as long as it can identify a single construction that is related to that reference.  Salesforce's reading of LPR 1-18a is not credible.

Local Patent Rule 1-18a states:

> Within 14 days of a Claim Construction Order the parties are required to meet and confer in order to reasonably limit the number of claims and prior art references asserted.  Within 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include any other amendments to their disclosure at that time.

As stated in the rule itself, the purpose of LPR 1-18a amendments is to "reasonably limit the number of claims and prior art references asserted," as well as any other amendments to existing contentions based on the Court's claim construction.

Contrary to Salesforce's position, LPR 1-18a is not a way to shoehorn previous undisclosed theories of invalidity and new references into a case following claim construction.  Local Patent Rule 1-18a only permits amendments "based on a claim construction order." *Linksmart Wireless Tech., LLC v. Caesars Entm't Corp.*, No. 2:18-cv-00862-MMD-NJK, 2021 WL 201775, at *2 (D. Nev. Jan. 20, 2021).  First, Salesforce will be unable to demonstrate that the proposed addition of 12 new anticipation theories based on 12 corresponding new references are properly based on any particular claim construction.  Prior to its 2022 Amended Contentions, Salesforce had not asserted that a *single* limitation of any asserted claim was satisfied by any of the 12 new allegedly anticipatory references.  Yet, as part of its 2022 Amended Contentions, for each of those new references, Salesforce now

1    alleges that *hundreds* of asserted claim limitations are satisfied.  (Ex. 1, A-16 through A-27.)  It

2    would strain credulity to suggest that Salesforce's new theory that hundreds of limitations are

3    satisfied by each of 12 new prior art references is the result of the claim construction order.

4            Further, Salesforce contends that the Court's claim construction order provided it cover to

5    search for prior art, add 21 new prior art references, and add numerous new theories of obviousness.

6    Yet, nothing in the Court's claim construction order justifies such belated efforts.  Salesforce

7    contends that certain new references were added following the claim construction decision because

8    this Court construed "automatically detect[ing]" to require detection using an "intelligent agent."

9    (*See* Ex. 1 at 40–47; Ex. 4 at 7–8 (Jan. 20, 2022 Stake E-mail).)  Yet, it was Salesforce that first

10   proposed a construction of "automatically detect[ing]" as requiring an "intelligent agent" nearly

11   seven years ago, on August 14, 2015.  (Dkt. #63 at 3.)

12           The Court's decision to adopt Salesforce's argument concerning "intelligent agent" does not

13   mean that Salesforce is free to conduct new searches and add new references based on its own

14   proposed construction.  With respect to new theories of invalidity based on new prior art references,

15   courts uniformly find that a party's amendments are not made in good faith based on a claim

16   construction originally proposed by that party, because the Court's adoption of that construction was

17   clearly not "unexpected or unforeseeable."  *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667

18   (E.D. Tex. 2007); *CommScope Techs. LLC v. Dali Wireless, Inc.*, No. 3:16-cv-0477-M, 2018 WL

19   4566130, at *3 (N.D. Tex. Sept. 21, 2018); *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-CV-

20   2681-HLT-KGG, 2021 WL 5232312, *2–*3 (D. Kan. Nov. 10, 2021) ("The Court agrees with other

21   districts that good faith requires that the claim construction adopted by the court be 'unexpected' or

22   'unforeseeable.'"); *Patent Harbor, LLC v. Audiovox Corp.*, No. 6:10-CV-361, 2012 WL 12840341,

23   at *2 (E.D. Tex. Mar. 30, 2012) ("Defendants must show that the Court's construction was so

24   different from the parties' proposed constructions that amending their [invalidity contentions] is

25   necessary.").  This interpretation is consistent with the purpose of local rules, which encourage and

26   require early disclosure of prior art references and invalidity theories, and the subsequent narrowing

27   of those references and theories following claim construction.  As recently explained in *Willis*

28   *Electric*:

PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE

> [P]ermitting amendment because of arguments developed through claim construction would undermine the very purpose of early prior art disclosure.  Claim construction always follows the prior art statement—if parties could always amend their prior art statements after claim construction, the court would be unable to prevent the parties from usurping the overarching purpose of requiring early disclosure of these charts.

2019 WL 5541407, *2–*6 (D. Minn. 2019) (internal quotations omitted).

Any reading of Local Patent Rule 1-18a that would permit the wide-ranging, game-changing amendments proposed by Salesforce would be contrary to the very purpose of the Local Patent Rules of this District.  Indeed, "[t]he District of Nevada's Local Patent Rules … are designed to require the parties to provide 'early notice of their … invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Silver State Intellectual Techs.*, 32 F. Supp. 3d at 1161–62.

**B.    Salesforce's New Invalidity Theories Based on 35 U.S.C. § 112 Should Be Stricken**

Salesforce's 2022 Amended Contentions allege for the first time lack of enablement and written description for the following four claim terms: "the third portion …"; "the fourth portion …"; "a change management layer …"; and "automatically detecting changes that affect …."   Salesforce also added new theories of indefiniteness for the claim terms "first layer" and "the third portion …." (*Compare* Ex. 1 at 55 *with* Ex. 2 at 44).

Salesforce's new invalidity defenses under § 112 are not based on any of the Court's claim constructions.  With respect to purported lack of enablement and written description for the claim terms "the third portion," "the fourth portion," "a change management layer," and "automatically detecting changes," Salesforce's new arguments are based on the plain language of the claims and the specification.  Specifically, Salesforce alleges that "there is no reference in the specification to what it could mean to 'dynamically' generate a functionality or user interface," and that "[t]he specification discloses neither a method for detecting when changes occur 'that affect an application,' nor does it disclose a method for determining what information 'affects' the application in the first place."  (Ex. 1 at 59 (enablement); *see also id.* at 60–61 (written description).)  As such,

nothing in the Court's claim construction order justified the addition of these four new invalidity theories.

With respect to indefiniteness, Salesforce's new arguments for the terms "first layer" and "third portion" are coextensive with its indefiniteness contentions for the terms "unique aspects" and "dynamically," respectively.  (*See* Ex. 1 at 55–56.)  Not only are those arguments not *based on* the Court's claim construction order; they *contradict* the claim constructions set forth in the Court's order.  With respect to "first layer," the Court considered and expressly rejected Salesforce's indefiniteness argument for "unique aspects."  (Dkt. #172 at 20.)  With respect to "third portion," Salesforce initially argued indefiniteness for "dynamically" in a footnote, but never pressed that argument in a meaningful way.  (*Compare* Dkt. #154 at 17 & n.14 *with* Dkt. #159 at 11–13.)  The Court ultimately held that the term "dynamically generate" needs no additional construction.  (Dkt. #172 at 17–18.)  Accordingly, Salesforce's belated attempt to revive those failed indefiniteness arguments should be rejected.

**V.      CONCLUSION**

For the foregoing reasons, AIT respectfully requests that the Court strike the portions of Salesforce's 2022 Amended Contentions that include new theories of anticipation or obviousness based on any of the 21 New Prior Art References, and new theories of invalidity based on 35 U.S.C. § 112.

1    Dated:  March 16, 2022                    */s/ Michael DeVincenzo*

2                                              Michael A. Burke, Esq.
3                                              ROBISON, SHARP, SULLIVAN & BRUST
                                               (Resident Counsel)
4                                              71 Washington Street
                                               Reno, Nevada  89503
5
6                                              Andrea Pacelli, Esq. (*pro hac vice*)
                                               Mark S. Raskin, Esq. (*pro hac vice*)
7                                              Michael DeVincenzo, Esq. (*pro hac vice*)
                                               Elizabeth Long, Esq. (*pro hac vice*)
8                                              Charles Wizenfeld, Esq. (*pro hac vice*)
                                               KING & WOOD MALLESONS LLP
9                                              500 Fifth Ave., 50th Floor
                                               New York, New York 10110
10                                             Telephone: (212) 319-4755
                                               Email: andrea.pacelli@us.kwm.com
11                                             mark.raskin@us.kwm.com
                                               michael.devincenzo@us.kwm.com
12                                             elizabeth.long@us.kwm.com
                                               charles.wizenfeld@us.kwm.com
13
                                               Steven C. Sereboff, Esq. (*pro hac vice*)
14                                             SoCAL IP LAW GROUP LLP
                                               1332 Anacapa, Suite 201
15                                             Santa Barbara, CA 93101
                                               Telephone: (805) 230-1356
16                                             Email: ssereboff@socalip.com

17                                             *Attorneys for Plaintiff*
                                               *Applications in Internet Time, LLC*
18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE

1

**CERTIFICATE OF SERVICE**

2    The undersigned certifies that on March 16, 2022 I caused the foregoing **PLAINTIFF**

3    **APPLICATIONS IN INTERNET TIME, LLC'S OPENING BRIEF IN SUPPORT OF ITS**

4    **MOTION TO STRIKE PORTIONS OF SALESFORCE.COM'S AMENDED INVALIDITY**

5    **CONTENTIONS** to be filed with the Clerk of the Court by using the CM/ECF system which will

6    send a Notice of Electronic Filing to the following counsel of record:

7

8    Leigh T. Goddard
      lgoddard@mcdonaldcarano.com
9

    John J. Frankovich
10   jfrankovich@mcdonaldcarano.com

11   Kevin P.B. Johnson
      kevinjohnson@quinnemanuel.com
12

13   Ray R. Zado
      rayzado@quinnemanuel.com
14

15   Sam S. Stake
      samstake@quinnemanuel.com

16   *Attorneys for Defendant salesforce.com, Inc.*

17

18

19   Dated: March 16, 2022              */s/ Michael DeVincenzo*
                                     Michael DeVincenzo
20

21

22

23

24

25

26

27

28