LEIGH GODDARD, NV Bar #6315
PHILIP MANELLY, NV Bar #14236
McDonald Carano LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lgoddard@mcdonaldcarano.com
pmanelly@mcdonaldcarano.com

KEVIN JOHNSON (*pro hac vice*)
RAY ZADO (*pro hac vice*)
SAM STAKE (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
Email: kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendant salesforce.com, inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>Defendant. | No. 3:13-CV-00628-RCJ-VPC<br><br>SALESFORCE'S OPPOSITION TO AIT'S MOTION TO STRIKE AMENDED INVALIDITY CONTENTIONS |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.     BACKGROUND .................................................................................................. 2

      A.     The Amended Contentions Were Timely Served During Early Fact
            Discovery .................................................................................................. 2

      B.     AIT Represented that Amendments "Based on the Claim Construction
            Order" Were Acceptable ........................................................................... 3

      C.     Both Parties Amended Their Contentions to Respond to the Claim
            Construction Order ................................................................................... 4

      D.     AIT Chose Not to Pursue Discovery, Despite Ample Time ...................... 5

III.    LEGAL STANDARD ........................................................................................... 6

IV.    AIT'S MOTION TO STRIKE SHOULD BE DENIED ...................................... 7

      A.     AIT Is Mistaken That LPR 1-18a Requires Good Cause ......................... 7

      B.     Salesforce's Amended Invalidity Contentions Respond to the Claim
            Construction Order, Which AIT Agreed Is "Good Cause" ...................... 11

      C.     AIT Points To No Prejudice From The Amended Invalidity Contentions ............. 13

V.     THE COURT SHOULD STRIKE AIT'S AMENDED INFRINGEMENT
      CONTENTIONS IN THE ALTERNATIVE ...................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page**

## <u>Cases</u>

*Allure Energy, Inc. v. Nest Labs, Inc.*,
    84 F. Supp. 3d 538 (E.D. Tex. Mar. 24, 2015) ................................................................. 15

*Apple Inc. v. Samsung Elecs. Co.*,
    No. 12-CV-0630-LHK PSG, 2013 WL 3246094 (N.D. Cal. June 26, 2013) ................... 13

*Asyst Techs., Inc. v. Empak, Inc.*,
    No. C 98-20451 JF, 2006 WL 3302476 (N.D. Cal. Nov. 14, 2006) ................................ 13

*Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*,
    No. CV 18-1560-GW(Ex), 2019 WL 4565170 (C.D. Cal. Aug. 9, 2019) ........................ 13

*Celgene Corp. v. Natco Pharma Ltd.*,
    No. 10-5197(SCM), 2015 WL 4138982 (D.N.J. July 9, 2015) ........................................ 15

*CellCast Techs., LLC v. United States*,
    152 Fed. Cl. 414 (2021) ................................................................................................... 13

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
    No. 17-CV-05928-YGR(KAW), 2021 WL 4923370 (N.D. Cal. Aug. 10, 2021) ............. 10

*CommScope Techs. LLC v. Dali Wireless, Inc.*,
    No. 3:16-CV-0477-M, 2018 WL 4566130 (N.D. Tex. Sept. 21, 2018) ........................... 11

*Contour IP Holding, LLC v. GoPro, Inc.*,
    No. 3:17-CV-04738-WHO, 2020 WL 109063 (N.D. Cal. Jan. 9, 2020) ......................... 10

*Digital Ally, Inc. v. Taser International, Inc.*,
    No. 16-2032-CM-TJJ, 2018 WL 5620654 (D. Kan. Oct. 30, 2018) ................................ 10

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
    No. C03-01431SBA(EDL), 2005 WL 2043047 (N.D. Cal. Aug. 24, 2005) ...................... 8

*Genentech, Inc. v. Amgen, Inc.*,
    289 F.3d 761 (Fed. Cir. 2002) .......................................................................................... 6

*Google LLC v. Sonos, Inc.*,
    No. 20-CV-03845-EMC, 2021 WL 4061718 (N.D. Cal. Sept. 7, 2021) ......................... 10

*GPNE Corp. v. Apple Inc.*,
    2013 WL 6157930 (N.D. Cal. Nov. 22, 2013) ................................................................. 12

*GREE, Inc. v. Supercell*,
    No. 2:19-CV-00237-JRG-RSP, 2020 WL 5747843 (E.D. Tex. Sept. 24, 2020) ............. 10

*Imperium IP Holdings v. Samsung Elecs. Co.;*,
    No. 4:14-CV-371, 2016 WL 3854700 (E.D. Tex. Mar. 28, 2016) ................................... 15

*INAG, Inc. v. Richar, LLC*,
    No. 2:16-CV-00722-RFB-EJY, 2021 WL 1582766 (D. Nev. Apr. 22, 2021) ............... 7, 8

*JS Prods., Inc. v. Kabo Tool Co.*,
    No. 2:11-CV-01856-RCJ-GWF, 2014 WL 1093107 (D. Nev. Mar. 19, 2014) ............ 6, 14

*Kinglite Holdings Inc. v. Micro-Star Int'l Co.*,
    No. CV1403009JVSPJWX, 2015 WL 6437836 (C.D. Cal. Oct. 16, 2015)..................... 12

*Linksmart Wireless Technology, LLC v. Caesars Entertainment Corp.*
    No. 2:18-CV-00862-MMD-NJK, 2021 WL 201775 (D. Nev. Jan. 20, 2021) ................... 8

*MASS Engineered Design, Inc. v. Ergotron, Inc.*,
    250 F.R.D. 284 (E.D. Tex. 2008) ................................................................................. 15

*MorphoTrust USA, LLC v. United States*,
    132 Fed. Cl. 419 (2017) .............................................................................................. 14

*Nike, Inc. v. Adidas Am. Inc.*,
    479 F. Supp. 2d 664 (E.D. Tex. 2007) ........................................................................ 10

*No Spill, LLC v. Scepter Candada, Inc.*,
    No. 2:18-CV-2681-HLT-KGG, 2021 WL 5232312 (D. Kan. Nov. 10, 2021) ................ 11

*Patent Harbor, LLC v. Audiovox Corp.*,
    No. 6:10-CV-00361 LED-JDL, 2012 WL 12840341 (E.D. Tex. Mar. 30, 2012)............. 11

*Power Probe Group Inc. v. Innova Electronics Corp.*,
    No. 2:21-CV-00332-GMN-EJY, 2021 WL 5280651 (D. Nev. Nov. 12, 2021) ................. 7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*,
    No. 2:13-CV-213-JRG-RSP, 2015 WL 1848524 (E.D. Tex. 2015) ................................ 10

*Return Mail, Inc. v. United States*,
    152 Fed. Cl. 455 (2021) ................................................................................................. 6

*Silver State Intellectual Technologies, Inc. v. Garmin International, Inc.*,
    32 F. Supp. 3d 1155 (D. Nev. 2014) ......................................................................... 8, 9

*Simo Holdings Inc. v. Hong Kong*,
    354 F. Supp. 3d 508 (S.D.N.Y. 2019).......................................................................... 9

*THX, Ltd. v. Apple, Inc.*,
    No. 13-CV-01161-HSG, 2016 WL 1718137 (N.D. Cal. Apr. 29, 2016) ........................ 14

*Treehouse Avatar LLC v. Valve Corp.*,
    No. C17-1860-RAJ, 2020 WL 2800723 (W.D. Wash. 2020)........................................ 15

*Uniloc 2017 LLC v. Google LLC*,
    No. 2:18-CV-00503-JRG-RSP, 2020 WL 709557 (E.D. Tex. Feb. 10, 2020) ............. 9, 10

*U.S. Well Services, LLC v. TOPS Well Services*,
    No. 3:19-CV-00237, 2020 WL 5554022 (S.D. Tex. Sept. 16, 2020) ............................. 9

*Willis Electrics Co. v. Polygroup Macau Ltd.*,
    No. 15-CV-3443- WMW-KMM, 2019 WL 5541407 (D. Minn. Oct. 28, 2019) ................. 9

**Statutory Authorities**

35 U.S.C. § 112 ............................................................................................ 5, 12, 15

**Rules and Regulations**

D. Nev. Loc. Pat. R. 1-18a ................................................................................ 6

E.D.N.Y. Loc. Pat. R. 9D .................................................................................. 8

E.D.N.C. Loc. Pat. R. 303.6 .............................................................................. 8

M.D.N.C. Loc. Pat.. R. 103.6(b)-107 ................................................................ 8

N.D. Ill. Pat. R. 3.1(b) ...................................................................................... 8

N.D. Ohio Loc. R. 3.10 ..................................................................................... 8

S.D.N.Y. Loc. Pat. R. 9 ..................................................................................... 8

Utah Loc. Pat. R. 3.1 ........................................................................................ 8

W.D.N.Y. Loc. Pat. R. 3.7 ................................................................................ 8

# I.     <u>INTRODUCTION</u>

AIT's motion to strike Salesforce's amended invalidity contentions should be denied.  The motion conflicts with the Local Patent Rules and pertinent case law.  Local Patent Rule 1-18a expressly provides for "Post-Claim Construction Amendment of Contentions" and states that "[w]ithin 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include ***any other amendments*** to their disclosure at that time."  Salesforce plainly complied with this rule.  AIT's motion attempts to rewrite and ignore the plain language of the rule, relies on outdated and irrelevant case law, and clashes with its own amended infringement contentions.  The motion should be denied.

***First,*** AIT is fundamentally wrong that LPR 1-18a requires good cause to amend the parties' contentions.  The rule itself, the commentary adopting the rule, and pertinent cases make clear the rule permits amendment as a matter of right.  The Nevada Patent Local Rules, just as in the Western District of Texas, Northern District of Illinois, Eastern District of New York, and other districts courts, permit initial and final amended contentions as a matter of right.  Only ***after*** final amended contentions are served in these venues, just as here, must a party establish good cause to amend.  *See* LPR 1-12 ("***Other than as provided in LPR 1-18a*** no other amendments to disclosures may be made other than as set forth herein ***absent a showing of good cause***.").  Accordingly, there is no basis to strike Salesforce's Post-Claim Construction Amended Contentions, which were timely disclosed.

***Second***, AIT is simply incorrect that Salesforce's amended invalidity contentions are not based on the claim construction order.  AIT does not dispute that the order was a proper basis for amendment, and in fact AIT too relied on the Court's constructions to amend its own infringement contentions.  Salesforce expressly responded to the Court's construction of "automatically detect" for the vast majority of its contentions, just as AIT's amended contentions repeatedly refer to this construction.   Salesforce's remaining challenged contentions also mirror AIT's amended contentions—like AIT, Salesforce addressed the Court's "plain and ordinary" construction of certain claim terms, including for "changes affecting" and "dynamically generate."

***Third***, AIT does not, and cannot, point to ***any*** prejudice caused by Salesforce's timely disclosed, Post-Claim Construction Amended Contentions.   The amended contentions were disclosed on January 10 (pursuant to the parties' agreement), nearly four months before the close of fact discovery, and more than five months before the deadline for opening expert reports. Consistent with the logical and orderly sequencing set forth in the Local Patent Rules, that is ample time for AIT to pursue any discovery that it believes is necessary to rebut or otherwise respond to Salesforce's invalidity contentions.   Moreover, AIT has acknowledged that it does not actually need any additional discovery to respond to Salesforce's amended contentions, as it has not pursued any subpoenas or other discovery mechanisms in the intervening months.

Instead of articulating any basis for prejudice, AIT resorts to misrepresenting the record, characterizing a six-year stay as "years litigating" (Mot. at 10-11); incorrectly stating that Salesforce, and not RPX, "elected to pursue certain invalidity theories before the PTAB" (*id.* at 11); and misrepresenting that Salesforce wants a "re-do of claim construction and discovery" (*id.* at 11).   Worse yet, AIT waited for over two months after January 10 to bring this motion, but then points the blame at Salesforce that "there are a scant few weeks left in discovery."   Mot. at 11. Since the inception of this case, AIT has utterly failed to conduct fact discovery, having taken just one fact deposition and no third-party discovery.   AIT's failure to demonstrate any harm caused by Salesforce's amended contentions, as opposed to its own delay, alone warrants denying the motion.

## II.   BACKGROUND

### A.   The Amended Contentions Were Timely Served During Early Fact Discovery

Salesforce served initial invalidity contentions on July 18, 2014, reserving its rights to supplement because "discovery has only recently begun" and "[p]rior art not included in this disclosure, whether known or not known to Salesforce, may become relevant."   Ex. 2, at 24:5-16, 24:17-22[1].   One month later, Salesforce filed covered business method review petitions with the PTAB challenging the validity of AIT's patents, and the parties stipulated to a stay pending

---

[1]   Here and throughout the Opposition, "Ex." refer to exhibits attached to the Declaration of Michael S. DeVincenzo In Support of AIT's Motion, at Dkt. 186.

1   resolution of the CBMs.  Dkt. 51.  Seven months later, on April 27, 2015, the Court lifted the stay

2   after denial of Salesforce's petitions.  Dkt. 58.

3       Three months later, on August 17, 2015, RPX Corporation filed three IPR petitions against

4   all asserted claims of AIT's patents.  On June 14, 2016, the Court granted stay after the PTAB

5   instituted RPX's petitions for IPR.  Dkt. 82.  At that time, the Court observed that "[d]iscovery in

6   this case is not complete [because t]he parties agreed to wait until after the Court's Markman

7   decision to complete discovery."  *Id.* at 6.  The PTAB invalidated both AIT patents applying the

8   "broadest reasonable interpretation" of the patents on December 28, 2016; the Federal Circuit later

9   vacated these invalidity decisions as time-barred under its real-party-in-interest standard.

10      On March 2, 2021, the Court lifted the stay and set a claim construction hearing.  *See* Dkts.

11  145, 149, 150.  During the two stays, which lasted almost six years, no discovery was taken by

12  either party.  Stake Decl. ¶¶ 8, 9.[2]

13      **B.**     **AIT Represented that Amendments "Based on the Claim Construction**

14              **Order" Were Acceptable**

15      On November 9, 2021, the Court issued its claim construction order.  Dkt. 172.  The Court

16  construed "automatic detecting" as "detecting without human intervention through the use of one

17  or more intelligent agents," adopting elements of both parties proposed construction.  *Id.* at 12.

18  The Court also adopted elements of both parties constructions of "layer" and "portions of a

19  server."  *Id.* at 18-20.  For "changes that affect" and "dynamically generate," the Court ruled that

20  no construction was necessary.  *Id.* at 15.

21      Following the Claim Construction Order, the parties met and conferred in compliance with

22  LPR 1-18a and 1-19(a).  Ex. 3 at 8-10.  Salesforce explained that "given the impact of the Court's

23  Markman rulings on the parties' contentions" it "propose[d] a corresponding extension of

24  downstream deadlines including the close of fact discovery and the trial date."  *Id.* at 7 (J. Judah

25  11/23/2021 email).   Salesforce stated that its supplementation to contentions would "be in

26  _____

27      [2]  Here and throughout the Opposition, "Stake Decl.|" and "Stake Ex." refer to the declaration
    and exhibits attached to the Declaration of Sam Stake In Support Of Salesforce's Opposition To
28  AIT's Motion To Strike Amended Invalidity Contentions, filed concurrently herewith.

1   accordance with and as set forth in LPR 1-18a." *Id.* at 3 (R. Zado 11/29/2021 email).  AIT agreed

2   to a three-week mutual extension, stating that "[w]e are willing to agree to an extension until

3   January 10, 2022 for changes permitted under Local Patent Rule 1-18(a), i.e., ***those based on the***

4   ***claim construction order***." *Id.* (M. DeVincenzo 11/29/2021 email); *see also id.* at 6 (M.

5   DeVincenzo 11/23/2021 email, stating "we would be amenable to three weeks as a courtesy to

6   allow Salesforce to make any amendments necessitated by the claim construction ruling").

7        **C.     Both Parties Amended Their Contentions to Respond to the Claim**

8             **Construction Order**

9        Both parties amended their post-*Markman* contentions on January 10 to respond to the

10   Court's claim construction order.  AIT expanded its infringement contentions by well over 50%

11   for asserted claims, and repeatedly referenced the Court's claim construction order for expanded

12   contentions.  *Compare* Stake Ex. A at 1-42 *with* Stake Ex. C at 1-67 (showing a 60% increase in

13   AIT's infringement contentions for claim 1 of the '482 Patent); Stake Ex. B at 48-83 *with* Stake

14   Ex. D at 3-63 (showing a 75% increase in AIT's infringement contentions for claim 13 of the '111

15   patent).  AIT relied on the Court's construction of "automatically detect" to accuse expansive new

16   functionality in Salesforce's products, such as "software components for declarative

17   development," "software component for org-driven development," and "software components for

18   source-driven development."  Stake Ex. B at 59-64; *see also id.* at 126-131; Stake Ex. D at 58-63.

19   AIT also relied on the Court's constructions for "layer" and "portion of the server" to accuse

20   additional functionalities such as the "runtime engine."  For "dynamically generate," AIT cited to

21   the Court's "plain and ordinary" determination in order to allege infringement by the new

22   functionality, including "dynamic page rendering after an HTTP GET request" in Salesforce's

23   products.  Stake Ex. B at 64-67; Stake Ex. D at 47-50.[3]

24

---

25        [3]   In several other instances, AIT amended its contentions without any reference to the claim
    construction order at all.  For example, AIT supplemented its infringement contentions to include
26   reference to an entirely new component of Salesforce's software – the Universal Data Dictionary
    (UDD).  Stake Ex. B at 30-34.  AIT described in several instances how the UDD maps to the
27   elements of claim language without any reference to or reliance on the Court's construction of the
    term.  *Id.*

28

1   Salesforce also responded to the Court's constructions with its amended invalidity

2   contentions.  For a full **16** of its 21 new prior art references, Salesforce contended that they

3   disclosed "[a]utomatic detection of changes using intelligent agents," as required by the Court's

4   claim construction of "automatically detect."  Ex. 1 at 40.  Salesforce further responded to the

5   Court's "plain and ordinary" constructions by asserting four references from the IPRs that

6   invalidated AIT's patents under the "broadest reasonable interpretation" before the PTAB.  *Id.* at

7   26, 28.  Salesforce also asserted additional Section 112 deficiencies arising from the Court's broad

8   construction of "changes that affect," including for lack of enablement and written description.  *Id.*

9   at 56.[4]

10  **D.**   **AIT Chose Not to Pursue Discovery, Despite Ample Time**

11  Following the service of the Amended Contentions, the parties met and conferred on

12  January 18, 2022 regarding, among other issues, the appropriateness of each other's contentions.

13  Ex. 4 at 13.  Salesforce explained that its amended contentions related to the claim construction

14  order, including any additional prior art that was cited.  Ex. 4 at 10-12.  The parties then engaged

15  in extensive email correspondence regarding their respective complaints about each other's

16  amendments, culminating in a meet and confer on February 14.  Ex. 4 at 3-10.  Throughout the

17  written correspondence, Salesforce noted to AIT that:

18  - Salesforce's amendments were proper even under AIT's improper interpretation of

19    LPR 1-18a requiring good cause (*Id.* at 5, S. Stake 2/09/2022 email);

20  - Salesforce disagreed there was any "re-do" of Salesforce's contentions, and

21    Salesforce's supplementation was fully in accord with LPR 1-18a (*Id.* at 6, S. Stake

22    2/08/2022 email); and

23

24

25

26  [4]  Salesforce also asserted travel planning software system developed by ITA Software, Inc.
    and disclosed in U.S. Patent No. 6,307,572 ("'572 patent").  Salesforce asserted the '572 patent in

27  its initial invalidity contentions, and AIT highlighted travel planning applications at the claim
    construction hearing of its purported inventions.  Ex. 2 at 26, Stake Ex. H at 9:5-11.

28

- AIT itself amended its contentions in view of the Court's analysis of terms in the claim construction order, including where there was no explicit narrowing construction (*Id.* at 9, 1/21/2022 S. Stake email).

Salesforce next provided a proposed schedule for narrowing AIT's asserted claims and its asserted prior art in advance of expert reports, including narrowing prior art references by nearly half. *Id.* at 3. On February 28, 2022 AIT rejected Salesforce's proposed case narrowing, stating that instead it would move to strike Salesforce's contentions. *Id.* at 1-2. AIT then delayed for several additional weeks prior to filing the instant motion, filing nearly two months after service of amended contentions. Fact discovery does not close until May 6 and opening expert reports are due on June 9. Dkt. 181. The Court has not set the hearing on summary judgment and Daubert motions, and the tentative trial date of March 2023 is subject to the convenience of the Court.

AIT has not been using this time to pursue discovery. To date, AIT has taken just one fact witness deposition, which AIT only conducted within this past month. By contrast, Salesforce has served multiple inventor and third-party prior art system subpoenas in preparation for expert reports. Stake Decl. ¶¶ 13, 14.

## III.   <u>LEGAL STANDARD</u>

Local Patent Rule 1-18a states "[w]ithin 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include any other amendments to their disclosure at that time." D. Nev. Loc. Pat. R. 1-18a.

The District of Nevada's Local Patent Rules, "like their counterparts in other districts, seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *JS Prods., Inc. v. Kabo Tool Co.*, No. 2:11-CV-01856-RCJ-GWF, 2014 WL 1093107, at *3 (D. Nev. Mar. 19, 2014) (internal quotations omitted). "The law of the Federal Circuit controls for amending invalidity contentions because this issue is unique to patent cases and therefore has a close relationship to enforcement of substantive patent law." *Return Mail, Inc. v. United States*, 152 Fed. Cl. 455, 459 (2021) (citations omitted). Enforcement of the Local Patent Rules lies within the Court's discretion. *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002).

-6-

## IV.   **AIT'S MOTION TO STRIKE SHOULD BE DENIED**

### A.   **AIT Is Mistaken That LPR 1-18a Requires Good Cause**

First, AIT's motion rests on the faulty premise that amended contentions under LPR 1-18a require good cause.  LPR 1-18a calls for "Post-Claim Construction Amendment of Contentions" and is silent regarding good cause, instead requiring that amendments are made within a certain time from the Claim Construction Order and allowing the contentions to "include any other amendments."   In contrast, LPR 1-12 reads "Other than ***as provided in LPR 1-18a*** no other amendments to disclosures may be made other than as set forth herein ***absent a showing of good cause***."  Thus, the plain language of the rule makes it clear that LPR 1-18a, unlike LPR 1-12, does not require good cause.

The committee commentary adopting LPR 1-18a further demonstrates that the rule permits amendment as a matter of right.  The District of Nevada adopted revised Local Rules of Practice for Patent Cases on April 17, 2020, and included LPR 1-18a for the first time.  *See generally* Stake Ex. E.  The committee's stated rationale for the rule was that "cases could be streamlined by requiring parties to ***re-evaluate claims and prior art assertions*** at this stage in the litigation."  *See* Stake Ex. F at 5.  The commentary is silent as to any good cause requirement for the newly-added LPR 1-18a.  In contrast, for LPR 1-12, which requires good cause for other amendments to contentions, the commentary observes that "parties were using this relaxed phrasing [of the prior rule] to add extra unnecessary rounds of contentions ***during the pre claim construction phase***."  *Id.* at 3 (emphasis added).  The commentary thus makes clear that LPR 1-18a permits "any other amendments" as a matter of right.

The few Nevada cases which have addressed this rule since its adoption support this interpretation.  In *Power Probe Group Inc. v. Innova Electronics Corp.*, the Court contrasted amendments under LPR 1-12 and LPR 1-18a.  No. 2:21-CV-00332-GMN-EJY, 2021 WL 5280651, at *2 (D. Nev. Nov. 12, 2021).  The Court characterized LPR 1-18a as permitting parties to "amend their disclosures ***without seeking leave of court*** within 30 days of a court's claim construction order," contrasting it with LPR1-12 amendments that require "a showing of good cause."  *Id.*  Similarly, in *INAG, Inc. v. Richar, LLC*, cited by AIT, the Court observed that

-7-

defendant waived its LPR 1-18a amendment contentions, "which it could have done **as a matter of right** up to 30 days after entry of the Claim Construction Order."  No. 2:16-CV-00722-RFB-EJY, 2021 WL 1582766, at *2 (D. Nev. Apr. 22, 2021) (emphasis added).

LPR 1-18a thus takes an approach similar to other jurisdictions providing for initial and post-*Markman* amended contentions as a matter of right.  For instance, in the Western District of Texas, which currently has the highest volume of patent cases,[5] Judge Albright's standing order for patent cases expressly permits initial and post-*Markman* contentions without establishing good cause.  *See* Stake Ex. G at 8, 9.  Similarly, the Northern District of Illinois' Patent Local Rule 3.1 and Southern District of New York Local Patent Rule 9 permit post-claim construction amended invalidity contentions as a matter of right.  *See* N.D. Ill. Pat. R. 3.1(b), S.D.N.Y. Loc. Pat. R. 9. Many other jurisdictions have similar provisions, allowing for both initial and final contentions, permitting amendments due to any new prior art found during intervening time as a matter of right.  *See* E.D.N.Y. Loc. Pat. R. 9D; W.D.N.Y. Loc. Pat. R. 3.7; Utah Loc. Pat. R. 3.1; N.D. Ohio Loc. R. 3.10; M.D.N.C. Loc. Pat.. R. 103.6(b)-107; E.D.N.C. Loc. Pat. R. 303.6; *see also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,* No. C03-01431SBA(EDL), 2005 WL 2043047, at *1 (N.D. Cal. Aug. 24, 2005) (rejecting argument that local patent rule permitting final amended contentions "should be read to require that any changes to a party's Final Invalidity Contentions must be made in 'good faith' and must be 'related to' changes made by the patentee to its Final Infringement Contentions").

The other Nevada cases cited by AIT (Mot. 9-11) also support Salesforce.  *Linksmart Wireless Technology, LLC v. Caesars Entertainment Corp.* discusses the good cause standard under LPR 1-12, not under LPR 1-18a.  No. 2:18-CV-00862-MMD-NJK, 2021 WL 201775, at *2 (D. Nev. Jan. 20, 2021).   There, plaintiff sought to amend its infringement contentions at the close of fact discovery, and thus did not qualify for LPR 1-18a.  *Silver State Intellectual Technologies,*

---

[5]  Scott Graham, *Just 1 Judge Accounted for Nearly 25% of Patent Infringement Filings in 2021, New Report Says,* Law.com (Jan. 4, 2022), available at https://www.law.com/nationallawjournal/2022/01/04/just-one-judge-accounted-for-25-of-patent-infringement-filings-in-2021-new-report-says/.

-8-

*Inc. v. Garmin International, Inc*. similarly concerns a previous version of the District of Nevada Local Patent Rules, **six years** before LPR 1-18a was adopted, and which at the time included an explicit good cause requirement.  32 F. Supp. 3d 1155, 1161 (D. Nev. 2014).  AIT cites *Silver State* for the proposition that parties should provide "early notice of their invalidity contentions," but the current operative District of Nevada Local Patent Rules structurally provide for and address this concern by providing for final amended contentions well before the close of fact discovery, similar to the structure of contentions in many other districts.

AIT's other cases are also inapposite.  AIT cites to out-of-district authority concerning patent local rules with express "good cause" standards for amending contentions.  Like the court in *Simo Holdings Inc. v. Hong Kong uCloudlink Network Technology Ltd.*, this Court should find that "plaintiff's citations to various decisions from other courts imposing a 'good cause' standard for supplementing invalidity contentions are inapposite," when there is no such local rule standard here.  354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019).  For instance, the standard to modify invalidity contentions in *Willis Electrics Co. v. Polygroup Macau Ltd*., (Mot. at 10) is radically different than LPR 1-18a:  "the proponent of the motion must demonstrate three things: (1) that the proposed additional references 'were not, and could not reasonably have been, located earlier'; (2) the proposed references are not cumulative of prior art already included in the statement; and (3) the proponent's prejudice if leave is denied outweighs the prejudice that the non-moving party would face if the motion was granted."  No. 15-CV-3443- WMW-KMM, 2019 WL 5541407, at *2 (D. Minn. Oct. 28, 2019).

Similarly, *U.S. Well Services, LLC v. TOPS Well Services* (Mot. at 9-10) concerns amendments submitted under a "good cause" standard during the parties' claim construction briefing.  No. 3:19-CV-00237, 2020 WL 5554022, at *1-4 (S.D. Tex. Sept. 16, 2020).[6]  In *Uniloc*

---

[6]  By contrast, in *Sandbox Logistics LLC v. Proppant Express Investments. LLC*, the same district court as *U.S. Well* found that Defendant can amend invalidity contentions based on another analog of LPR 1-18a.  No. 3:16-CV-12, 2018 WL 6191044, at *1 (S.D. Tex. Nov. 28, 2018).  The court did not reach the issue of whether this rule contained a responsiveness requirement, because plaintiff could show no prejudice where the plaintiff should have known about some of the amendments from IPR and there was three weeks until the invalidity expert deposition.  *Id.* at *2.

*2017 LLC v. Google LLC*, where the local rules required "good cause" and no prejudice, unlike here, the court found that the supplemental prior art was not important where defendant had already disclosed 348 combinations and the defendant did not "adequately identify any disclosure in the new information that is distinct from Google's already-identified prior art." No. 2:18-CV-00503-JRG-RSP, 2020 WL 709557, at *3 (E.D. Tex. Feb. 10, 2020).[7]  Another AIT case, *Contour IP Holding, LLC v. GoPro, Inc.* concerns a different N.D. Cal. patent local rule requiring "good cause," and amended contentions after final contentions had already been served. No. 3:17-CV-04738-WHO, 2020 WL 109063, at *2 (N.D. Cal. Jan. 9, 2020).[8]  *Digital Ally, Inc. v. Taser International, Inc.* (Mot. at 10) is likewise distinguishable.  There, the defendant was previously granted leave to amend their contentions, and made a second request to amend which was submitted after fact discovery closed. No. 16-2032-CM-TJJ, 2018 WL 5620654, at *2 (D. Kan. Oct. 30, 2018).

AIT's other cited Texas, Kansas, and Minnesota cases (Mot. at 13) are similarly inapposite due to their application of express good cause standards under different patent local rules.  *See, e.g., Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (applying local rule allowing amendment where party believes in "good faith that the Court's Claim Construction

---

[7]  Applying the same rule in the same district, the Court in *GREE, Inc. v. Supercell Oy* permitted amendment, finding that where Defendant's understanding of a key term was narrower than the Court's final construction, it necessitated supplementation with additional, broader, prior art references, and where Plaintiff waited three months from the service of the contentions until bringing the motion to strike, there was no prejudice. No. 2:19-CV-00237-JRG-RSP, 2020 WL 5747843, at *2 (E.D. Tex. Sept. 24, 2020); *see also Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd*., No. 2:13-CV-213-JRG-RSP, 2015 WL 1848524, *2 (E.D. Tex. 2015) (rejecting motion to strike where Plaintiff "waited—more than two months later—to formally raise its objections to Defendants' subsequently amended invalidity contentions. It then waited an additional three weeks, to file the instant motion").

[8]  By contrast, in *Google LLC v. Sonos, Inc.*, the court applied the same rule as *Contour* but allowed amendment because "it is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions." No. 20-CV-03845-EMC (TSH), 2021 WL 4061718, at *4 (N.D. Cal. Sept. 7, 2021) (citations omitted); *see also Cellspin Soft, Inc. v. Fitbit, Inc.,* No. 17-CV-05928-YGR (KAW), 2021 WL 4923370, at *3 (N.D. Cal. Aug. 10, 2021) (finding good cause to amend and no prejudice under the same rule in the same district where, among other issues, "Defendants provided their final draft of the proposed amendments two months prior to the current fact discovery deadline, such that Plaintiff had the opportunity to conduct fact discovery as to the prior art").

Ruling so requires"); *CommScope Techs. LLC v. Dali Wireless, Inc*., No. 3:16-CV-0477-M, 2018 WL 4566130, at *3 (N.D. Tex. Sept. 21, 2018) (applying local rules under which "a party may not amend infringement contentions without leave of court unless the court adopts unexpected or unforeseeable claim constructions"); *No Spill, LLC v. Scepter Candada, Inc*., No. 2:18-CV-2681-HLT-KGG, 2021 WL 5232312, *2–3 (D. Kan. Nov. 10, 2021) (same); *Patent Harbor, LLC v. Audiovox Corp*., No. 6:10-CV-00361 LED-JDL, 2012 WL 12840341, at *2 (E.D. Tex. Mar. 30, 2012) (same).

Finally, AIT's statement that "the purpose of LPR 1-18a amendments is to 'reasonably limit the number of claims and prior art references asserted'" is also erroneous.  Mot. at 12.  LPR 1-18a requires the parties to meet and confer within 14 days of the *Markman* order to "limit the number of claims and prior art references asserted," and ***separately*** permits the parties "***any other amendments*** to their disclosure."  LPR 1-18a.  The Rule thus has two separate components:  (1) a meet and confer on claim and prior art narrowing; (2) "any other" post-*Markman* amendments, i.e., without any good cause requirement.[9]

### B.    Salesforce's Amended Invalidity Contentions Respond to the Claim Construction Order, Which AIT Agreed Is "Good Cause"

Salesforce's amended invalidity contentions are entirely proper, at a minimum, because they address the Court's claim construction order, which AIT agreed was a proper basis for amendment.  Salesforce expressly tied the vast majority of its supplemental prior art to the Court's construction of "automatically detect."  *See e.g.*, Ex. 1 at 40-47 (new references specifically addressed to "automatic detection of changes using intelligent agents").  Other amendments by Salesforce addressed key prior art from the IPRs under the Court's broad "plain and ordinary" constructions of other terms.  In fact, AIT ***does not dispute*** that the prior art references that Salesforce added are tied to the claim construction order.  *See generally* Mot. at 9-11.  AIT instead complains about the number of references added in the amendment and vague allegations of a "re-

---

[9]    The parties did not reach agreement during meet and confer on claim or prior art narrowing. On February 23, Salesforce proposed a schedule for significant claim and prior art narrowing, including to reduce the amount of asserted prior art by nearly half at the end of expert discovery. Ex. 4 at 3.

do of claim construction," even though AIT fails to articulate any impact of Salesforce's amendments on the Court's claim constructions.  Mot. at 11.

AIT's argument that "Salesforce's new invalidity defenses under § 112 are not based on any of the Court's claim constructions" (Mot. at 14) is also misplaced.  AIT objects in particular to Salesforce's written description and enablement positions for the terms "the third portion," "the fourth portion," "a change management layer," and "automatically detecting changes."  *Id.*  But all of these terms were at issue during claim construction proceedings, and the Court provided explicit constructions of these terms or portions of them.  Dkt. 172 at 24 (providing constructions of "automatic detect[ing]," "layer," and "portion of the server.").  Salesforce's enablement and written description positions are therefore also responsive to the Court's claim construction order and therefore permissible.

AIT's correspondence with Salesforce before the parties served their respective contentions, and its own amended infringement contentions, confirms the claim construction order provides a permissible basis for amendment.  In that correspondence, AIT expressly agreed and represented that the parties' amended contentions can include changes "based on the claim construction order."  Ex. 3 at 3 (M. DeVincenzo 11/29/2021 email); *see also id.* at 6 (M. DeVincenzo 11/23/2021 email, stating "we would be amenable to three weeks as a courtesy to allow Salesforce to make any amendments necessitated by the claim construction ruling").  AIT then extensively amended its infringement contentions by relying on the claim construction order (*supra* at 4-5), and Salesforce reasonably relied on AIT's representations in addition to relying on the plain language of LPR 1-18a for its own amendments.  It is improper for AIT to now try to strike based on a good cause standard when AIT's own position—along with numerous courts applying a "good cause" standard—that the claim construction order provided good cause.  *See, e.g., GPNE Corp. v. Apple Inc.*, 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013) ("GPNE could not have anticipated the full scope of the amendments needed without the court's claims construction order before it."); *accord Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV1403009JVSPJWX, 2015 WL 6437836, at *3 (C.D. Cal. Oct. 16, 2015) ("Kinglite still establishes its diligence in trying to amend its infringement contentions after the Court's Claim

-12-

SALESFORCE'S OPPOSITION TO AIT'S MOTION TO STRIKE

Construction Order. The Court's adoption of differing constructions from those proposed by Kinglite gives rise to good cause because those differences are material to Kinglite's theory of infringement."); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at \*9 (N.D. Cal. June 26, 2013) ("[T]he court finds that the claim construction order provides good cause for the proposed amendments…"); *CellCast Techs., LLC v. United States*, 152 Fed. Cl. 414, 426 (2021) (agreeing that "the Claim Construction Order triggered the new search for prior art by the Defendants").

AIT's various arguments that the Court's constructions were not "unexpected or unforeseeable" or that Salesforce lacked "diligence" are all variations on AIT's misplaced application of "good cause" standards.  (Mot. at 13).  AIT does not dispute that the challenged amended contentions were "based on the claim construction order" (Ex. 3 at 3), consistent with its prior representations, but instead seeks to impose additional requirements on Salesforce.  As discussed above, AIT improperly takes these additional requirements from inapposite case law applying express "good cause" rules for amending contentions.  *Supra* at § IV.A.  Accordingly, Salesforce's amended contentions were proper and AIT's motion should be denied.

## C.     AIT Points To No Prejudice From The Amended Invalidity Contentions

Also fatal to AIT's misguided "good cause" arguments, AIT has failed to demonstrate any prejudice resulting from Salesforce's amended invalidity contentions.  *See Asyst Techs., Inc. v. Empak, Inc.*, No. C 98-20451 JF, 2006 WL 3302476, at \*7 (N.D. Cal. Nov. 14, 2006) (permitting invalidity contention amendments where plaintiff "has not identified any particular prejudice it will suffer if [defendant] is permitted to amend its invalidity defenses and contentions"); *Auto. Data Sols., Inc. v. Directed Elecs. Canada, Inc.*, No. CV 18-1560-GW(Ex), 2019 WL 4565170, at \*2 (C.D. Cal. Aug. 9, 2019) ("Plaintiff's conclusory assertion that discovery 'may' need to be reopened, without specific examples of what aspects of Defendants' amended infringement theories would require it, does not support undue prejudice.").  When Salesforce served its amended contentions on January 10, nearly four months remained in fact discovery and more than six months remained before AIT's rebuttal expert report on invalidity.  Over 16 weeks of fact discovery was more than ample time for AIT to pursue any discovery it believed was necessary to

-13-

rebut or otherwise respond to Salesforce's invalidity contentions.  AIT, however, has not pursued any subpoenas or other discovery mechanisms in the intervening months, and has not demonstrated any specific prejudice for its experts, its trial preparation, or for any other facet of its case.

AIT instead resorts to misrepresenting the record.  Contrary to AIT's argument, there was no discovery happening during the near six-year stay.  *See* Mot. at 10 (characterizing a six-year stay as "years litigating"); *id.* at 8 (characterizing it as "eight years … engaged in claim construction and discovery"), *compare with* Stake Decl. ¶¶ 11, 12.  This fact weights against any prejudice from the amended invalidity contentions.  *See THX, Ltd. v. Apple, Inc*., No. 13-CV-01161-HSG, 2016 WL 1718137, at *2 (N.D. Cal. Apr. 29, 2016) ("THX's proclamation that Apple delayed seeking further discovery from Onkyo for 'almost two years' oddly ignores the fact that this action was stayed.")

AIT's own dilatory efforts to conduct discovery further undermine AIT's prejudice arguments.  *See, e.g., JS Prod., Inc. v. Kabo Tool Co*., No. 2:11-CV-01856-RCJ, 2014 WL 1093107, at *7 (D. Nev. Mar. 19, 2014) (finding that Plaintiff "has failed to identify any specific prejudice that could not have been cured through additional discovery" where Plaintiff "chose not to initiate any discovery related to any of the [supplemental prior art and] [i]nstead, and in response to [defendant's] good faith invitation to conduct additional discovery related to the supplemental contentions, [plaintiff] informed [defendant] that it would file the instant motions to strike").  AIT waited almost 2.5 months since the service to bring the instant motion.  AIT has not pursued any third party discovery despite the multiple prior art systems Salesforce has disclosed, it has taken only one deposition (unrelated to any issues raised in Salesforce's final invalidity contentions).  That AIT failed to take any action against the so-called "prejudice" it alleges is another basis to deny relief.

AIT attempts to argue prejudice based on out-of-district cases with inapposite local rules and facts.  In *MorphoTrust USA, LLC v. United States*, the defendant sought to amend its contentions in violation of a deadline set by the case schedule by arguing that "the deadline was more suggestive than definite" since "the court is always free to reopen the issue of claim

-14-

construction at later stages in the litigation." 132 Fed. Cl. 419, 420 (2017). Salesforce's amendments were timely, and Salesforce is not requesting to re-open claim construction. Similarly, *Imperium IP Holdings v. Samsung Elecs. Co.* and *Allure Energy, Inc. v. Nest Labs, Inc.* both concern inapplicable local rules that permit amendments "only by order of the court, which shall be entered only upon a showing of good cause," and where good cause is established based on five nonexclusive factors. *Imperium IP Holdings v. Samsung Elecs. Co.;* No. 4:14-CV-371, 2016 WL 3854700, at *1 (E.D. Tex. Mar. 28, 2016); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540-541 (E.D. Tex. Mar. 24, 2015). Neither this rule nor these factors are applicable here, where Salesforce amended its contentions as a matter of right under the Nevada Patent Local Rules.

AIT similarly fails to explain why Salesforce's amendments "would almost certainly require a new claim construction hearing and yet a third round of briefing" (Mot. at 11), and again reveals its persistent misunderstanding of the Local Patent Rules. LPR 1-18a explicitly permits amendments that address, among other things, the claim construction order and newly discovered prior art, and is meant to streamline a case, not generate further briefing. In addition to different local rules, *MASS Engineered Design, Inc. v. Ergotron, Inc.* concerned a motion to serve amended invalidity contentions post-*Markman* where defendant failed to serve any initial invalidity contentions entirely and did not include invalidity as a defense in its answer. 250 F.R.D. 284, 286 (E.D. Tex. 2008).

AIT's prejudice arguments regarding Salesforce's amended 35 U.S.C. § 112 theories fail for similar reasons: (1) LPR 1-18a applies, (2) even if it does not, Salesforce's amendments properly responded to the claim construction order, and (3) AIT fails to identify any specific prejudice arising from these theories. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2020 WL 2800723, at *2 (W.D. Wash. 2020) (granting leave to serve amended invalidity contentions to add written description and enablement invalidity contentions based on the court's recent claim construction); *Celgene Corp. v. Natco Pharma Ltd.*, No. 10-5197 (SDW)(SCM), 2015 WL 4138982, at *3-*5 (D.N.J. July 9, 2015) (permitting accused infringer to amend its invalidity contentions and add § 112 defenses, where the amendment was sought 23

-15-

1  days after the court had issued its claim construction order that had adopted plaintiff's proposed

2  construction).

3  **V.  THE COURT SHOULD STRIKE AIT'S AMENDED INFRINGEMENT**

4  **CONTENTIONS IN THE ALTERNATIVE**

5  AIT's motion should be denied for all of the foregoing reasons.  AIT applies an erroneous

6  "good cause" standard, ignores the plain language of LPR 1-18a, cites inapposite case law, and

7  ignores its prior position that the Markman order provided good cause for amendment—all of

8  these provide ample basis to deny AIT's motion.  However, if the Court were to apply AIT's

9  "good cause" standard and entertain the possibility that Salesforce somehow failed to meet that

10  standard, AIT's own voluminous amendments to its infringement contentions on January 10, 2022

11  violate the unjustifiably restrictive standard AIT seeks to impose, and should be stricken.

12  Before serving its amended contentions, AIT argued that the Court's constructions should

13  have a "rather limited impact" on the parties' contention.  Dkt. 186, Ex. 3.  Yet, when it served its

14  contentions soon after, AIT expanded its contentions for its asserted claims by several dozen

15  pages, including by roughly 60% for claim 1 of the '482 patent and 75% for claim 13 of the '111

16  patent.  *Compare* Stake Ex. A at 1-42 *with* Stake Ex. C at 1-67 (showing a 60% increase in AIT's

17  infringement contentions for claim 1 of the '482 Patent); Stake Ex. B at 48-83 *with* Stake Ex. D at

18  148-210 (showing a 75% increase in AIT's infringement contentions for claim 13 of the '111

19  patent).   Like Salesforce, AIT cited the Court's Markman order as a purported basis for its

20  amendments, including for all new components and functionalities (indicated below):

21  • **"layer"/ "portion of the server" (Ex. C at 29-33, 37-38, 43-50, 54-57; 95-99; 104-105;**

22  **114-121; Ex. D at  13-17, 24-25; 40-46; 54-57)**

23  o  "Universal Data Dictionary"

24  o  "Base Platform Objects," "custom object (virtual database tables)," and "custom

25  fields (virtual database columns)"

26  • **"automatic detect[ing]" (Ex. C at 54-57; 58-63; 125-130; Ex. D at 58-63)**

27  o  "software components for declarative development (e.g., Change Sets, Setup Audit

28  Trail)"

-16-

- o "software components for org-driven development (e.g., Developer Sandbox, Sandbox Refresh, Developer Edition Orgs, Scratch Orgs, Migration Tool, Force.com IDE, Metadata API, Tooling API…)"
- o "software components for source-driven development (e.g., Web IDE, Salesforce Developer Experience (DX), DX Source Tracking, DX Continuous Integration/Continuous Delivery/Continuous Deployment, CLI Interface…)"

- **"dynamically generate[d]" (Ex. C at 64-67; 131-134; Ex. D at 47-50)**
  - o "dynamic page rendering after an HTTP GET request"

- **"business content database" (Ex. C at 135-136)**
  - o "Universal Data Dictionary"
  - o "custom objects (virtual database tables)"
  - o "custom fields (virtual database columns)"

AIT's own assertion that, in its view, the Court's constructions of these terms had a "rather limited impact" (Salesforce does not agree) directly undercuts any possible claim that its amendments to its infringement contentions comply with its proposed good cause standard. Indeed, AIT manifestly cannot show that it exercised any "diligence" in supplementing its contentions. Long before AIT's contentions, Salesforce published voluminous documentation on its website describing the new components and functionalities above, including through help.salesforce.com, developer.salesforce.com, and trailhead.salesforce.com. See, e.g., https://developer.salesforce.com/wiki/multi_tenant_architecture (Universal Data Dictionary); https://help.salesforce.com/s/articleView?id=sf.changesets.htm&type=5 (Change Sets); https://help.salesforce.com/s/articleView?id=sf.admin_monitorsetup.htm&type=5 (Setup Audit Trail); https://trailhead.salesforce.com/content/learn/modules/data_modeling/objects_intro (Custom Objects); https://developer.salesforce.com/docs/atlas.en-us.apexcode.meta/apexcode/apex_intro_get_dev_account.htm (Developer Sandbox); https://developer.salesforce.com/docs/atlas.en-us.api_meta.meta/api_meta/meta_intro.htm (Metadata API). Moreover, Salesforce had produced extensive technical documentation and had made source code for the accused products available for inspection by April 2021. Nevertheless,

-17-

AIT did not make any attempt to amend its contentions until January 10, 2022.  Indeed, AIT did not even notice the deposition of a single Salesforce witness, much less conduct any deposition, until well after the final contention deadline had passed.  Accordingly, to the extent that the Court were to apply AIT's proposed overly narrow reading of the "good cause" standard for supplementation of contentions, the Court should strike AIT's amendments to its final infringement contentions.


DATED: March 30, 2022                          Repectfully submitted,

                                               QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP


                                               By  /s/ Ray Zado                                        

                                                   Ray Zado
                                                   Quinn Emanuel Urquhart & Sullivan, LLP
                                                   555 Twin Dolphin Drive, 5th Floor
                                                   Redwood Shores, CA 94065
                                                   Telephone:  (650) 801-5000
                                                   Facsimile:  (650) 801-5100
                                                   rayzado@quinnemanuel.com

1

## CERTIFICATE OF SERVICE

2     I hereby certify, under penalty of perjury, that I am an employee of Quinn Emanuel

3 Urquhart & Sullivan LLP and that pursuant to LR 5-3 I caused to be electronically filed on this

4 date a true and correct copy of the foregoing document with the Clerk of the Court using the

5 CM/ECF system which will automatically e-serve the same on the attorney set forth below:

6     Michael A. Burke                          Andrea Pacelli
      *mburke@rssblaw.com*                       Mark S. Raskin
7                                                Michael De Vincenzo
                                                 Elizabeth Long
8                                                *andrea.pacelli@us.kwm.com*
                                                 *mark.raskin@us.kwm.com*
9                                                *michael.devincenzo@us.kwm.com*
                                                 *elizabeth.long@us.kwm.com*
10

11    Steven C. Sereboff
      *ssereboff@socalip.com*
12

13

14    DATED:  March 30, 2022.

15

16                                              /s/ *Olga Slobodyanyuk*
                                                Olga Slobodyanyuk
17

18

19

20

21

22

23

24

25

26

27

28

SALESFORCE'S OPPOSITION TO AIT'S MOTION TO STRIKE