# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC, | Case No. 3:13-CV-00628-RCJ-CLB |
| Plaintiff, | **ORDER GRANTING MOTIONS TO SEAL** |
| v. | [ECF Nos. 191, 197, 200, 207] |
| SALESFORCE.COM, INC., *et al.*, | |
| Defendants. | |

Before the Court are several motions to seal filed by both Plaintiff and Defendant in relation to various filings submitted to the Court for decisions. First, pending before the Court are the following motions to seal filed by Plaintiff, which seek to seal the following: (1) parts of the memoranda of points and authorities filed in support of Plaintiff's motion to compel discovery, (ECF No. 190), and certain exhibits attached thereto, (ECF No. 191); (2) parts of the reply brief filed in support of Plaintiff's motion to compel discovery, (ECF No. 199), and certain identified exhibits, (ECF No. 200); and (3) part of Exhibit "B" filed in support of Plaintiff's now withdrawn motion to modify the protective order, (ECF Nos. 206, 207.) Also pending before the Court is Defendant's motion to seal, which seeks to seal parts of its opposition to Plaintiff's motion to compel discovery, (ECF No. 195), and certain exhibits attached in support of the opposition, (ECF No. 197). No oppositions have been filed in response to these motions. Having reviewed each motion, the Court finds that motions to seal, ECF Nos. 191, 197, 200, 207, should be granted.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068-70 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts

1    and warrant materials in a pre-indictment investigation. *United States v. Bus. of Custer*

2    *Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658

3    F.3d 1188, 1192 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

4    1172, 1178 (9th Cir. 2006)).

5         If a party seeks to file a document under seal, there are two possible standards

6    that may apply: the compelling reasons standard or the good cause standard. *See Ctr.*

7    *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice

8    between the two standards depends on whether the documents proposed for sealing

9    accompany a motion that is "more than tangentially related" to the merits of the case. *Id.*

10   at 1099. If it is more than tangentially related, the compelling reasons standard applies. If

11   not, the good cause standard applies. *Id.* at 1102.

12        However, courts "broad latitude" under Rule 26(c) "to prevent disclosure of

13   materials for many types of information, including, but not limited to, trade secrets or other

14   confidential research, development, or commercial information." *Phillips v. Gen. Motors*

15   *Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted). In making the

16   determination, courts should consider relevant factors, including "the public interest in

17   understanding the judicial process and whether disclosure of the material could result in

18   improper use of the material for scandalous or libelous purposes or infringement upon

19   trade secrets . . . ." *Foltz vs. State Farm Mut. Auto, Ins. Co.*, 331 F.3d 1122, 1135 (9th

20   Cir. 2003) (citations omitted). Moreover, given the "weaker public interest in

21   nondispositive materials," the court applies the good cause standard in evaluating

22   whether to seal documents attached to a nondispositive motion. *Pintos v. Pacific*

23   *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citations omitted). Although there is a

24   strong presumption in favor of allowing public access to court records, the presumption

25   is overcome "when court records may be used to . . . release trade secrets" or other

26   sensitive information. *Kamakana*, 447 F.3d at 1179.

27        In this instance, the Court finds that the items that are requested to be sealed are

28   generally related to items that have been disclosed during discovery and are not related

directly to dispositive issues central to this case. Therefore, the Court finds that the "good cause" standard applies to the motions to seal. Moreover, the Court has reviewed each item that both Plaintiff and Defendant seeks to seal or redact from public view. Based on this review, the Court finds that each of the items that is requested to be sealed or redacted contains sensitive trade secrets, source code, and/or confidential financial information that is proprietary and the disclosure of such information would be harmful to the parties. Balancing the need for the public's access to information requested against the need to maintain the confidentiality of this information, the Court finds that good cause exists to seal the information requested by both parties in this case.

Therefore, **IT IS ORDERED** that Plaintiff's Motions to Seal, (ECF Nos. 191, 200, 207), are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 197), is also **GRANTED**.

**DATED**: _June 10, 2022_____.

_____
**UNITED STATES MAGISTRATE JUDGE**