**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Case No. 3:13-CV-00628-RCJ-CLB<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>[ECF Nos. 217, 230, 243] |

Before the Court are several motions to seal, (ECF Nos. 217, 230, 243), filed by the parties in relation to various filings submitted to the Court for decision in relation to outstanding discovery motions. Having reviewed each motion, the Court finds that motions to seal, (ECF Nos. 217, 230, 243), should be granted.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

If a party seeks to file a document under seal, there are two possible standards that may apply: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.*

at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

However, courts "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted). In making the determination, courts should consider relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets . . . ." *Foltz vs. State Farm Mut. Auto, Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Moreover, "[g]iven the 'weaker public interest in nondispositive materials,' the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion." *Snap Lock Indus., Inc. v. Swisstrax Corp.*, No. 2:17-CV-02742-RFB-BNW, 2021 WL 3082561, at *1 (D. Nev. July 21, 2021) (citations omitted). Although there is a strong presumption in favor of allowing public access to court records, the presumption is overcome "when court records may be used to . . . release trade secrets" or other sensitive information. *Kamakana*, 447 F.3d at 1179.

In this instance, the Court finds that the items that are requested to be sealed in this instance are generally related to items that have been disclosed during discovery and are not related directly to dispositive issues central to this case. Therefore, the Court finds that the "good cause" standard applies to the motions to seal at issue in this case. Moreover, the Court has reviewed each item that both the parties seek to seal or redact from public view and finds the disclosure of such information would be harmful to the parties. Balancing the need for the public's access to information requested against the need to maintain the confidentiality of this information, the Court finds that good cause exists to seal the information requested by both parties in this case.

///

///

1  Therefore, **IT IS SO ORDERED** that Motions to Seal, (ECF Nos. 217, 230, 243),
2  are **GRANTED**.
3  **DATED**: July 13, 2022  .

**UNITED STATES MAGISTRATE JUDGE**