**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

APPLICATIONS IN INTERNET TIME, LLC,

    Plaintiff,

v.

SALESFORCE, INC.,

    Defendant.

Case No. 3:13-cv-00628-RCJ-CLB

**ORDER**

On November 8, 2013, Plaintiff Applications in Internet Time, LLC ("AIT") brought this suit against Defendant Salesforce, Inc. ("Salesforce") alleging infringement of two patents that AIT owns: U.S. Patent No. 7,356,482 ("'482 patent") and U.S. Patent No. 8,484,111 ("'111 patent"). Presently before the Court is AIT's motion to strike certain portions of Salesforce's Amended Non-Infringement, Invalidity, and Unenforceability Contentions ("Amended Contentions"). (ECF No. 185.) AIT argues that a party must have good cause related to a claim construction order for each amendment to contentions made pursuant to Local Patent Rule 1-18a, but that Salesforce lacked such good cause as to certain amendments. Salesforce opposes the motion. (ECF No. 187).[1]

---

[1]     Salesforce also moves for leave to file under seal (ECF No. 188) its Exhibits C and D to its opposition. These exhibits are AIT's Amended Disclosures. Salesforce represents that the exhibits contain highly confidential Salesforce information, including confidential technical documents, source code, and other sensitive and proprietary Salesforce information. AIT has not opposed the motion for these documents to be filed under seal.

1   Salesforce included in its opposition a section titled, "The Court should Strike AIT's Amended

2   Infringement Contentions in the Alternative." (ECF No. 187 at 21-23). However, Salesforce did

3   not separately file the document as a motion to strike, as required by Local Rule IC 2-2(b). During

4   arguments, Salesforce orally moved that the Court strike AIT's amended contentions.

5       This Court holds that a party must have good cause related to the entry of the claim

6   construction order to amend its disclosures pursuant to Local Patent Rules 1-18a. Consistent with

7   LPR 1-12 and LPR 1-18a, good cause may include, but is not limited to, amendments that limit the

8   number of claims and prior art references asserted. Good cause may also arise when the claim

9   construction of the Court materially differs from that proposed by the party seeking amendment.

10      The Court grants AIT's motion, and strikes Salesforce's 21 new prior art references,

11  including new theories of anticipation or obviousness based on those newly added prior art

12  references; and its new theories of invalidity based on 35 U.S.C. § 112 as Salesforce has not shown

13  that it has good cause to make those amendments. However, given that Salesforce's opposition was

14  made without benefit of this Court's holding regarding the requirements of LPR 1-18a, the Court

15

16

17      "[T]he courts of this country recognize a general right to inspect and copy public records and
18  documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.
    589, 597 (1978) (footnote omitted). There is a strong presumption in favor of public access to filed
19  documents. *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The
    right of access, however, "is not absolute and can be overridden given sufficiently compelling
20  reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
    The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types
21  of information, including, but not limited to, trade secrets or other confidential research,
    development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th
22  Cir. 2002) (citations omitted). In making the determination, courts should consider relevant factors,
    including "the public interest in understanding the judicial process and whether disclosure of the
23  material could result in improper use of the material for scandalous or libelous purposes or
    infringement upon trade secrets . . .." *Foltz*, 331 F.3d at 1135.
24      The Court finds that it is appropriate for Exhibits C and D to be filed under seal to preclude
    unnecessary disclosure of trade secrets or confidential proprietary information of Salesforce.

2

1   will give Salesforce 14 days to file a brief with the Court whether it has good cause permitting any

2   of the stricken amendments.

3       As Salesforce first properly moved to strike AIT's amendments during oral arguments, and

4   AIT has not had an opportunity to respond, the Court will defer ruling on Salesforce's oral motion

5   to strike and will provide AIT 14 days to file a brief with the Court whether it has good cause

6   permitting any of its amendments specifically challenged by Salesforce at set forth at ECF No. 187,

7   page 16, line 21, through page 17, line 12.

8   **I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

9       The Court set forth the procedural history and factual background to this matter in its claim

10  construction order (*see* ECF No. 172 pp. 1-9).  As the parties are familiar with that history and

11  background, the Court will not repeat it in this order, but will incorporate those portions of the claim

12  construction order by reference.  The Court adds that, after full briefing, this Court held a *Markman*

13  hearing on August 23, 2021, and entered a claim construction order on November 9, 2021.  The

14  parties have represented that, following the claim construction order, they met and conferred on

15  November 16, 2021.  Following Salesforce's request to AIT for additional time, to which AIT

16  agreed, the parties served their Amended Contentions on each other on January 10, 2022.

17      As relevant to AIT's motion, Salesforce's Amended Contentions identified, *inter alia,* the

18  following 21 prior art references that were not disclosed in its initial Contentions:[2]

19          1.   U.S. Patent No. 5,933,816 to Zeanah et al.
            2.   U.S. Patent No. 5,983,268 to Freivald et al.
20          3.   U.S. Patent No. 6,249,291 to Popp et al.
            4.   U.S. Patent No. 6,490,574 to Bennett et al.
21          5.   U.S. Patent No. 5,806,071 to Balderrama et al.

22

23  [2]     AIT generated this list of 21 prior art references by comparing the prior art references that
    Salesforce disclosed in its Initial Contentions with the prior art references disclosed in its Amended
24  Contentions.  Salesforce has not disputed that the list accurately reflects prior art that Salesforce first
    disclosed in its Amended Contentions.

6. Kovacevic, "Flexible, Dynamic User Interfaces for Web-Delivered Training," Proceedings of the International Workshop on Advanced Visual Interfaces
7. El-Refai, "JAVA-Based Heterogeneous Database Interface"
8. Pizano et al., "Automatic Generation of Graphical User Interfaces for Interactive Database Applications"
9. Douglis et al., "The AT&T Internet Difference Engine: Tracking and Viewing Changes on the Web"
10. "Webwatch: Visualizing Web Page Histories and Social Monitoring Habits"
11. Glance et al., "Collaborative Document Monitoring"
12. Seydim, "Intelligent Agents: A Data Mining Perspective"
13. U.S. Patent No. 6,108,616 to Borchers et al.
14. IBM Corp., "Lotus Notes Release 4.5: A Developer's Handbook"
15. Amati et al., "A Framework for Filtering News and Managing Distributed Data"
16. Gudiva et al., "Information Retrieval on the World Wide Web"
17. Kandzia et al., "Cooperative Information Agents"
18. Menczer et al., "Scalable Web Search by Adaptive Online Agents: An InfoSpiders Case Study"
19. DATAMATION, "Java Complete!"
20. IBM Corp., Lotus Notes Release 4.5
21. ITA Software, Inc. airfare search engine

Salesforce also added 12 new claim charts articulating theories of anticipation for each of the first 12 prior art references in the above list.  Salesforce also asserted new theories of obviousness based upon the newly disclosed prior art references in combination with the previously disclosed prior art references.

Salesforce also added theories of invalidity under § 112 for the following new claim terms "the third portion of the server being configured to dynamically generate functionality and a user interface for the particular application"; "the fourth portion of the server being configured to automatically detect changes that affect the information in the first portion of the server or the information in the second portion of the server"; "a change management layer for automatically detecting changes that affect an application"; and "automatically detecting changes that affect a particular application"  Salesforce also added a new theory of indefiniteness for the previously disclosed claim term "first layer."

4

## II.  LEGAL STANDARDS

This Court has previously held that a motion to strike is the appropriate procedural mechanism to challenge amended contentions.  *Bravo Co. USA v. Badger Ordnance LLC*, No. 2:14-cv-00387-RCJ-GWF, 2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016).

Although the Court amended its Local Patent Rules ("LPR") on April 17, 2020, the following remains an accurate description of this District's policy and philosophy regarding the amending of contentions:  "The District of Nevada's Local Patent Rules, like the local patent rules for the Northern District of California, are designed to require the parties to provide 'early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1161-62 (D. Nev. 2014) ("*Silver State*") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("*O2 Micro*")). Nevada's "Local Patent Rules require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Power Probe Grp. Inc. v. Innova Elecs. Corp.*, No. 2-21-cv-00332-GMN-EJY, 2021 WL 5280651, at *1 (D. Nev. Nov. 12, 2021) (internal quotation omitted).  "In contrast to the liberal policy for amending pleadings under Rule 15, the philosophy behind amending claim charts under the Local Patent Rules is decidedly conservative[.]" *Id*. at 1162 (citation and internal punctuation omitted).

Relevant to the present motion are LPR 1-12 and LPR 1-18a.[3]  LPR 1-12 provides:

> Other than as provided in LPR 1-18a no other amendments to disclosures may be made other than as set forth herein absent a showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) material changes to the other party's contentions; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the

---

[3]      The parties have stipulated that this matter is governed by the current version of the Local Patent Rules.

1
2

> Accused Instrumentality despite earlier diligent search.  The duty to supplement discovery responses does not excuse the need to obtain leave of the court to amend contentions.

3  *Id.*  LPR 1-18a, in turn, provides:

4
5
6

> Within 14 days of a Claim Construction Order the parties are required to meet and confer in order to reasonably limit the number of claims and prior art references asserted.  Within 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include any other amendments to their disclosure at that time.

7

8  **III. DISCUSSION**

9  Following this Court's claim construction order, Salesforce timely amended its contentions

10  disclosure.  AIT seeks to strike certain amendments made by Salesforce; specifically, the new prior

11  art references, the new theories of obviousness based on those references, and the new theories of

12  invalidity under § 112.  AIT argues that Salesforce does not have good cause to add the new prior

13  art references or the new theories of invalidity.  In response, Salesforce does not argue that it has

14  good cause for these amendments.  (Salesforce does argue that 16 of the new references "respond"

15  to the claims construction order.)  Rather, Salesforce counters that, pursuant to LPR 1-18a, a party

16  does not need to have good cause to make an amendment but can make any amendment to its

17  contentions as a matter of right.

18  In support of its position, Salesforce argues that (a) LPR 1-18a is, itself, silent regarding good

19  cause, (b) LPR 1-18a expressly allows "any other amendments," (c) the committee commentary

20  relative to LPR 1-18a indicated that cases could be streamlined by having parties re-evaluate claims

21  and prior art assertions, and (d) "LPR 1-18a takes an approach similar to other jurisdictions providing

22  for an initial and post-*Markman* amended contentions as a matter of right."  ECF No. at 13-14.

23  Salesforce is correct that LPR 1-18a does not expressly require good cause for any

24  amendment to disclosures made within 30 days of the claim construction order.  The absence of an

6

express good cause requirement within the text of LPR 1-18a, however, is not dispositive whether good cause is required under LPR 1-18a.

At the outset, the Court notes that Salesforce's assertion that other jurisdictions expressly provide for an initial and final "post-*Markman*" amended disclosure of contentions *as a matter of right* is irrelevant.  This District's prior version of LPR 1-12[4] permitted the parties to amend their initial disclosures without leave of court; that is, as a matter of right.  However, the prior LPR 1-12 also required that the parties have good cause for their amendments.  As such, the question is not whether LPR 1-18a allows amendment as a matter of right.  It does.  Rather, the relevant question is whether a party must have good cause for the amendments it makes pursuant to LPR 1-18a.

The Court further notes that, contrary to Salesforce's assertion, nearly all of the other jurisdictions to which it directs the Court's attention do *not* provide for a post-*Markman* amendment of contentions as a matter of right, but instead require leave of court upon a showing of good cause.[5] The Court notes, as an example, the patent rules for the Northern District of Illinois.[6]  That court's local patent rules require disclosure of Initial Contentions subsequently followed by a disclosure of Final Contentions.  N.D. Ill. Pat. R. 2.1, 2.2, 2.3, 3.1, and 3.2.  The Final Contentions can be amended "only upon order of the Court upon a showing of good cause."  *See*, *e.g.,* N.D. Ill. Pat. R. 3.4.  That

---

[4]     Prior to the adoption of the current Local Patent Rules in April 2020, LPR 1-12 provided in relevant part that "[a]mendment of initial disclosures required by these rules may be made for good cause without leave of the court anytime before the discovery cut-off date."

[5]     The only exception identified by Salesforce is the Standing Order of Judge Albright of the Western District of Texas, who does not require leave of court to amend Final Contentions until 8 weeks after the *Markman* hearing.

[6]     In addition to the Northern District of Illinois, Salesforce also directs this Court's attention to the patent rules for Utah, the Northern District of Ohio, the Middle and Eastern Districts of North Carolina, and the Eastern and Western Districts of New York.  Each of these jurisdictions have adopted patent rules from the same model.  Accordingly, the Court will only address the rules for the Northern District of Illinois.

7

court's rules expressly recognize, as an example of good cause, "a claim construction by the Court different from that proposed by the party seeking amendment." *Id.* Thus, unlike the District of Nevada, a party seeking to amend its contentions in the Northern District of Illinois after a claim construction order must both obtain leave of court and make a showing of good cause.[7] Accordingly, the local patent rules of the other jurisdictions to which Salesforce's directs this Court's attention undermine Salesforce's argument that, pursuant to LPR 1-18a, good cause is not required to amend contentions following the entry of a claim construction order.

The Court further notes that the committee commentary regarding this District's current Local Patent Rules, upon which Salesforce relies, also undermines rather than bolsters its position. This Court's prior version of LPR 1-12 permitted the parties to amend their initial disclosures "for good cause without leave of court." As the committee noted, this rule was problematic in practice because the "parties were using this relaxed phrasing to add extra unnecessary rounds of contentions during the pre claim construction phase." The problematic "relaxed phrasing" of the prior rule was not that it required parties to have good cause for any amendment, but that parties could amend without leave of court. LPR 1-12 was revised to specifically require parties to obtain leave of court, while continuing to require good cause for any amendment. As indicated by the committee, the amendment to LPR 1-12 was "to improve efficiency and incentivize attorneys to provide more thorough disclosures."

Salesforce's proposed reading of LPR 1-18a as not requiring good cause would, instead, incentivize attorneys to provide less-than-thorough disclosures and would effectively eviscerate

---

[7] Salesforce appears to be correct that, in these jurisdictions, parties may add new prior art in their Final Contentions as a matter of right. This amendment as a matter of right, however, is irrelevant for several reasons. First, at issue is whether good cause is required, not whether the amendment can be made as of right. Second, this amendment occurs prior to the claim construction order, a procedure distinguishable from LPR 1-18a provision allowing amendment as a matter of right after the claim construction order.

LPR 1-12 and its good cause requirement.  As Salesforce acknowledged during the hearing, its interpretation of LPR 1-18a would effectively provide each party the right to reset the litigation after the claim construction order.  In the absence of a good cause requirement in LPR 1-18a, an attorney would lack any incentive to seek leave of court to amend pursuant to LPR 1-12 prior to the claim construction order.  Attorneys, including those who were less-than-diligent and less-than-thorough in make initial disclosures, could entirely avoid LPR 1-12's leave of court *and* good cause requirements by simply waiting for the claim construction order to, effectively, get a second bite at initial disclosures.

Further, if LPR 1-18a effectively provides each party with a right to reset the litigation after the claim construction order—as Salesforce suggests—this process could repeat itself several times. Each post-claim construction amendment would provide each party an opportunity to reset the litigation, leading to yet another claim construction order and yet another opportunity for each party to reset the litigation with additional post-claim construction amendments.  Rather than eliminating unnecessary rounds of pre-claim construction contentions, Salesforce's reading would introduce unnecessary rounds of post-claim construction contentions that return the litigation to the pre-claim construction phase.

Further, the lack of an earlier diligent search would not become a bar to adding new prior art until 30 days *after* the final claim construction order.  However, the committee noted that LPR 1-12 was changed "to emphasize the good cause requirement for disclosure *prior* to the Claim Construction Order."  Taken as a whole, the changes to LPR 1-12, the addition of LPR 1-18a, and the committee's commentary indicate that, as with the prior version of LPR 1-12, good cause is required for any amendment to contentions, whether leave of court is required under LPR 1-12 or leave of court is not required under LPR 1-18a.

In addition, LPR 1-12 was also modified to delete one of the provided examples of good cause: "claim construction by the court different from that proposed by the party seeking amendment."  And more importantly, the committee further noted that LPR 1-18a was added to require post claim construction amendments "in order to reduce claims and prior art references asserted."

As noted previously, Nevada's Local Patent Rules require parties to crystallize their theories of the case early.  The rules are intended to incentivize a thorough and early disclosure of contentions.  While LPR 1-18a allows amendment as a matter of right within a specific time period, a purpose of the rule is to narrow and reduce claims and prior art references.

However, the express language of LPR 1-18a requires recognizing that the goal of reducing claims and prior art references is not the *only* purpose for which LPR 1-18a permits amendments as a matter of right.  The rule expressly allows parties to "include any other amendments."  This phrase, however, cannot be read as if stated in a vacuum.  The phrase does not stand alone but rather permits amendments as a matter of right only within the 30-day period immediately after a court's claim construction order.  That is, the rule itself indicates that "any other amendments" must, at a minimum, respond to the claim construction order.  Given that LPR 1-12 was amended to delete the phrase "claim construction by the court different from that proposed by the party seeking amendment" as an example of good cause, the "any other amendments" clause most naturally refers to amendments in which it is the court's claim construction that creates good cause for an amendment.  Further, LPR 1-18a's language permitting "any other amendment" without leave of court must be read in the context of all the Local Patent Rules, particularly LPR 1-12, that suggest that good cause is required for all amendments following the disclosure of initial contentions.

Construing LPR 1-18a as requiring good cause is also consistent with this District's patent law practice.  This Court has previously observed that "[c]onsidered together, these rules [LPR 1-12

and 1-18a] require that a party amend its disclosures—to the extent those changes are based on a claim construction order—within 30 days of that order issuing." *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, No. 2-18-cv-00862-MMD-NJK, 2021 WL 201775, at *2 (D. Nev. Jan. 20, 2021). While LPR 1-18a allows parties to "amend their disclosures without seeking leave of court," *Power Probe,* 2021 WL 5280651, at *2, the rule does not excuse LPR 1-12's good cause for amendments. Rather, the rule allows for amendments without leave of the court when the claim construction order, itself, constitutes a changed circumstance indicating that party should be provided an opportunity to amend its disclosure. However, it is not the mere entry of the claim construction order that constitutes a changed circumstance. Rather, the changed circumstance must arise from the Court's claim constructions. As noted previously, one example of such changed circumstances may arise when the claim construction of the court is materially different from that proposed by the party seeking amendment. The text of LPR 1-18a also suggests another example of good cause: when the Court's claim construction (whether consistent or materially different from that proposed by a party) permits a party to limit and reduce the number of claims and prior art references. The Court does not intend these examples to be an exhaustive list, but rather indicative of circumstances that would typically constitute good cause permitting an amendment without leave of Court under LPR 1-18a.

In sum, the Court holds that a party must have good cause, related to the entry of the claim construction order, for amendments to disclosures made pursuant to LPR 1-18a.

### CONCLUSION

IT IS HEREBY ORDERED that Salesforce's Motion to Leave to File Documents under Seal (ECF No. 188) is GRANTED.

IT IS HEREBY ORDERED that Applications in Internet Time, LLC's Motion to Strike Portions of Salesforce's Amended Invalidity Contentions (ECF No. 185) is GRANTED.

IT IS FURTHER ORDERED that the following portions of Salesforce's 2022 Amended Contentions are STRICKEN: the 21 new prior art references, including new theories of anticipation or obviousness based on those newly added prior art references; and the new theories of invalidity based on 35 U.S.C. § 112.

IT IS FURTHER ORDERED that Salesforce shall have 14 days from the entry of this Order to show whether, for each stricken amendment, it has good cause related to the claim construction order and should be granted leave to re-submit the amendment.

IT IS FURTHER ORDERED that the Court defers ruling on Salesforce's Oral Motion to Strike made during the hearing on AIT's Motion to Strike.

IT IS FURTHER ORDERED that Applications in Internet Time shall have 14 days from entry of this Order to show whether, for each amendment specifically challenged by Salesforce in its opposition (ECF No. 187) to AIT's Motion to Strike, it has good cause related to the claim construction order to make each such amendment.

IT IS SO ORDERED.


Dated: July 26, 2022


_____
ROBERT C. JONES
United States District Judge