Michael A. Burke, Esq. (NSB #11527)
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington St.
Reno, NV 89503
Telephone: (775) 329-3151
Email: mburke@rssblaw.com

Mark S. Raskin, Esq. (*pro hac vice*)
Michael DeVincenzo, Esq. (*pro hac vice*)
Charles Wizenfeld, Esq. (*pro hac vice*)
Andrea Pacelli, Esq. (*pro hac vice*)
Daniel Miller, Esq. (*pro hac vice)*
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kwm.com
andrea.pacelli@us.kwm.com
charles.wizenfeld@us.kwm.com
mark.raskin@us.kwm.com
daniel.miller@us,kwm.com

Steven C. Sereboff, Esq. (*pro hac vice*)
SoCAL IP LAW GROUP LLP
1332 Anacapa, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 230-1356
Email: ssereboff@socalip.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:13-CV-00628-RCJ-CLB<br><br>**PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S MOTION TO STAY PRODUCTION OF DOCUMENTS PENDING THE COURT'S RULING ON OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL** |

LIVE 11938911v.9

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD ............................................................................................................1

III. ARGUMENT .........................................................................................................................2

    A. AIT Is Likely to Succeed on the Merits .....................................................................2

    B. AIT Will Be Irreparably Harmed Without a Stay .......................................................4

    C. Salesforce Will Not Be Harmed by a Stay ..................................................................5

    D. The Public Interest Favors a Stay ................................................................................5

IV. CONCLUSION ......................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Wellfleet Commc'ns, LLC*,
   No. 2:16-cv-02353-GMN-GWF, 2018 WL 11409850 (D. Nev. Aug. 10, 2018) ..................... 3

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 5:11-CV-01846-LHK-PSG, 2015 WL 13711858 (N.D. Cal. Apr. 7, 2015) ................. 4, 5

*Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*,
   165 F.3d 1368 (Fed. Cir. 1999) ........................................................................................... 4

*Edmiston v. Saucedo*,
   No. 3:21-cv-00245-MMD-CSD, 2022 WL 16553010 (D. Nev. Oct. 31, 2022) ..................... 2

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
   No. SA CV 19-00835-JVS, 2020 WL 7862133 (C.D. Cal. Nov. 4, 2020) ............................. 2

*Flores v. Barr*,
   977 F.3d 742 (9th Cir. 2020) ............................................................................................ 2, 5

*In re Grand Jury Investigation*,
   810 F.3d 1110 (9th Cir. 2016) ............................................................................................. 3

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) ............................................................................................. 3

*In re Grand Jury Subpoena*,
   357 F.3d at 908 ................................................................................................................... 3

*Hernandez v. Tanninen*,
   604 F.3d 1095 (9th Cir. 2010) .......................................................................................... 4, 5

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ............................................................................................................ 2

*In re Kellogg Brown & Root, Inc.*,
   756 F.3d 754 (D.C. Cir. 2014) ............................................................................................ 4

*Largan Precision Co, Ltd v. Genius Elec. Optical Co.*,
   No. 13-CV-02502-JD, 2015 WL 124557 (N.D. Cal. Jan. 8, 2015) ....................................... 3

*Linde v. Arab Bank, PLC*,
   706 F.3d 92 (2d Cir. 2013) .................................................................................................. 4

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) ............................................................................................... 1

*PlayUp, Inc. v. Mintas*,
    No. 2:21-cv-02129-GMN-NJK, 2022 WL 10967692 (D. Nev. Oct. 18, 2022) ....................... 2

*In re Symbol Techs., Inc. Sec. Litig.*,
    No. CV 05-3923(DRH) (AKT), 2015 WL 5719719 (E.D.N.Y. Sept. 29, 2015) ..................... 4

*Trustees of N. Nevada Operating Engineers Health & Welfare, Tr. Fund v. Mach 4 Const., LLC*,
    No. 3:08-CV-00578-LRH-(RAM), 2009 WL 1940087 (D. Nev. July 7, 2009) ...................... 2

*United States v. Griffin*,
    440 F.3d 1138 (9th Cir. 2006) ............................................................................................... 4

*United States v. Nobles*,
    422 U.S. 225 (1975) ............................................................................................................... 5

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ............................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................ 1, 2, 3, 5

Fed. R. Civ. P. 72(a) ..................................................................................................................... 1

LR 7-2 ............................................................................................................................................ 1

LR 26-6(c) ..................................................................................................................................... 5

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(c) and LR 7-2, Plaintiff Applications in Internet Time, LLC ("AIT") respectfully requests an order staying enforcement of the Court's Order ("Order," Dkt. 331) partially granting Defendant Salesforce, Inc.'s ("Salesforce") Motion to Compel Document Production or, in the Alternative, for *in Camera* Review ("Mot.," Dkt. 216).  AIT believes that the Order was clearly erroneous and contrary to law and has filed timely Objections to the Order pursuant to Fed. R. Civ. P. 72(a) and LR IB 3-1(a) ("Objections," Dkt. 338). Accordingly, AIT respectfully requests a brief stay of the Order limited to the time required by the Court to rule on AIT's Objections.

As explained in AIT's Objections, a stay is proper because AIT is likely to succeed on the merits.  Additionally, to require AIT to produce privileged documents before the Objections are resolved would cause irreparable harm to AIT in denying its rightful privileges and affording Salesforce unfair access to AIT's litigation strategy.  As such, enforcement of the Order would practically moot AIT's Objections regarding work product protection.  Conversely, a stay will not cause Salesforce any harm.  If AIT prevails on the Objections, a stay will prevent a disclosure which should never occur.  If instead AIT does not prevail, a stay will not affect any substantive deadlines (there are none at the time) and, at most, would cause a short delay regarding the production of a few documents, which is not a cognizable harm.  In fact, Salesforce has filed its own motion to stay the case shortly after the aforementioned Motion to Compel, further indicating that a stay would not harm its interests in the litigation. The public interest in the safeguard of work product protection also favors a stay.

Because AIT will be materially prejudiced by the compulsory participation in substantive discovery prior to the resolution of its Objections, it respectfully requests an order staying the enforcement of the Order until the Court rules on AIT's Objections.

**II.     LEGAL STANDARD**

The Court has "wide discretion in controlling discovery," including staying discovery for good cause. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In deciding whether to grant a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed

on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Trustees of N. Nevada Operating Engineers Health & Welfare, Tr. Fund v. Mach 4 Const., LLC*, No. 3:08-CV-00578-LRH-(RAM), 2009 WL 1940087, at *2 (D. Nev. July 7, 2009) (applying the same factors in addressing a stay pending appeal of a magistrate judge's nondispositive order). "Even where there has not been a showing of a strong likelihood of success on the merits, relief may be appropriate if the party seeking it demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the [party's] favor." *Flores v. Barr*, 977 F.3d 742, 748 (9th Cir. 2020).

## III.   ARGUMENT

### A.   AIT Is Likely to Succeed on the Merits

With respect to nondispositive orders entered by a magistrate judge, "the moving party must show that the magistrate judge's order is clearly erroneous or is contrary to law." *Trustees*, 2009 WL 1940087, at *1. "A magistrate judge's order is clearly erroneous if the court has a definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Edmiston v. Saucedo*, No. 3:21-cv-00245-MMD-CSD, 2022 WL 16553010, at *1 (D. Nev. Oct. 31, 2022) (citations and internal quotation marks omitted). "[C]lear error is established based on the existence of controlling legal authority. *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2022 WL 10967692, at *4 (D. Nev. Oct. 18, 2022).

First, as discussed in the Objections, the Order is clearly erroneous and contrary to law in assuming that the work product doctrine is *only* applicable to the mental impressions and opinions of litigation counsel, or materials prepared at the request or direction of counsel. It is well established that the work product of a *party*, not only of *counsel*, is protected from discovery, as long as it is prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A) (protecting from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for **another party or its representative** (including the other party's attorney, **consultant, surety,**

*indemnitor, insurer, or agent*)"); *see also Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SA CV 19-00835-JVS (DFMx), 2020 WL 7862133, at *2 (C.D. Cal. Nov. 4, 2020) ("[A]ttorney involvement is not a precondition for work-product protection, so long as the materials are created in anticipation of litigation. Indeed, by distinguishing between a party and its attorney and applying its protection to documents prepared by either group, Rule 26(b)(3) makes clear that documents prepared without attorney involvement can be protected work product.").

Second, the Order is contrary to law in failing to consider the totality of the circumstances when determining whether the documents were prepared in anticipation of litigation, which is also dictated by controlling legal authority. *See e.g., In re Grand Jury Subpoena*, 357 F.3d at 908 (the Ninth Circuit "considers the totality of the circumstances and affords protection when it can fairly be said that the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]'") (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2nd Cir. 1998)). Involvement of attorneys should be considered merely "part of the 'anticipation of litigation'" test. *Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2015 WL 124557, at *5 (N.D. Cal. Jan. 8, 2015). Here, as discussed in more details in the Objections, the disputed documents were prepared, under supervision of an attorney, as part of AIT's pre-litigation diligence in early 2012.

Third, the Order erroneously ignored **both parties'** request for *in camera* review which would have strongly evidenced that AIT's claims were concrete and real, and that the documents were prepared in furtherance of anticipated litigation against Salesforce (and not as part of some licensing campaign, as Salesforce speculates). Ninth Circuit precedent makes clear that, at least in certain cases, "a district court **must** examine the individual documents themselves" prior to compelling production of documents subject to a claim of privilege. *In re Grand Jury Investigation*, 810 F.3d 1110, 1114 (9th Cir. 2016) (remanding for district court to conduct *in camera* review to assess whether crime-fraud exception to attorney-client privilege exists); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992) (standard for crime-fraud exception "applies equally well when a party seeks *in camera* review to contest assertions of the [attorney-client] privilege"); *Acosta v. Wellfleet*

*Commc'ns, LLC*, No. 2:16-cv-02353-GMN-GWF, 2018 WL 11409850, at *8 (D. Nev. Aug. 10, 2018) ("[T]he same showing required for *in camera* review of allegedly privileged attorney-client communications should apply" to "*in camera* review of allegedly protected opinion work product."). Because the Magistrate Judge did not perform *in camera* review, the selection of four specific documents for production was by necessity arbitrary, and thus clearly erroneous.

In summary, the Order is subject to the reversal by this Court even under the "clearly erroneous or is contrary to law" standard of review.

**B.    AIT Will Be Irreparably Harmed Without a Stay**

The documents at issue have not yet been produced. If Salesforce has the opportunity to use and study the documents before AIT has had the chance to seek further review, there will be no way for Salesforce to unlearn what it has learned or disgorge any unfair advantage it would acquire in this litigation. As such, courts routinely recognize that a party's disclosure of privileged information constitutes irreparable harm. *See, e.g., Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (noting the "irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications"); *United States v. Griffin*, 440 F.3d 1138, 1142 (9th Cir. 2006) ("[I]f [Appellant] is correct in his assertion of privilege, by the time of trial he will have suffered the very harm he seeks to avoid … namely erroneous disclosure of privileged material."); *see also In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) ("[P]ost-release review of a ruling that documents are unprivileged is often inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents."); *Linde v. Arab Bank, PLC*, 706 F.3d 92, 117 (2d Cir. 2013) ("[W]here district courts have incorrectly determined that highly sensitive privileged materials are discoverable," the "harm" "is deemed irreparable."); *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) ("[P]rivileges[] such as attorney-client and work product … would be irreparably harmed if the information in question was released prior to appeal."); *Apple Inc. v. Samsung Elecs. Co.*, No. 5:11-CV-01846-LHK-PSG, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015) ("[A] stay will protect [Defendant] from the wrongful and irrevocable compelled disclosure of its privileged information[.]"). Simply put, "once such documents are

released, the proverbial bell has been rung and cannot later be unrung." *In re Symbol Techs., Inc. Sec. Litig.*, No. CV 05-3923(DRH) (AKT), 2015 WL 5719719, at *9 (E.D.N.Y. Sept. 29, 2015).

### C. Salesforce Will Not Be Harmed by a Stay

In contrast, Salesforce will suffer no harm if a stay is granted. If AIT is successful in its Objections to the Order, Salesforce will have "suffer[ed] no injury—[it] simply will not receive information to which [it is] not entitled." *Apple*, 2015 WL 13711858, at *1. Even if AIT is unsuccessful, Salesforce will not be harmed by the temporary delay. At worst, Salesforce will experience a "short delay" of the sort "occasioned by almost all interlocutory appeals," which "does not constitute substantial harm." *Id.* (citation omitted). As such, "the balance of hardships tips sharply in [AIT's] favor" and a stay should be granted. *Flores*, 977 F.3d at 748.

At the parties' meet and confer on November 29, 2022, Salesforce did not articulate any harm that would befall it if the stay with respect to the production of work product documents was granted.[1] Instead, Salesforce urged that the entire case should be stayed pursuant to its own motion filed shortly after filing its motion to compel. Dkt. 223 (filed June 15, 2022). Of course, Salesforce's claim of harm if the entire case is not stayed is not a particular harm to Salesforce that would result from the grant of AIT's limited motion to stay.

### D. The Public Interest Favors a Stay

The public interest favors a stay here. As stated by the Supreme Court, "[t]he interests of society … demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see also Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981) ("The 'strong public policy' underlying the work-product doctrine … has been substantially incorporated in Fed. R. Civ. P. 26(b)(3).") (quoting *Nobles*); *Hernandez*, 604 F.3d at 1101 (noting that an order for production of potentially privileged documents "could result in matters far beyond the scope of [documents] being disclosed, including case strategy, the strengths and weaknesses of [Appellant]'s claims…"); Fed. R. Civ. P. 26, Advisory Committee's Notes (1970

---

[1] Pursuant to LR 26-6(c), the Declaration of Andrea Pacelli filed herewith sets forth the details and results of the meet-and-confer conference about this Motion.

PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S MOTION TO STAY PENDING THE COURT'S RULING ON OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL

- 5 -

Amendment) ("[T]he requirement of a special showing for discovery of trial preparation materials reflects the view that *each side's informal evaluation of its case should be protected*, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side.") (emphasis added).

The public interest is especially weighty in this case. The Court's ruling on the scope of the work product doctrine will have ramifications beyond this litigation. It will impact a wide range of businesses, organizations, and individuals that cannot easily access or afford litigation counsel such that pre-litigation diligence is done on their own accord. The public will be served by allowing AIT to seek further review of such an important ruling, and a stay is necessary to preserve the status quo in the interim.

**IV.   CONCLUSION**

For the foregoing reasons, AIT respectfully requests this Court to enter an order staying the enforcement of the Order until its Objections have been resolved.

Dated: November 30, 2022

s/ Andrea Pacelli

Michael A. Burke, Esq.
ROBISON, SHARP, SULLIVAN & BRUST
(Resident Counsel)
71 Washington Street
Reno, Nevada 89503

Mark S. Raskin, Esq. (*pro hac vice*)
Michael DeVincenzo, Esq. (*pro hac vice*)
Charles Wizenfeld, Esq. (*pro hac vice*)
Andrea Pacelli, Esq. (*pro hac vice*)
Daniel Miller, Esq. (*pro hac vice)*
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: mark.raskin@us.kwm.com
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com
daniel.miller@us,kwm.com

Steven C. Sereboff, Esq. (*pro hac vice*)
SoCAL IP LAW GROUP LLP
1332 Anacapa, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 230-1356
Email: ssereboff@socalip.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 30, 2022 I caused the foregoing **PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S MOTION TO STAY PRODUCTION OF DOCUMENTS PENDING THE COURT'S RULING ON OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL** to be filed with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following counsel of record:

Leigh T. Goddard
lgoddard@mcdonaldcarano.com

John J. Frankovich
jfrankovich@mcdonaldcarano.com

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com

Ray R. Zado
rayzado@quinnemanuel.com

Sam S. Stake
samstake@quinnemanuel.com

*Attorneys for Defendant Salesforce, Inc.*


Dated: November 30, 2022                    *s/ Andrea Pacelli*
                                            Andrea Pacelli