# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>                                  Defendant. | Case No. 3:13-CV-00628-RCJ-CLB<br><br>**ORDER GRANTING MOTION TO STAY PRODUCTION OF DOCUMENTS RELATING TO THE COURT'S NOVEMBER 16, 2022 ORDER**<br><br>[ECF Nos. 341, 361, 364] |

This case involves a patent infringement action filed by Plaintiff Application in Internet Time, LLC ("AIT") against Defendant Salesforce, Inc. ("Salesforce"). Currently pending before the Court are three motions related to the Court's November 16, 2022 order with respect to Salesforce's motion to compel, (ECF No. 331):

(1) AIT's motion to stay production of documents pending the Court's ruling on objections to ECF No. 331, (ECF No. 341)[1];

(2) Salesforce's motion to enforce ECF No. 331 and for sanctions, (ECF No. 361); and

(3) AIT's request for status conference, (ECF No. 364).

The Court will address the motions in turn.

With respect to AIT's motion to stay, AIT requests that the Court stay its November 16, 2022 order, (ECF No. 331), partially granting Salesforce's motion to compel. (ECF No. 341.) In the order, the Court directed AIT to produce four specific documents after concluding AIT failed to meet its burden to establish that these documents are protected under the work product privilege. (ECF No. 331.) The Court also directed AIT to review of the additional documents it withheld from production based on the guidance the Court provided to the parties at the hearing and directed AIT to provide any documents that did

---

[1]   Salesforce responded to AIT's motion to stay discovery, (ECF No. 348), and AIT replied. (ECF No. 354.)

not appear to be privileged or properly withheld based on that guidance. (*Id*.) Finally, after the review was complete, the Court ordered the parties to meet and confer with respect to any outstanding issues with production in order to attempt to narrow the scope of the issues related to the documents withheld by AIT based on claims of privilege and work product protections. (*Id*.) The Court has thoroughly reviewed the filings related to AIT's motion to stay, and finds that the Court's November 16, 2022 order related to Salesforce's motion to compel should be stayed *in its entirety* pending the district court's decision on AIT's objection.

Although the Court disagrees with the many of the arguments made by AIT and disagrees that the order is clearly erroneous or contrary to law, the Court understands that reasonable minds can disagree, and the order could be overturned. If that occurs, requiring disclosure of any documents prior to the district court's opportunity to review AIT's objection may render AIT's arguments moot and could cause potential harm to AIT if the district court sustains the objection.

By contrast, Salesforce previously moved to stay this case in its entirety, (ECF No. 348), and that motion remains outstanding. Therefore, it does not appear that Salesforce would suffer any significant prejudice or harm by a short stay of the Court's November 16, 2022 order pending the district court's ruling on AIT's objection.

For these reasons, AIT's motion to stay, (ECF No. 341) is GRANTED and the Court stays its November 16, 2022 order related to Salesforce's motion to compel in its entirety pending resolution of the AIT's objection by the district court.

Based on the above, the Court DENIES Salesforce's motion to enforce the Court's November 16, 2022 order and request for sanctions, (ECF No. 361), and AIT's motion for a hearing, (ECF No. 364), as moot.

**IT IS SO ORDERED.**

**DATED**: <u>December 29, 2022</u>

_____
UNITED STATES MAGISTRATE JUDGE