UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

APPLICATIONS IN INTERNET TIME, LLC,

Plaintiff,

v.

SALESFORCE, INC.,

Defendant.

Case No. 3:13-CV-00628-RCJ-CLB

**ORDER**

Defendant Salesforce.com Inc. ("Defendant") brings a Motion to Stay Proceedings Pending Completion of an *Ex Parte* Reexamination (ECF No. 223). Application in Internet Time, LLC ("Plaintiff") opposes the Motion. Also before the Court are three motions to seal and two motions to shorten time. (ECF Nos. 225, 247, 253, 233, & 234).[1] Having considered the parties' written submissions and oral arguments, the Court memorializes its ruling from the bench and **DENIES** the Motion to Stay. (ECF No. 223).

---

[1] The parties ask the Court to seal the following pleadings: Motion to Stay (ECF No. 225), Response to the Motion to Stay (ECF No. 247), and Reply to the Response to the Motion to Stay (ECF No. 254). The Court recognizes that the public has a great interest in the documents, but the Court grants the parties' requests to seal the pleadings due to the nature of the sealed material. Additionally, the motion to shorten time is moot. (ECF No. & 234). Therefore, the Court will deny this motion as moot.

## PROCEDURAL BACKGROUND

On November 8, 2013, Plaintiff brought an action against Defendant alleging infringement of the '482 Patent and the '111 Patent. (ECF No. 1). On August 1, 2014, Defendant filed two petitions with the PTAB seeking a covered business method ("CBM") review of the patents in suit and asked this Court for a stay pending PTAB review. (ECF No. 49). On August 25, 2014, the Court granted the parties' joint stipulation to stay the case pending CBM review. (ECF No. 56). The Court lifted the stay on April 27, 2015, after the PTAB chose not to institute Defendant's petitions. (ECF No. 58).

The parties started the claim construction process, but Defendant and RPX Corporation ("RPX) filed a second motion to stay pending *inter partes* review with the PTAB on October 9, 2015, challenging the validity of the patents at issue. (ECF No. 66). The Court denied the motion to stay without prejudice because the PTAB had not yet instituted the RPX's petitions for *inter partes* review. (ECF No. 76). On March 30, 2016, Defendant renewed the motion because the PTAB had instituted RPX's petitions for *inter partes* review. (ECF No. 77). On June 14, 2016, the Court granted Salesforce's renewed motion and stayed the action. (ECF No. 82).

On December 28, 2016, the PTAB entered final written decisions (FWDs) in the inter partes review proceedings concluding that the challenged claims of the two patents at issue are unpatentable. On July 9, 2018, after Plaintiff appealed the PTAB's final written decisions, the Court of Appeals for the Federal Circuit vacated the FWDs and remanded to the PTAB. On September 7, 2018, RPX petitioned the Federal Circuit for rehearing *en banc*. On September 17, 2018, the Court conducted a status conference and ordered that the stay be kept in place.

On October 30, 2018, the Federal Circuit issued its formal mandate to the PTAB in accordance with its July 9, 2018, judgment. On April 25, 2019, with all briefing complete, the PTAB held an oral hearing on whether Defendant is a real party-in-interest or privy of RPX. A

few months later, Plaintiff filed a motion to lift the stay and expedite proceedings. (ECF No. 105). The Court denied that motion and RPX filed a motion with the Court of Appeals for the Federal Circuit to recall its October 2018 mandate to the PTAB, vacate its judgment (which itself vacated the PTAB's December 2016 decisions), and reinstate the appeal, which dates to 2017. Plaintiff opposed the RPX motion on May 28, 2020, and the following day the Federal Circuit denied RPX's motion.

The Federal Circuit decided that Defendant was a real party-in-interest to the *inter partes* reviews and that RPX's petitions were time-barred under 35 U.S.C. § 315(b). RPX moved for a rehearing and Plaintiff moved to lift the stay that the Court imposed. (ECF No. 130). The PTAB denied the rehearing and the Court lifted the stay to allow the parties to start the claim construction process. (ECF No. 145). The parties finished claim construction in 2021, but Defendant filed for *ex parte* review in May of 2022. (ECF No. 223 at 4). Subsequently, Defendant filed a Motion to Stay the proceedings pending *ex parte* review. (*Id*.)

## FACTUAL BACKGROUND

The facts of this dispute have not changed and are laid out in this Court's order regarding claim construction. (ECF No. 172); *Applications in Internet Time, LLC v. Salesforce.com, Inc*., No. 313CV00628RCJCLB, 2021 WL 5238767, at *3 (D. Nev. Nov. 9, 2021).

## LEGAL STANDARD

"The decision to grant or deny a motion to stay proceedings pending the outcome of a [patent] reexamination proceeding rests with the sound discretion of the court." *Zappos.com, Inc. v. Glob. Pat. Holdings, LLC*, No. 2:07-CV-01726-RCL-GW, 2008 WL 1840776, at *2 (D. Nev. Apr. 23, 2008) (citation omitted). Courts in this District follow the factors laid out in the local rules to determine whether to grant a stay for patent reexamination:

(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to

the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and a trial date has been set. LR 1-20. The Court considers a motion to stay for patent reexamination on a case-by-case basis, so these factors are non-exhaustive. *Id*. The Court will discuss each factor in turn.

## ANALYSIS

**1. Prejudice Faced or Clear Tactical Disadvantage**

AIT faces prejudice and a clear tactical disadvantage from staying this case. Courts find prejudice when the case has remained undecided for a significant amount of time due to previous reexaminations. *Harris Corp. v. Ruckus Wireless, Inc*., No. 6:11-cv-618-Orl-41KRS, 2014 U.S. Dist. LEXIS 184577, at *6 (M.D. Fla. Oct. 1, 2014) (finding prejudice in part because the "case [had] been pending for well over three years"). As this Court instructed the parties in 2020, this Action began in November of 2013 and "the potential for prejudice increases proportionally with the amount of delay." (ECF No. 117 at 1). At that point in time, the Court ordered the parties to submit a Joint Status Report every sixty days because "prejudice may soon outweigh the concern over parallel litigations before this Court and PTAB." (*Id*.) As of now, the delay has only gotten worse as the case has no end in sight. "Although [Plaintiff's] status as a non-practicing entity reduces the prejudice it would suffer from a stay staying a case pending [] review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *Cronos Techs., LLC v. Expedia, Inc.*, No. CV 13-1538-LPS, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (quotation and citation omitted); *Audatex N. Am. Inc. v. Mitchell Int'l Inc*., 46 F. Supp. 3d 1019, 1025 (S.D. Cal. 2014) ("Waiting for the administrative process to proceed risks prolonging the resolution of the dispute, and can result in inherent prejudice to the plaintiff.") Therefore, granting a stay and creating even more of a delay prejudices Plaintiff enough to warrant a denial of a stay.

Defendant's request for a stay would give Defendant a clear tactical advantage. "A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 2010 WL 3522327, at *2 (D.Del. Sept. 2, 2010). Defendant has requested to stay this action three times to seek examination outside this Court on the patents. (ECF Nos. 77, 66, & 223). The first two requests for a stay came in 2015 and 2016, which was at the start of litigation. (ECF Nos. 77 & 66). However, Defendant now seeks a stay almost ten years into litigation. Further dragging out this proceeding to try again at adjudicating these claims in another court creates a tactical advantage for Defendant.

On that note, Defendant tried to use this Court's claim construction process to gain a tactical advantage in this proceeding. *New Vision Gaming & Dev., Inc. v. Bally Gaming, Inc.*, No. 217CV01559APGPAL, 2018 WL 6171778, at *3 (D. Nev. Nov. 26, 2018) (finding that the defendant sought to gain an unfair advantage when it used the district court and the PTAB "to adjudicate the same invalidity issue"); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 484 (E.D. Va. 2014) ("[T]wo separate opportunities in two separate forums to challenge the validity of [a] patent does raise a concern of an unfair tactical advantage, giving [the defendant] two bites of the apple as to a central defense."). Defendant engaged in the claim construction process, waited until this Court issued a finding on the claim construction process, and then notified the Court that it would seek *ex parte* review. Defendant essentially used tactical gamesmanship to get the Court to rule on Defendant's arguments to get a leg up on the PTAB process.

The Court will not allow a stay to delay this proceeding and prejudice Plaintiff further while also providing Defendant with a tactical advantage.

**2. Simplifying Issues for Trial**

Granting a stay to allow for *ex parte* review will not simplify the issues for trial. Defendant seeks to stay the action to allow for an *ex parte* review by the PTO. However, unlike *inter partes* review, *ex parte* review does not have an estoppel effect, which means that Defendant can relitigate the same validity questions in this Court even if the PTO upholds the validity of the patents. *TPK Touch Sols., Inc v. Wintek Electro-Optics Corporation*, No. 13-CV-02218-JST, 2013 WL 5289015, at *2 (N.D. Cal. Sept. 18, 2013). "Thus, the fact that the PTO might decide an issue one way does not bar any party from arguing the contrary position in court," thereby doing nothing to simplify the issues. *Id*. In fact, it means that the parties may argue a position twice.

Defendant glosses over this distinct difference between *inter partes* and *ex parte* review and argues that the *ex parte* review could result in at least some simplification of the claims. (ECF No. 254 at 8). The Court recognizes that the claims will change if the patents fail, but the small chance that all the patents will fail drives this Court to find that the *ex parte* review will not simplify the issues. "Based on PTO statistics: (i) two thirds of reexaminations result in either cancellation of at least some claims, or amendments to the claims; (ii) 12% result in full cancellation; and (iii) just 20% result in all claims confirmed" (*Id*.) With two thirds of reexaminations resulting in cancellation of any claims and only a 12% chance that the PTO will entirely cancel claims, the Court is not convinced that the *ex parte* review will simplify the issues in any meaningful way. Moreover, the slight chance that all the claims will be simplified does not outweigh the prejudice that Plaintiffs face in waiting to adjudicate the remaining claims.

**3. Discovery Progress and Trial Date**

The Court finds for Plaintiff on this factor because discovery is essentially complete and a trial date is set. The only matter left for discovery is a dispute over an expert witness that Defendant filed a few weeks ago.

After considering the parties' arguments, both in the briefing and at the in-person

hearing, the Court denies Defendant's request for a stay. Again, it is important to note that this case has gone on for almost ten years. Staying the action is unconscionable.

## CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

IT IS HEREBY ORDERED that Defendant's Motion to Stay is **DENIED**. (ECF No. 223).

IT IS FURTHER ORDERED that the Motion to Shorten Time is **DENIED** as moot. (ECF No. & 234).

IT IS FURTHER ORDERED that the parties' motions to seal pleadings are **GRANTED** *nunc pro tunc*. (ECF Nos. 225, 247, & 253).

IT IS SO ORDERED.

Dated this 10th day of March 2023.

_____
ROBERT C. JONES
United States District Judge