UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br>v.<br>SALESFORCE, INC.,<br><br>Defendant. | Case No. 3:13-cv-00628-MMD-CLB<br><br>ORDER |

In this patent infringement action, the Court granted summary judgment in favor of Defendant Salesforce, Inc. (ECF No. 408) and subsequently granted Salesforce's motion for attorneys' fees (ECF No. 434).[1] The United States Court of Appeals for the Federal Circuit reversed and vacated in part these decisions and remanded the case to this Court. (ECF No. 450-1 ("Opinion").) Now that the Federal Circuit has issued its mandate (ECF No. 456), the Court executes it through this order, and seeks the parties' input on appropriate next steps in this case.

In its Opinion, the Federal Circuit first found that the Court erred in its construction of "automatically detecting" by "limiting the claims to require the use of one or more intelligent agents." (ECF No. 450-1 at 9.) The Federal Circuit next vacated the Court's grant of summary judgment of non-infringement and anticipation as to all asserted claims. (*Id.*; *see also id.* at 9-14.) In its anticipation analysis, the Federal Circuit also found the Court erred because it did not use its adopted 'plain and ordinary meaning' of 'changes that affect.' (*Id.* at 11-12.) The Federal Circuit further vacated the Court's grant of

---

[1]United States District Judge Robert C. Jones issued these decisions. The case was subsequently reassigned to the Court. (ECF No. 446.) The Court refers to Judge Jones and the Court interchangeably in this order.

summary judgment to Salesforce on obviousness. (*Id.* at 15.) The Federal Circuit finally reversed as moot the Court's finding that the case was exceptional under 35 U.S.C. § 285 considering its other findings summarized above and ordered the Court to provide reasons for its finding that Salesforce's requested attorneys' fees were reasonable if the Court again decides to award attorneys' fees on remand. (*Id.* at 16.)

The Opinion means that the Court must vacate some of its prior rulings and that further litigation or agreement between the parties will be required before this case can reach final resolution. And the Federal Circuit's attorneys' fees ruling—effectively vacating the Court's exceptional case finding—means that the Court's current attorneys' fees award cannot stand.[2] (ECF No. 434.) *See also Octane Fitness, LLC v. ICON Health & Fitness*, Inc., 572 U.S. 545, 553 (2014) (stating that a district court may only award attorneys' fees to the prevailing party upon conclusion of an exceptional patent case). The Court further decides to vacate the plain and ordinary construction of "changes that affect" considering the Federal Circuit's finding that the Court erred, "to the extent that the district court resolved a dispute between the parties about the proper application of the court's claim construction[.]" (ECF No. 450-1 at 12.) Since the Court faces the prospect of a new construction of "automatically detecting" anyway, it will be more judicially efficient to construe "changes that affect" from scratch as well. The Court lists below the portions of orders and orders it vacates to execute the Federal Circuit's mandate.

The Court further orders the parties to meet and confer and then file a joint status report within 15 days proposing a new case schedule and plan to bring this case to final resolution consistent with the Federal Circuit's Opinion. The Court will decide whether to set a hearing on the joint status report once it reviews it.

///

---

[2]The Court will accordingly vacate the attorneys' fees order without prejudice to either side again seeking fees if they ultimately prevail in this case. This ruling renders the Court's order denying a stay of execution of the attorneys' fees award to Salesforce (ECF No. 449) moot because there is no longer any attorneys' fees award following this order. If Plaintiff Applications in Internet Time, LLC ("AIT") has already paid the attorneys' fees award to Salesforce, Salesforce must repay it to AIT as soon as practicable, but no later than 15 days from the date of entry of this order.

It is therefore ordered that the Court vacates its constructions of the term "automatically detect" and "changes that affect…" (ECF No. 172 at 12-17) in the claim construction order.

It is further ordered that the Court's summary judgment order (ECF No. 408) is vacated.

It is further ordered that that the Court's attorneys' fees and costs order (ECF No. 434) is vacated.

The Clerk of Court is directed to update the docket accordingly.

The Clerk of Court is further directed to reopen this case.

It is further ordered that the parties must file a joint status report consistent with this order within 15 days.

DATED THIS 2nd Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE