Michael A. Burke, Esq. (NSB #11527)
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington St.
Reno, NV 89503
Telephone: (775) 329-3151
Email: mburke@rssblaw.com

Michael DeVincenzo, Esq. (*pro hac vice*)
Charles Wizenfeld, Esq. (*pro hac vice*)
Andrea Pacelli, Esq. (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com

Steven C. Sereboff, Esq. (*pro hac vice*)
SoCAL IP LAW GROUP LLP
1332 Anacapa, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 230-1356
Email: ssereboff@socalip.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC, | No. 3:13-CV-00628-MMD-CLB |
| Plaintiff, | **PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S OBJECTIONS TO DEFENDANT SALESFORCE, INC.'S BILL OF COSTS** |
| v. | |
| SALESFORCE, INC., | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 54(d)(1) and LR 54-1(c), Plaintiff Applications in Internet Time, LLC ("AIT") hereby submits its objections to Defendant Salesforce, Inc.'s ("Salesforce") Bill of Costs (ECF 475).

## II. OBJECTIONS

### A. Salesforce Is Not a "Prevailing Party" Entitled to Costs

Salesforce's request for costs should be denied because Salesforce is not a "prevailing party." Under Rule 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." However, a "prevailing party" is not simply any party that has obtained a positive result of any kind. Rather, "prevailing party status requires that a party 'received a judgment on the merits, or obtained a court-ordered consent decree.'" *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Res.*, 532 U.S. 598, 604–605 (2001)). A "dismissal without prejudice d[oes] not confer prevailing party status upon the defendant." *Id.* at 982; *see also Ignite Spirits, Inc. v. Consulting by AR, LLC*, No. 2:21-CV-1590 JCM (EJY), 2024 WL 1701212, at *2 (D. Nev. Mar. 14, 2024) ("A dismissal without prejudice … does not confer prevailing-party status upon the dismissed party under Rule 54(d)(1)."); *Lawson v. Lawson*, No. 3:14-CV-00345-LRH, 2014 WL 6389441, at *6 (D. Nev. Nov. 14, 2014) ("[I]t would be premature for the Court to award … costs because the Court has dismissed the Complaint without prejudice."); *Plush Lounge Las Vegas, LLC v. Hotspur Resorts Nevada, Inc.*, No. CV06-2626-GW(JTLX), 2008 WL 11409850, at *2 (C.D. Cal. Dec. 22, 2008) ("A dismissal without prejudice does not constitute a dismissal on the merits for the purpose of awarding costs …").

Here, the Court "dismisse[d] the action without prejudice." ECF 471 at 1. Accordingly, the Court should deny Salesforce's requests for costs.

### B. Salesforce's Request Should Be Deferred Because the Action Is Still Pending

To the extent the Court believes Salesforce is entitled to costs, AIT respectfully requests a deferral of the award of costs in view of AIT's motion for relief under Rule 17 or, in the alternative,

1  for reconsideration of the Court's order dismissing the case without prejudice.  ECF 476; *see Lasic*
2  *v. Moreno*, No. 2:05-CV-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007)
3  (deferring bill of costs "in the interests of judicial economy").  In addition, the Court has not yet
4  adjudicated Salesforce's counterclaims.  ECF 24 at 7–8.  *See Kellner v. First Unum Life Ins. Co.*,
5  589 F. Supp. 2d 291, 314 (S.D.N.Y. 2008) (dismissing without prejudice application for fees and
6  costs "because the counterclaim is still pending and additional fees may be incurred").

7       AIT recognizes that in dismissing the action without prejudice, the Court also directed the
8  Clerk to close the case.  ECF 471 at 9.  However, "[a]n order administratively closing a case is a
9  docket management tool that has no jurisdictional effect."  *Dees v. Billy*, 394 F.3d 1290, 1294 (9th
10 Cir. 2005).  Accordingly, AIT respectfully submits that the Court's instruction to close the case
11 was in error and should be withdrawn.  *See JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*,
12 No. 2:16–CV–2005 JCM (VCF), 2017 WL 3317813, at *3 n.2 (D. Nev. Aug. 2, 2017) ("This order
13 does not close the case because [Defendant] has asserted pending counterclaims."); *see also CPI*
14 *Card Group, Inc. v. Multi Packaging Solutions, Inc.*, No. 16-CV-02536-MEH, 2018 WL 3429197,
15 at *2–*3 (D. Colo. July 16, 2018) (finding pending counterclaims support jurisdiction despite
16 finding lack of initial standing).

17 **III.   CONCLUSION**

18      For the reasons discussed above, AIT respectfully submits that Salesforce is not entitled to
19 an award of costs, or in the alternative, respectfully requests that the Court defer an award of costs.

Dated: April 25, 2025 

/s/ Andrea Pacelli

Michael A. Burke, Esq.
ROBISON, SHARP, SULLIVAN & BRUST
(Resident Counsel)
71 Washington Street
Reno, Nevada 89503

Michael DeVincenzo, Esq. (*pro hac vice*)
Charles Wizenfeld, Esq. (*pro hac vice*)
Andrea Pacelli, Esq. (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com

Steven C. Sereboff, Esq. (*pro hac vice*)
SoCAL IP LAW GROUP LLP
1332 Anacapa, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 230-1356
Email: ssereboff@socalip.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 25, 2025 I caused the foregoing document to be filed with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following counsel of record:

Leigh T. Goddard
lgoddard@mcdonaldcarano.com

Philip Mannelly
pmannelly@mcdonaldcarano.com

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com

Ray R. Zado
rayzado@quinnemanuel.com

Sam S. Stake
samstake@quinnemanuel.com

James Judah
jamesjudah@quinnemanuel.com

*Attorneys for Defendant Salesforce, Inc.*

Dated: April 25, 2025                     */s/ Andrea Pacelli*
                                          Andrea Pacelli