LEIGH GODDARD, NV Bar #6315
PHILIP MANNELLY, NV Bar #14236
McDonald Carano LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lgoddard@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com

KEVIN JOHNSON (*pro hac vice*)
RAY ZADO (*pro hac vice*)
SAM STAKE (*pro hac vice*)
JAMES JUDAH (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
Email: kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com
samstake@quinnemanuel.com
jamesjudah@quinnemanuel.com

*Attorneys for Defendant Salesforce, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | No. 3:13-CV-00628-RCJ-CLB<br><br>**SALESFORCE'S RESPONSE IN SUPPORT OF ITS BILL OF COSTS** |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 54(d)(1) and LR 54-1(c), Defendant Salesforce, Inc. ("Salesforce") hereby submits its response to Plaintiff Applications in Internet Time, LLC's ("AIT") Objections (ECF 477) to Salesforce's Bill of Costs (ECF 475).

## II. ARGUMENT

### A. Salesforce Is the Prevailing Party

The parties agree that, pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." (*See* ECF 477 at 2.)  AIT argues that Salesforce is not entitled to its fees, however, because Salesforce was not the "prevailing party," as "the Court 'dismisse[d] the action without prejudice.'" *Id.*  But AIT's position is foreclosed by Federal Circuit precedent.

Salesforce is the prevailing party because the Court granted its motion to dismiss (ECF 471 at 9) and, three days later, entered judgment in Salesforce's favor (ECF 472).  The Court ordered that "Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF No. 281) is granted," "the case is dismissed, in its entirety, without prejudice," and "judgment is hereby entered accordingly, and this case is closed." (ECF 472.)  By granting Salesforce's dispositive motion in Salesforce's favor and entering judgment, the Court's order was "tantamount to a decision on the merits" and Salesforce is the prevailing party.  *Alt. Petroleum Techs. Holdings Corp v. Grimes*, 2022 WL 3718863, at *2 (D. Nev. July 25, 2022) (citing *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303-08 (Fed. Cir. 2018)).  Nothing further is required.

In *Grimes*, the district court rejected a similar argument to AIT's:  that defendant in a patent case could not "be the prevailing party because the Court's dismissal for lack of standing was without prejudice." *Id.* at *3.  To the contrary, the district court found that "Federal Circuit precedent suggests that dismissal for lack of standing should ***generally*** be without prejudice," and that "the fact the Court's dismissal of Plaintiffs' claims was without prejudice is not necessarily determinative." *Id.* (citing *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019)) (emphasis added); *see Alt. Petroleum Techs. Holdings Corp v. Grimes*, 2022 WL 225130, at *3 (D. Nev. Jan. 25, 2022) (collecting cases).  After review of similar Federal Circuit authorities, *Grimes*

held that defendant was in fact the "prevailing party because the Court dismissed Plaintiffs' case for lack of standing." *Grimes*, 2022 WL 3718863, at *3 (referencing *Raniere*); *see B.E. Tech.*, 940 F.3d 675, 679 ("[Defendant] can prevail by 'rebuffing' plaintiff's claim, irrespective of the reason for the court's decision.").[1] The court further explained that plaintiff's position was wrong because it would "elevate[] form over substance," and that, when plaintiff lacks standing, "it is only common sense that [defendant] was the prevailing party." *Id.* at *3-4 (citing *B.E. Tech*, 940 F.3d at 679 ("[T]he Court must use common sense and otherwise supporting the view that a dismissal without prejudice can still make the defendant the prevailing party.")).

So too here. Salesforce prevailed on its motion to dismiss AIT's patent claims on the basis of AIT's lack of standing. (ECF 471 at 9.) That the dismissal of AIT's patent claims was made without prejudice before judgment was entered in Salesforce's favor is of no moment—indeed, Federal Circuit precedent encourages such a result. *Grimes*, 2022 WL 225130, at *3 (collecting cases).

Moreover, Salesforce "spent time and resources rebuffing Plaintiffs' challenge. That too weighs in favor of finding [Salesforce] the prevailing party." *Grimes*, 2022 WL 3718863, at *4 (citing *Raniere*, 887 F.3d at 1306-07). The dismissal of AIT's case on the threshold issue of standing was the culmination of many years of Salesforce's efforts. The instant action was filed in **2013**, and Salesforce had to spend the better part of a decade to obtain the evidence that was uniquely within AIT's possession, custody, and control—and withheld until **2022** (just months before the close of fact discovery)—confirming what is now obvious: that AIT lacks standing to pursue its claims. Salesforce succeeded, the case has been dismissed, and Salesforce is entitled to its costs as the prevailing party. By contrast, the defendant in *Grimes* spent only two years "attempting to get Plaintiffs to show they had standing, largely unsuccessfully," which the district court found to be compelling evidence that defendant had incurred and was entitled to its fees. *Id.*

AIT's cited cases are inapposite. (ECF 477 at 2.) As discussed *supra*, under Federal Circuit

---

[1] While *Grimes* discussed "prevailing party" status in the context of fees under 35 U.S.C. § 285, the court noted that "the Federal Circuit interprets prevailing party consistently between Rule 54(d) and 35 U.S.C. § 285." *Id.* at *5 (citing *B.E. Tech*, 940 F.3d at 677) (quotations omitted).

precedent, a plaintiff's failure to establish standing for its patent claims should result in dismissal without prejudice. *Grimes*, 2022 WL 225130, at *3. In other words, this Court's dismissal without prejudice of Plaintiff's claims was customary in the context of this case. Yet none of AIT's cases address this fact—indeed, they do not involve patent claims *at all*, let alone any discussion of standing thereunder. (ECF 477 at 2); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (analyzing request for attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) for claims brought under the Individuals with Disabilities Education Act and 42 U.S.C. § 1983); *Ignite Spirits, Inc. v. Consulting by AR, LLC*, 2024 WL 1701212, at *1 (D. Nev. Mar. 14, 2024) (considering request to retax costs for state-law contract dispute); *Lawson v. Lawson*, 2014 WL 6389441, at *6 (D. Nev. Nov. 14, 2014) (analyzing attorneys' fees and costs under state-law contract and tort claims, including financial abuse of a dependent adult in probate proceeding). Other than these, AIT cites an out-of-district case that, at best, supports Salesforce, as "[t]he fact that some of the claims were dismissed without prejudice does not preclude an award of costs as to the claim upon which judgment was entered." *Plush Lounge Las Vegas, LLC v. Hotspur Resorts Nevada, Inc.*, 2008 WL 11409850, at *2 (C.D. Cal. Dec. 22, 2008) (upholding award of costs for failed antitrust claims). Salesforce should receive its costs as the prevailing party.

### B.   The Present Litigation Has Been Resolved

Alternatively, AIT requests "deferral of the award of costs in view of AIT's motion for relief under Rule 17 or, in the alternative, for reconsideration of the Court's order dismissing the case without prejudice." (ECF 477 at 2.) This argument fails for the same reasons as above—namely, the complaint has been dismissed, judgment has been entered, and the case is over except insofar as AIT has the right to an appeal. *See Gamage v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 2014 WL 4659318, at *21 (D. Nev. Sept. 15, 2014) ("judicial economy is best served by ruling on [defendant's fees and costs] motion now," shortly following a dispositive ruling on the merits; awarding fees), *aff'd in relevant part*, 647 Fed. Appx. 787 (9th Cir. 2016). That AIT seeks to relitigate this Court's order is not a legally cognizable basis to strip that order of its logical conclusion: Salesforce is entitled to its costs for the case it won.

AIT attempts an end run around the disposition of the case by suggesting that "[a]n order

administratively closing a case is a docket management tool that has no jurisdictional effect." (ECF 477 at 3 (citing *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005))). However, here the Court heard, considered, and dismissed AIT's case on the merits and ordered **judgment** be entered in Salesforce's favor. (ECF 471 at 9 ("The Clerk of Court is directed to enter judgment accordingly ***and*** close this case." (emphasis added))); *see* Fed. R. Civ. P. 58(a) ("Every judgment … must be set out in a separate document."); (ECF 472). That is not a mere administrative or "docket management tool." The authority relied upon by AIT is irrelevant. In *Dees*, the district court stayed a medical malpractice action, compelled arbitration, and administratively closed the case pending the resolution of that arbitration to manage its docket. *Dees*, 394 F.3d at 1294. The case has nothing to say about the entry of judgment following a district court's dispositive merits decision, which is what happened here.

      Finally, AIT cites a decision from the Southern District of New York to suggest that Salesforce cannot obtain its costs because "the Court has not yet adjudicated Salesforce's counterclaims." (ECF 477 at 3 (citing *Kellner v. First Unum Life Ins. Co.*, 589 F. Supp. 2d 291, 314 (S.D.N.Y. 2008)). But *Kellner* is inapposite for several reasons, primarily that it discussed attorneys' fees based on a claim that survived the pending motions for summary judgment (an ERISA counterclaim for monetary compensation based on the termination of plaintiff's long term disability benefits). Here, to the contrary, Salesforce's counterclaims, all of which seek declaratory relief against AIT concerning its patent claims (ECF 24 at 7-8), have been resolved by the Court's order dismissing AIT's case for lack of standing. (*See* ECF 871 at 9); *see also San Diego Cnty. Credit Union v. Citizens Eq. First Credit Union*, 65 F.4th 1012, 1036 (9th Cir. 2023) (affirming district court's *sua sponte* dismissal without prejudice of "counterclaim for lack of statutory subject matter jurisdiction" following order on defendant's dispositive motion that the Court lacked subject matter jurisdiction).[2] Put simply, there is no basis to defer ruling on Salesforce's costs because the

---

[2] This conclusion is obvious from the Court's order that "ownership of the Patents-in-Suit transferred to [third party] Nelson in 2006" so AIT lacks standing to pursue its claims. (ECF 871 at 8.) Salesforce's declaratory judgment counterclaims were brought solely against AIT and have been resolved by the Court's order.

case is over.  None of AIT's other cited cases addresses the facts of this case.

        **C.**        **Salesforce Requests Properly Taxable Costs**

AIT does not challenge the reasonableness of Salesforce's properly taxable costs.  This waiver is substantial, as "[t]he losing party has the burden of showing why the court should disallow requested costs."  *Lawson v. Lawson*, 2016 WL 1171010, at *8 (D. Nev. Mar. 24, 2016), *aff'd*, 728 F. App'x 756 (9th Cir. 2018).  Salesforce plainly met its burden under both the federal and local rules by filing an affidavit (ECF 475-1) and itemized invoices of its costs (ECF 475-2), which "distinctly set forth each item so that its nature can be readily understood."  *See* LR 54-1(b); *U.S. Equal Emp. Opportunity Comm'n v. GNLV Corp.*, 2010 WL 11538048, at *2 (D. Nev. May 24, 2010) (finding an "attached itemization[] of its costs" complaint with LR 54-1).

**III.**        **CONCLUSION**

For the reasons discussed above, Salesforce respectfully requests the clerk enter an award of costs to Salesforce in the amount of $44,261.70 as detailed in its Bill of Costs (ECF 475), which are not disputed in substance by AIT.

DATED: May 2, 2025        Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Ray Zado

Ray Zado
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
rayzado@quinnemanuel.com

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of Quinn Emanuel Urquhart & Sullivan LLP and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system. A copy will be served via email upon the following:

| | |
|---|---|
| Michael A. Burke<br>*mburke@rssblaw.com* | Andrea Pacelli<br>Mark S. Raskin<br>Michael De Vincenzo<br>Elizabeth Long<br>*andrea.pacelli@us.kwm.com*<br>*mark.raskin@us.kwm.com*<br>*michael.devincenzo@us.kwm.com*<br>*elizabeth.long@us.kwm.com* |
| Steven C. Sereboff<br>*ssereboff@socalip.com* | |

DATED: May 2, 2025

                                         /s/ *Dylan Byrd*
                                         Dylan Byrd