UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| APPLICATIONS IN INTERNET TIME, LLC, | Case No. 3:13-cv-00628-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SALESFORCE, INC., | |
| Defendant. | |

**I.   SUMMARY**

This patent infringement action spanned over a decade, including appellate proceedings before the United States Court of Apeals for the Federal Circuit. (ECF Nos. 450, 455, 456 (Federal Circuit orders).) Following remand, the Court reinstated Defendant Salesforce, Inc.'s motion challenging Plaintiff Applications in Internet Time, LLC's standing (ECF No. 281). After holding oral argument (ECF No. 469 ("the Hearing")), the Court granted the motion, dismissing this action without prejudice on the basis that Plaintiff lacked constitutional standing at the time it filed this case. (ECF No. 471 ("Dismissal Order")[1].) Before the Court is Plaintiff's motion for reconsideration. (ECF No. 476 ("Motion")[2].) Because the Motion raises arguments that could have been raised in

---

[1] The Dismissal Order granted Defendant's motion to dismiss and directed the Clerk of Court to enter judgment accordingly and close the case. (ECF No. 471.) However, as Plaintiff points out in its Motion, Defendant's counterclaims are still pending. (ECF No. 476 at 2.) Accordingly, the Court erred in directing entry of final judgment and case closure. The Court will order that this case be reopened.

[2] Defendant filed a response (ECF No. 479) and Plaintiff filed a reply (ECF No. 480). The Court denies Plaintiff's request for oral argument because it finds oral argument to be unnecessary. *See* LR 78-2 ("All motions may be considered and decided with or without a hearing.").

opposition to the motion to dismiss and rehashes arguments that were already raised, and for the reasons further explained below, the Court denies the Motion.

## II.  DISCUSSION[3]

Plaintiff asserts three arguments in seeking relief from the Dismissal Order, contending that (1) the Court should modify the Dismissal Order under Fed. R. Civ. P. 17(a)(3); (2) the Court should reform the 2006 Agreement for Sale to correct any mistaken assignment of the Patents-in-Suit to Beverly Nelson; or (3) the Court should reconsider its finding that ASI no longer had exclusionary rights to the Patents-in-Suits in 2006 because of the sale of the 2002 Letter Agreement to Nelson, rendering ASI's assignment of the Patents-in-Suits to Plaintiff in September 2012 null and void. (ECF No. 476.) Defendant responds that these arguments are legally infirm and do not provide a valid reason for reconsideration. The Court agrees with Defendant.

As a preliminary matter, Plaintiff presents its first two arguments independently from its request that the Court reconsider the Dismissal Order.[4] Here, Plaintiff asks for relief under Rule 17(a)(3) based on Nelson's ratification of this action, and then asks the Court to reform the 2006 Agreement for sale to "align the Agreement with the parties' true intent." (ECF No. 476 at 6-8.) But procedurally, Plaintiff's claims have been dismissed, so these forms of relief are no longer available unless the Court grants Plaintiff's request for reconsideration and then considers these two arguments. Accordingly, the Court addresses Plaintiff's arguments in the context of the relevant procedural posture, where Plaintiff's claims have all been dismissed and only Defendant's counterclaims remain. The Court begins with the procedural rules under which Plaintiff seeks reconsideration of the Dismissal Order.

///

---

[3] The Court incorporates the facts discussed in the background section of the Dismissal Order (ECF No. 471), including the terms defined in that order.

[4] As Defendant points out, Plaintiff did not reference the procedural rules governing it Motion until it discusses its third ground, relating to reconsideration of the Dismissal Order. (ECF Nos. 479 at 16, 480 at 6-7.)

2

In its reply, Plaintiff clarifies that it is seeking reconsideration under Federal Rules of Civil Procedure 59 and 60, although Plaintiff does not identify which specific provision of each rule applies. (ECF No. 480 at 6.) Reconsideration under Rule 59(e) is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[5] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (addressing the standard for reconsideration under Rule 59(e)). But Plaintiff does not argue that it meets any of these grounds.[6] Regardless, Plaintiff acknowledges that in seeking reconsideration, it must offer "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." (ECF No. 476 at 15 (citing *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)).)

Plaintiff asks for equitable relief under Rule 17(a)(3) and under California state law doctrine of contract reformation. But these arguments could have been raised in connection with Plaintiff's opposition to the motion to dismiss. Plaintiff did not offer Nelson's declaration to contend that she has authorized Plaintiff to continue the litigation (as relevant to relief under Rule 17(a)(3)), nor did Plaintiff ask the Court to reform the 2006 Agreement for Sale during proceedings relating to Defendant's dismissal motion. Because Plaintiff failed to raise these arguments during the briefing on that prior motion or at the Hearing, the Court declines to consider Plaintiff's request for equitable relief. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992) (noting that a district court may

---

[5] Plaintiff recites this standard in its Motion, so Plaintiff appears to be seeking relief under Rule 59(e). (ECF No. 476 at 16.)

[6] Plaintiff offers Nelson's declaration to show she "has ratified the litigation, authorized continuation of this action, and agrees to be bound by the lawsuit's results." (ECF Nos. 476 at 9, 476-1.) However, Plaintiff does not appear to contend that Nelson's declaration qualifies as "newly discovered evidence" under Rule 59(e). Nor could the declaration be considered "newly discovered evidence," as Defendant points out. (ECF No. 479 at 18-19.) Moreover, reconsideration is not justified where new evidence could have been discovered prior to the court's ruling. *See Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992).

decline to consider claims and issues that were not raised until a motion for reconsideration), *impliedly overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003). Indeed, it is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *See Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).

Moreover, even if the Court considers these newly-raised equitable arguments, the Court agrees with Defendant that these two grounds cannot cure the absence of constitutional standing at the inception of the lawsuit. Rule 17(a)(3) provides, in pertinent part, that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify [or] join" the action. A party may cure a defect in prudential standing under Rule 17. *See Dunmore v. United* States, 358 F.3d 1107, 1112 (9th Cir. 2004) (noting that a plaintiff had constitutional standing, but lacked prudential standing, which he could cure under Rule 17(a) by obtaining the real party in interest's ratification). Where, as here, the action involves patent infringement, the Federal Circuit has recently addressed the distinction between constitutional standing—"the irreducible constitutional minimum of an injury in fact" requiring the party asserting infringement to show "exclusionary rights" to the patent—and statutory standing—requiring the party asserting infringement to show its "legal interest" in the patent satisfies "the 'patentee' requirement set out in 35 U.S.C. § 281. *See Intellectual Tech LLC v. Zebra Tech. Corp.* 101 F.4th 807, 814 (Fed. Cir. 2024). The Federal Circuit observed that prior case law "had improperly melded the injury-in-fact inquiry with the § 281 inquiry—often performing a combined analysis of the two simultaneously," but that the "distinction is critical." *Id.* "Article III standing is a jurisdictional requirement, which is incurable if absent at the initiation of suit." *Id. (*citation omitted). Statutory standing "on the other hand, is not jurisdictional and a defect is curable by joinder." *Id.* Plaintiff's attempt to distinguish *Intellectual Tech*'s holding, arguing that the Federal Circuit did not "mention[] the equitable

4

remedies of Rule 17 and contract formation" (ECF No. 480 at 10), is not persuasive. The lack of Article III standing here "is incurable" because the Court found Plaintiff did not have exclusionary rights to the Patents-in-Suit at the inception of the lawsuit.

As to Plaintiff's second argument seeking contract reformation, the Court again agrees with Defendant that the Court cannot reform the 2006 Agreement for Sale when the Court dismissed Plaintiff's claims for lack of constitutional standing. (ECF No. 479 at 10-1 (citing *N. Star Alaska v. United States*, 14 F.3d 36, 37-38 (9th Cir. 1994)).) Moreover, Plaintiff's argument is grounded on the assumption that the 2006 Agreement for Sale contains a mistake and should be reformed "to align the Agreement with the parties' true intent." (ECF No. 475 at 13-14.) But the Court found that the two agreements at issue—the 2002 Letter Agreement and the 2006 Agreement for Sale—"are unambiguous" and declined to consider Plaintiff's arguments as to Nelson and Sturgeon's intent. (ECF No. 471 at 8.)

Finally, as to Plaintiff's third argument explicitly seeking reconsideration of the Dismissal Order, Plaintiff in gist argues that the Court erred in finding that the 2006 Agreement for Sale transferred the "ASI Assets" (including the Patents-in-Suit) included in the 2002 Letter Agreement to Nelson. (ECF No. 476 at 16-22.) Here, Plaintiff acknowledges that "a motion for reconsideration is not an avenue to relitigate the same issues and arguments." (*Id.* at 16 (citing *Brown v. Kinross Gold*, *U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)).) But Plaintiff then goes on to rehash arguments it raised in opposition to the motion to dismiss.[7] For example, Plaintiff argues the 2006 Agreement for Sale did not convey a present assignment of the Patents-in-Suit. (ECF No. 476 at 18-19, 21-22.) Plaintiff previously asserted that argument in its opposition to the motion to dismiss. (ECF No. 306-2 at 22-26.) As another example, Plaintiff further discusses the

---

[7]Plaintiff insists that the Court incorrectly shifted the burden of proof to Plaintiff in finding that it failed to meet its burden. (ECF No. 476 at 16-17.) But it is well established—as the Court stated in the Dismissal Order—that Plaintiff bears the burden of establishing its standing to bring the action. (ECF No. 471 at 3 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)) ("As with other jurisdictional requirements, "[t]he party invoking federal jurisdiction, [here AIT], bears the burden of establishing [the constitutional minimum of standing].").)

effect of Section A of the 2002 Letter Agreement, arguing that Nelson could "modify" or "terminate" the provisions specifying the assets to be transferred. (ECF No. 476 at 20-21.) But again, Plaintiff advanced the same argument in opposition to dismissal. (ECF No. 306-2 at 25.) The Court accordingly declines Plaintiff's invitation to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

### III.     CONCLUSION

The Court notes that the parties cited several cases and made several arguments not discussed above. The Court did not address these cases and arguments because they do not materially affect the Court's resolution of the Motion.

It is therefore ordered Plaintiff's motion for reconsideration (ECF No. 476) is denied.

The Clerk of Court is further directed to reopen this case and vacate the final judgment (ECF No. 472) because Defendant's counterclaims have not been fully adjudicated.

It is further ordered that the parties file a joint status report within 14 days as to the steps needed to bring Defendant's counterclaims to final resolution.

DATED THIS 21st Day of July 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE